**SUM-100**

# SUM. ONS
## (CITACION JUDICIAL)

FOR COURT USE ONLY
*(SOLO PARA USO DE LA CORTE)*

ORIGINAL FILED

JUN 29 2012

LOS A... ...ES
SUPERIOR COURT

**NOTICE TO DEFENDANT:** WHIRLPOOL CORPORATION, a business
*(AVISO AL DEMANDADO):* entity of unknown form; MAYTAG
CORPORATION, a business entity of unknown form; MAYTAG SALES, INC.,
a business entity of unknown form; BEST BUY CO., INC., a business entity of
unknown form; BEST BUY, a business entity of unknown form; and DOES 1
through 100, inclusive

**YOU ARE BEING SUED BY PLAINTIFF:** LAURA TAYLOR, an Individual
*(LO ESTÁ DEMANDANDO EL DEMANDANTE):*

**NOTICE!** You have been sued. The court may decide against you without your being heard unless you respond within 30 days. Read the information below.

You have 30 CALENDAR DAYS after this summons and legal papers are served on you to file a written response at this court and have a copy served on the plaintiff. A letter or phone call will not protect you. Your written response must be in proper legal form if you want the court to hear your case. There may be a court form that you can use for your response. You can find these court forms and more information at the California Courts Online Self-Help Center (www.courtinfo.ca.gov/selfhelp), your county law library, or the courthouse nearest you. If you cannot pay the filing fee, ask the court clerk for a fee waiver form. If you do not file your response on time, you may lose the case by default, and your wages, money, and property may be taken without further warning from the court.

There are other legal requirements. You may want to call an attorney right away. If you do not know an attorney, you may want to call an attorney referral service. If you cannot afford an attorney, you may be eligible for free legal services from a nonprofit legal services program. You can locate these nonprofit groups at the California Legal Services Web site (www.lawhelpcalifornia.org), the California Courts Online Self-Help Center (www.courtinfo.ca.gov/selfhelp), or by contacting your local court or county bar association. NOTE: The court has a statutory lien for waived fees and costs on any settlement or arbitration award of $10,000 or more in a civil case. The court's lien must be paid before the court will dismiss the case.

*¡AVISO! Lo han demandado. Si no responde dentro de 30 días, la corte puede decidir en su contra sin escuchar su versión. Lea la información a continuación.*

*Tiene 30 DÍAS DE CALENDARIO después de que le entreguen esta citación y papeles legales para presentar una respuesta por escrito en esta corte y hacer que se entregue una copia al demandante. Una carta o una llamada telefónica no lo protegen. Su respuesta por escrito tiene que estar en formato legal correcto si desea que procesen su caso en la corte. Es posible que haya un formulario que usted pueda usar para su respuesta. Puede encontrar estos formularios de la corte y más información en el Centro de Ayuda de las Cortes de California (www.sucorte.ca.gov), en la biblioteca de leyes de su condado o en la corte que le quede más cerca. Si no puede pagar la cuota de presentación, pida al secretario de la corte que le dé un formulario de exención de pago de cuotas. Si no presenta su respuesta a tiempo, puede perder el caso por incumplimiento y la corte le podrá quitar su sueldo, dinero y bienes sin más advertencia.*

*Hay otros requisitos legales. Es recomendable que llame a un abogado inmediatamente. Si no conoce a un abogado, puede llamar a un servicio de remisión a abogados. Si no puede pagar a un abogado, es posible que cumpla con los requisitos para obtener servicios legales gratuitos de un programa de servicios legales sin fines de lucro. Puede encontrar estos grupos sin fines de lucro en el sitio web de California Legal Services, (www.lawhelpcalifornia.org), en el Centro de Ayuda de las Cortes de California, (www.sucorte.ca.gov) o poniéndose en contacto con la corte o el colegio de abogados locales. AVISO: Por ley, la corte tiene derecho a reclamar las cuotas y los costos exentos por imponer un gravamen sobre cualquier recuperación de $10,000 ó más de valor recibida mediante un acuerdo o una concesión de arbitraje en un caso de derecho civil. Tiene que pagar el gravamen de la corte antes de que la corte pueda desechar el caso.*

| | |
|---|---|
| The name and address of the court is:<br>*(El nombre y dirección de la corte es):*<br>LOS ANGELES SUPERIOR COURT - UNLIMITED<br>300 E. Walnut Street<br>Pasadena, CA 91101<br>NORTHEAST DISTRICT | **CASE NUMBER:**<br>*(Número del Caso)*<br>G C 0 4 9 7 2 7 |

The name, address, and telephone number of plaintiff's attorney, or plaintiff without an attorney, is:
*(El nombre, la dirección y el número de teléfono del abogado del demandante, o del demandante que no tiene abogado, es):*

Paul S. Zuckerman, Esq. (SBN 15539)          (310) 273-1230
John C. Carpenter, Esq. (SBN 155610)
CARPENTER, ZUCKERMAN & ROWLEY, LLP
8827 West Olympic Boulevard
Beverly Hills, CA 90211

DATE: JUN 2 9 2012   JOHN A. CLARKE   Clerk, by **DAWN MOORE-RILEY**, Deputy
*(Fecha)*                          *(Secretario)*                          *(Adjunto)*

*(For proof of service of this summons, use Proof of Service of Summons (form POS-010).)*
*(Para prueba de entrega de esta citación use el formulario Proof of Service of Summons, (POS-010)).*

**NOTICE TO THE PERSON SERVED:** You are served

1. ☐ as an individual defendant.
2. ☐ as the person sued under the fictitious name of *(specify):*
3. ☒ on behalf of *(specify):* WHIRLPOOL   CORPORATION

   under: ☒ CCP 416.10 (corporation)          ☐ CCP 416.60 (minor)
          ☐ CCP 416.20 (defunct corporation)  ☐ CCP 416.70 (conservatee)
          ☐ CCP 416.40 (association or partnership)  ☐ CCP 416.90 (authorized person)
          ☐ other *(specify):*
4. ☐ by personal delivery on *(date):*

[SEAL]

Page 1 of 1

Form Adopted for Mandatory Use
Judicial Council of California
SUM-100 [Rev. July 1, 2009]

**SUMMONS**

Code of Civil Procedure §§ 412.20, 465


Legal Solutions ℗ Plus

EXHIBIT *A* PAGE *1*

**SUM. ONS**
*(CITACION JUDICIAL)*

SUM-100

FOR COURT USE ONLY
*(SOLO PARA USO DE LA CORTE)*

L...NAL FILED

...CO 2012

L... ...
SUPERIOR COURT

**NOTICE TO DEFENDANT:** WHIRLPOOL CORPORATION, a business
*(AVISO AL DEMANDADO):* entity of unknown form; MAYTAG
CORPORATION, a business entity of unknown form; MAYTAG SALES, INC.,
a business entity of unknown form; BEST BUY CO., INC., a business entity of
unknown form; BEST BUY, a business entity of unknown form; and DOES 1
through 100, inclusive

**YOU ARE BEING SUED BY PLAINTIFF:** LAURA TAYLOR, an Individual
*(LO ESTÁ DEMANDANDO EL DEMANDANTE):*

NOTICE! You have been sued. The court may decide against you without your being heard unless you respond within 30 days. Read the information below.

You have 30 CALENDAR DAYS after this summons and legal papers are served on you to file a written response at this court and have a copy served on the plaintiff. A letter or phone call will not protect you. Your written response must be in proper legal form if you want the court to hear your case. There may be a court form that you can use for your response. You can find these court forms and more information at the California Courts Online Self-Help Center (www.courtinfo.ca.gov/selfhelp), your county law library, or the courthouse nearest you. If you cannot pay the filing fee, ask the court clerk for a fee waiver form. If you do not file your response on time, you may lose the case by default, and your wages, money, and property may be taken without further warning from the court.

There are other legal requirements. You may want to call an attorney right away. If you do not know an attorney, you may want to call an attorney referral service. If you cannot afford an attorney, you may be eligible for free legal services from a nonprofit legal services program. You can locate these nonprofit groups at the California Legal Services Web site (www.lawhelpcalifornia.org), the California Courts Online Self-Help Center (www.courtinfo.ca.gov/selfhelp), or by contacting your local court or county bar association. NOTE: The court has a statutory lien for waived fees and costs on any settlement or arbitration award of $10,000 or more in a civil case. The court's lien must be paid before the court will dismiss the case.

¡AVISO! Lo han demandado. Si no responde dentro de 30 días, la corte puede decidir en su contra sin escuchar su versión. Lea la información a continuación.

Tiene 30 DÍAS DE CALENDARIO después de que le entreguen esta citación y papeles legales para presentar una respuesta por escrito en esta corte y hacer que se entregue una copia al demandante. Una carta o una llamada telefónica no lo protegen. Su respuesta por escrito tiene que estar en formato legal correcto si desea que procesen su caso en la corte. Es posible que haya un formulario que usted pueda usar para su respuesta. Puede encontrar estos formularios de la corte y más información en el Centro de Ayuda de las Cortes de California (www.sucorte.ca.gov), en la biblioteca de leyes de su condado o en la corte que le quede más cerca. Si no puede pagar la cuota de presentación, pida al secretario de la corte que le dé un formulario de exención de pago de cuotas. Si no presenta su respuesta a tiempo, puede perder el caso por incumplimiento y la corte le podrá quitar su sueldo, dinero y bienes sin más advertencia.

Hay otros requisitos legales. Es recomendable que llame a un abogado inmediatamente. Si no conoce a un abogado, puede llamar a un servicio de remisión a abogados. Si no puede pagar a un abogado, es posible que cumpla con los requisitos para obtener servicios legales gratuitos de un programa de servicios legales sin fines de lucro. Puede encontrar estos grupos sin fines de lucro en el sitio web de California Legal Services, (www.lawhelpcalifornia.org), en el Centro de Ayuda de las Cortes de California, (www.sucorte.ca.gov) o poniéndose en contacto con la corte o el colegio de abogados locales. AVISO: Por ley, la corte tiene derecho a reclamar las cuotas y los costos exentos por imponer un gravamen sobre cualquier recuperación de $10,000 ó más de valor recibida mediante un acuerdo o una concesión de arbitraje en un caso de derecho civil. Tiene que pagar el gravamen de la corte antes de que la corte pueda desechar el caso.

| | |
|---|---|
| The name and address of the court is:<br>*(El nombre y dirección de la corte es):*<br>LOS ANGELES SUPERIOR COURT - UNLIMITED<br>300 E. Walnut Street<br>Pasadena, CA 91101<br>NORTHEAST DISTRICT | CASE NUMBER:<br>*[Número del Caso]:*  G C 0 4 9 7 2 7 |

The name, address, and telephone number of plaintiff's attorney, or plaintiff without an attorney, is:
*(El nombre, la dirección y el número de teléfono del abogado del demandante, o del demandante que no tiene abogado, es):*

Paul S. Zuckerman, Esq. (SBN 15539)                    (310) 273-1230
John C. Carpenter, Esq. (SBN 155610)
CARPENTER, ZUCKERMAN & ROWLEY, LLP
8827 West Olympic Boulevard
DATE: Beverly Hills, CA 90211                 Clerk, by  DAWN MOORE-RILEY , Deputy
*(Fecha)*   JUN 28 2012   JOHN A. CLARKE   *(Secretario)*   *(Adjunto)*

*(For proof of service of this summons, use Proof of Service of Summons (form POS-010).)*
*(Para prueba de entrega de esta citación use el formulario Proof of Service of Summons, (POS-010)).*

**NOTICE TO THE PERSON SERVED:** You are served

[SEAL]

1. ☐ as an individual defendant.
2. ☐ as the person sued under the fictitious name of *(specify):*
3. ☒ on behalf of *(specify):* MAYTAG SALES, INC.

   under: ☒ CCP 416.10 (corporation)        ☐ CCP 416.60 (minor)
   ☐ CCP 416.20 (defunct corporation)       ☐ CCP 416.70 (conservatee)
   ☐ CCP 416.40 (association or partnership) ☐ CCP 416.90 (authorized person)
   ☐ other *(specify):*
4. ☐ by personal delivery on *(date):*

Page 1 of 1

Form Adopted for Mandatory Use
Judicial Council of California
SUM-100 [Rev. July 1, 2009]

**SUMMONS**

Legal Solutions Plus

Code of Civil Procedure §§ 412.20, 465

EXHIBIT *A* PAGE *2*

# SUMMONS
## (CITACION JUDICIAL)

**SUM-100**

<table>
<tr><td>

**NOTICE TO DEFENDANT:** WHIRLPOOL CORPORATION, a business
*(AVISO AL DEMANDADO):* entity of unknown form; MAYTAG
CORPORATION, a business entity of unknown form; MAYTAG SALES, INC.,
a business entity of unknown form; BEST BUY CO., INC., a business entity of
unknown form; BEST BUY, a business entity of unknown form; and DOES 1
through 100, inclusive

**YOU ARE BEING SUED BY PLAINTIFF:** LAURA TAYLOR, an Individual
*(LO ESTÁ DEMANDANDO EL DEMANDANTE):*

</td><td>

FOR COURT USE ONLY
*(SOLO PARA USO DE LA CORTE)*

ORIGINAL FILED

JUN 28 2012

LOS ANGELES
SUPERIOR COURT

</td></tr>
</table>

**NOTICE!** You have been sued. The court may decide against you without your being heard unless you respond within 30 days. Read the information below.

You have 30 CALENDAR DAYS after this summons and legal papers are served on you to file a written response at this court and have a copy served on the plaintiff. A letter or phone call will not protect you. Your written response must be in proper legal form if you want the court to hear your case. There may be a court form that you can use for your response. You can find these court forms and more information at the California Courts Online Self-Help Center (www.courtinfo.ca.gov/selfhelp), your county law library, or the courthouse nearest you. If you cannot pay the filing fee, ask the court clerk for a fee waiver form. If you do not file your response on time, you may lose the case by default, and your wages, money, and property may be taken without further warning from the court.

There are other legal requirements. You may want to call an attorney right away. If you do not know an attorney, you may want to call an attorney referral service. If you cannot afford an attorney, you may be eligible for free legal services from a nonprofit legal services program. You can locate these nonprofit groups at the California Legal Services Web site (www.lawhelpcalifornia.org), the California Courts Online Self-Help Center (www.courtinfo.ca.gov/selfhelp), or by contacting your local court or county bar association. NOTE: The court has a statutory lien for waived fees and costs on any settlement or arbitration award of $10,000 or more in a civil case. The court's lien must be paid before the court will dismiss the case.

*¡AVISO! Lo han demandado. Si no responde dentro de 30 días, la corte puede decidir en su contra sin escuchar su versión. Lea la información a continuación.*

*Tiene 30 DÍAS DE CALENDARIO después de que le entreguen esta citación y papeles legales para presentar una respuesta por escrito en esta corte y hacer que se entregue una copia al demandante. Una carta o una llamada telefónica no lo protegen. Su respuesta por escrito tiene que estar en formato legal correcto si desea que procesen su caso en la corte. Es posible que haya un formulario que usted pueda usar para su respuesta. Puede encontrar estos formularios de la corte y más información en el Centro de Ayuda de las Cortes de California (www.sucorte.ca.gov), en la biblioteca de leyes de su condado o en la corte que le quede más cerca. Si no puede pagar la cuota de presentación, pida al secretario de la corte que le dé un formulario de exención de pago de cuotas. Si no presenta su respuesta a tiempo, puede perder el caso por incumplimiento y la corte le podrá quitar su sueldo, dinero y bienes sin más advertencia.*

*Hay otros requisitos legales. Es recomendable que llame a un abogado inmediatamente. Si no conoce a un abogado, puede llamar a un servicio de remisión a abogados. Si no puede pagar a un abogado, es posible que cumpla con los requisitos para obtener servicios legales gratuitos de un programa de servicios legales sin fines de lucro. Puede encontrar estos grupos sin fines de lucro en el sitio web de California Legal Services, (www.lawhelpcalifornia.org), en el Centro de Ayuda de las Cortes de California, (www.sucorte.ca.gov) o poniéndose en contacto con la corte o el colegio de abogados locales. AVISO: Por ley, la corte tiene derecho a reclamar las cuotas y los costos exentos por imponer un gravamen sobre cualquier recuperación de $10,000 ó más de valor recibida mediante un acuerdo o una concesión de arbitraje en un caso de derecho civil. Tiene que pagar el gravamen de la corte antes de que la corte pueda desechar el caso.*

<table>
<tr><td>

The name and address of the court is:
*(El nombre y dirección de la corte es):*
LOS ANGELES SUPERIOR COURT - UNLIMITED
300 E. Walnut Street
Pasadena, CA 91101
NORTHEAST DISTRICT

</td><td>

CASE NUMBER:
*(Número del Caso):* G C 0 4 9 7 2 7

</td></tr>
</table>

The name, address, and telephone number of plaintiff's attorney, or plaintiff without an attorney, is:
*(El nombre, la dirección y el número de teléfono del abogado del demandante, o del demandante que no tiene abogado, es):*
Paul S. Zuckerman, Esq. (SBN 15539)      (310) 273-1230
John C. Carpenter, Esq. (SBN 155610)
CARPENTER, ZUCKERMAN & ROWLEY, LLP
8827 West Olympic Boulevard
DATE: Beverly Hills, CA 90211            Clerk, by _____DAWN MOORE-RILEY_____, Deputy
*(Fecha)* JUN 2 8 2012   JOHN A. CLARKE    *(Secretario)*                                    *(Adjunto)*
                          *(Secretario)*

*(For proof of service of this summons, use Proof of Service of Summons (form POS-010).)*
*(Para prueba de entrega de esta citatión use el formulario Proof of Service of Summons, (POS-010)).*

**NOTICE TO THE PERSON SERVED:** You are served

[SEAL]

1. ☐ as an individual defendant.
2. ☐ as the person sued under the fictitious name of *(specify):*
3. ☒ on behalf of *(specify):* MAYTAG CORPORATION

   under: ☒ CCP 416.10 (corporation)          ☐ CCP 416.60 (minor)
          ☐ CCP 416.20 (defunct corporation)  ☐ CCP 416.70 (conservatee)
          ☐ CCP 416.40 (association or partnership)  ☐ CCP 416.90 (authorized person)
          ☐ other *(specify):*
4. ☐ by personal delivery on *(date):*

Page 1 of 1

Form Adopted for Mandatory Use
Judicial Council of California
SUM-100 [Rev. July 1, 2009]

**SUMMONS**

Legal
Solutions
Plus

Code of Civil Procedure §§ 412.20, 465

EXHIBIT _A_ PAGE _3_

1  John C. Carpenter – State Bar No. 155610
   **CARPENTER, ZUCKERMAN & ROWLEY, LLP**
2  8827 W. Olympic Boulevard
   Beverly Hills, California 90211
3  Tel.: (310) 273-1230 / Fax: (310) 858-1063

4  Attorneys for Plaintiff,
   Laura Taylor
5

6

7

8               SUPERIOR COURT OF THE STATE OF CALIFORNIA

9           FOR THE COUNTY OF LOS ANGELES – NORTHEAST DISTRICT

10                                                    G C 0 4 9 7 2 7

11  LAURA TAYLOR,                      Case No.:

12                    Plaintiff,       COMPLAINT FOR DAMAGES

13  vs.                               1.   FRAUDULENT CONCEALMENT
                                      2.   NEGLIGENCE
14  WHIRLPOOL CORPORATION, a business  3.   STRICT PRODUCTS LIABILITY
    entity of unknown form; MAYTAG     4.   BREACH OF EXPRESS WARRANTY
15  CORPORATION, a business entity of unknown  5.   BREACH OF IMPLIED WARRANTY
    form; MAYTAG SALES, INC., a business
16  entity of unknown form; BEST BUY CO., INC.,
    a business entity of unknown form; BEST BUY,  [DEMAND FOR JURY TRIAL]
17  a business entity of unknown form; and DOES 1
    through 100, inclusive,
18
                      Defendants.
19

20

21      **COMES NOW** the plaintiff LAURA TAYLOR for causes of action against the defendants, and

22  each of them, including DOES 1 through 100, inclusive, and each of them, complains and alleges as

23  follows:

24                          <u>JURISDICTION</u>

25      This Court has jurisdiction over the within action upon the grounds that this matter includes

26  claims of strict products liability; the subject incident collision occurred within the County of Los

27  Angeles; all of plaintiff's personal injuries, harm, losses and other damages alleged herein were incurred,

28  suffered and took place in the County of Los Angeles, State of California; multiple defendants are

---

EXHIBIT _4_ PAGE _4_

1   located herein; at all times relevant hereto several of the defendants were conducting business in the

2   County of Los Angeles; and the relief prayed for lies outside the jurisdiction of a court of inferior

3   jurisdiction.

4

5                                              **PARTIES**

6          1.       Plaintiff LAURA TAYLOR is, and at all times relevant hereto was, a resident of the

7   County of Los Angeles in the State of California.

8          2.       Defendant WHIRLPOOL CORPORATION is a business entity of unknown form which

9   was and is authorized to do business within the State of California, and was and is engaged in the

10  business of deriving profit from designing, manufacturing, warning, advertising, promoting, installing,

11  servicing, and importing home appliances for sale within the County of Los Angeles, California.

12         3.       Defendant MAYTGAG CORPORATION is a business entity of unknown form which

13  was and is authorized to do business within the State of California, and was and is engaged in the

14  business of deriving profit from designing, manufacturing, warning, advertising, promoting, installing,

15  servicing, and importing home appliances for sale within the County of Los Angeles, California.

16         4.       Defendant MAYTGAG SALES, INC. is a business entity of unknown form which

17  was and is authorized to do business within the State of California, and was and is engaged in the

18  business of deriving profit from designing, manufacturing, warning, advertising, promoting, installing,

19  servicing, and importing home appliances for sale within the County of Los Angeles, California.

20         5.       Defendant BEST BUY CO., INC. is a business entity of unknown form which

21  was and is authorized to do business within the State of California, and was and is engaged in the

22  business of deriving profit from designing, manufacturing, warning, advertising, promoting, installing,

23  servicing, and importing home appliances for sale within the County of Los Angeles, California.

24         6.       Defendant BEST BUY is a business entity of unknown form which

25  was and is authorized to do business within the State of California, and was and is engaged in the

26  business of deriving profit from designing, manufacturing, warning, advertising, promoting, installing,

27  servicing, and importing home appliances for sale within the County of Los Angeles, California.

28         7.       Defendant DOE 1 is a natural person residing and domiciled in the County of Los

-2-

**COMPLAINT FOR DAMAGES**

EXHIBIT _4_ PAGE _5_

1   Angeles, State of California who installed the home appliances which are the subject of this litigation.

2       8.      The true names and/or capacities, whether individual, corporate, associate or otherwise of

3   the defendants DOES 2 through 100, inclusive, and each of them, are unknown to plaintiff who therefore

4   sue said defendants by such fictitious names. Plaintiff is informed and believes and thereon alleges that

5   each of these defendants fictitiously named herein as a DOE is legally responsible, negligent or in some

6   other actionable manner liable for the events and happenings hereinafter referred to, and proximately and

7   legally caused the injuries to plaintiff as hereinafter alleged. Plaintiff will seek leave of the Court to

8   amend this Complaint to insert the true names and/or capacities of such fictitiously-named defendants

9   when the same has been ascertained.

10      9.      Defendants WHIRLPOOL CORPORATION, MAYTAG CORPORATION, MAYTAG

11  SALES, INC., BEST BUY CO., INC., BEST BUY, DOES 1 through 100 are collectively referred to

12  herein as "Defendants."

13

14              GENERAL ALLEGATIONS COMMON TO ALL CAUSES OF ACTION

15      10.     Plaintiff Laura Taylor purchased a washing machine and dryer at a retail store which is

16  located at or near Pasadena, California. Said retail store was owned, operated, managed, and controlled

17  by the defendants. Plaintiff hired the defendants to install and service the washing machine and dryer at

18  her home which is located at or near Alta Dena, California.

19      11.     The defendants failed to competently and correctly install and service the home

20  appliances as on the power source to the dryer, the defendants, without limitation, routed the neutral wire

21  above the brass strap, as opposed to below the brass strap.

22      12.     After the installation and service of the washing machine and dryer, the defendants

23  released the home appliances to the plaintiff with the representation that said machines had been

24  properly inspected, maintained, and repaired and therefore, considered safe to operate in all foreseeable

25  manners and circumstances.

26      13.     On or about July 5, 2012, plaintiff touched the dryer and was electrocuted sustaining,

27  without limitation, a loss of consciousness, parathesia, trigeminal neuralgia, TMJ pain,

28  hemihypoesthesia, cervical and lumbar radiculopathy, shoulder pain, knee pain, and problems with

-3-

EXHIBIT _A_ PAGE _6_

1    memory, concentration, speech fluency, sleeping, appetite, and libido.

2         14.    Defendants sold and/or delivered plaintiff the household appliance containing defective

3    parts that caused the electrocution and resulting damages and the defects have been concealed from the

4    plaintiff causing injuries and damages as alleged in more detail herein.

5         15.    The aforesaid events and resulting injuries and damages to Plaintiff were caused by the

6    defective household appliance, including its design, warning, manufacture, marketing, service,

7    inspection, installation, distribution, and sale. At no time prior to the household appliance's electrocution

8    event did Defendants provide any warning regarding the dangerous propensities within the household

9    appliance. At no time prior to the appliance's electrocution event on July 5, 2010, did the appliance

10   include a fail-safe device to prevent such electrocution events, although such a feasible alternate design

11   was available and had been used by other manufacturers.

12        16.    Defendants misleadingly promised safety and trust, while at the same time purposely

13   concealing evidence of defects in its household appliances from the public, and hiding its own

14   knowledge of an alarming number of incidents of electrocution events, deaths, and injuries.

15        17.    In the decades prior to this incident, Defendants continuously and consistently promised

16   safety for their appliances, and repeatedly promised a brand of "trust" to prospective purchasers of their

17   appliances. The Defendants continuously denied any problems with their appliances, while during that

18   same time period the Defendants received reports of similar electrocution events.

19        18.    The defendant's household appliances were defective in design due to an inadequate fault

20   detection system.

21        19.    Further, the absence of an electrocution override system by itself renders the appliances

22   defective and unreasonably dangerous, and the appliances do not perform as safely as an ordinary

23   consumer would expect. Despite the feasibility and availability of an override system, Defendants

24   negligently and recklessly failed to an override system in its appliances.

25        20.    Plaintiff was, at all times relevant, ignorant of the existence of the defects described

26   above and, knowing this, the defendants continued to broadly disseminate statements about the safety

27   and reliability of the subject appliance, while denying the existence of the defects.

28        21.    The defendants' fraudulent concealment scheme includes, but is not limited to, intentionally

-4-

**COMPLAINT FOR DAMAGES**

EXHIBIT _4_ PAGE _7_

1   covering up and refusing to publicly disclose critical internal memoranda, design plans, studies, Notices of

2   Action, Problem Detail Reports and other reports of failure and injury. Through such acts of fraudulent

3   concealment, the defendants were able to actively conceal from the public for years the truth about the

4   existence of the dangerous electrocution causing defects in their products, thereby tolling the running of any

5   applicable statute of limitations.

6       22.    Any applicable statutes of limitation have been equitably tolled by the defendants'

7   affirmative acts of fraud, fraudulent concealment, suppression and denial of the true facts regarding the

8   existence of the defective electrocuting parts of their appliances.

9       23.    The defendants are estopped from relying on any statutes of limitation because of their

10  fraudulent concealment and misrepresentations of the true facts concerning the dangerously defective

11  product.

12      24.    Plaintiff is informed and believes, and thereupon alleges, that at all times relevant and

13  mentioned herein, Defendants, and each of them, were at all times material hereto acting within the

14  authorized course, scope and purpose of said agency and employment and that all of said acts were

15  subsequently performed with the knowledge, acquiescence, ratification and consent of the respective

16  principals, and the benefits thereof accepted by said principals.

17      25.    Plaintiff is informed and believes and thereon alleges that at all times mentioned herein,

18  defendants, and each of them, including DOES 1 through 100, inclusive, were the agents, servants,

19  employees and/or joint venturers of their co-defendants, and were, as such, acting within the course, scope

20  and authority of said agency, employment and/or venture and that each and every defendant, as aforesaid,

21  when acting as a principal, was negligent in the selection and hiring of each and every other defendant as

22  an agent, employee and/or joint venturer.

23      26.    Plaintiff is informed and believes, and thereupon alleges that all of the acts, conduct, and

24  nonfeasance herein carried out by each and every representative, employee or agent of each and every

25  corporate or business defendant, were authorized, ordered, and directed by the respective defendant's

26  corporate or business employers, officers, directors and/or managing agents; that in addition thereto, said

27  corporate or business employers, officers, directors and/or managing agents had advance knowledge of,

28  authorized, and participated in the herein described acts, conduct and nonfeasance of their representatives,

EXHIBIT  *A*  PAGE  *8*

1   employees, agents and each of them; and that in addition thereto, upon the completion of the aforesaid acts,

2   conduct and nonfeasance of the employees and agents, the aforesaid corporate and business employers,

3   officers, directors and/or managing agents respectively ratified, accepted the benefits of, condoned and

4   approved of each and all of said acts, conduct or nonfeasance of their co-employees, employers, and agents.

5       27.   In addition, at all times herein relevant, each defendant, whether named herein or designated

6   as a DOE, was a principal, master, employer and joint venturer of every other defendant, and every

7   defendant was acting within the scope of said agency authority, employment and joint venture.

8       28.   As a direct and proximate result of defects in the appliance and the wrongful conduct,

9   acts, omissions, and fraudulent misrepresentations of Defendants, Plaintiff suffered significant harm,

10  conscious pain and suffering, physical injury and bodily impairment resulting permanent physical

11  deficits, permanent impairment and other sequelae likely to continue manifesting in the future.

12      29.   As a further direct and proximate result of defects in the appliance and the wrongful

13  conduct, acts, omissions, and fraudulent misrepresentations of Defendants, Plaintiff has also incurred

14  medical expenses and other economic harm including loss of earnings, and lost earning capacity, and

15  will continue to incur expenses and loss of earnings in the future, as a direct and proximate result of the

16  injuries alleged herein as a result of the use of the appliance.

17      30.   As a further direct and proximate result of defects in the appliance and the wrongful

18  conduct, acts, omissions, and fraudulent misrepresentations of Defendants, Plaintiff has required medical

19  treatment, and will continue to require reasonable and necessary health care, attention and services, and

20  Plaintiff has incurred, and continues to incur, medical, incidental, and service expenses pertaining to the

21  injuries. As a further direct and proximate result of the acts and omissions of defendants, plaintiff has

22  suffered a loss of earnings will be prevented from pursing gainful employment and/or business ventures

23  in the future, and therefore he will suffer lost future earnings and income, and/or a diminution of his

24  future earning capacity. Said damages are in a sum the exact amount of which is not yet known to

25  plaintiff, but which amount will be proved at the time of trial. As a further direct and proximate result of

26  the above-described despicable acts by defendants, plaintiff has been harmed in that he has suffered and

27  will continue to suffer mental anguish, and severe emotional and physical distress. Said damages are in

28  a sum in excess of the jurisdictional limit of this Court, the exact amount of which is not yet known to

EXHIBIT _A_ PAGE _9_

1    plaintiff, but which amount will be proved at the time of trial.

2        31.    The acts, conduct, and omissions of Defendants, and each of them, as alleged throughout

3    this Complaint were fraudulent, wilful and malicious and were done with a conscious disregard for the

4    rights of the Plaintiff and users of the similar appliances and for the primary purpose of increasing

5    Defendants' profits from their sale and distribution. Defendants' outrageous and unconscionable conduct

6    warrants an award of exemplary and punitive damages against each Defendant in an amount appropriate

7    to punish and make an example of each Defendant. Prior to the manufacturing, sale and distribution of

8    the appliance, Defendants and each of them knew that said products were in a defective condition as

9    previously described herein and knew that those who purchased or used such appliances would

10   experience and did experience severe physical, mental, and emotional injuries. Further, Defendants and

11   each of them through their officers, directors, managers, and agents, had knowledge that the subject

12   appliance presented a substantial and unreasonable risk of harm to the public, and as such, were

13   unreasonably subjected to risk of injury or death. Despite such knowledge, Defendants, and each of

14   them, acting through their officers, directors and managing agents for the purpose of enhancing

15   Defendant's profits, knowingly and deliberately failed to remedy the known defects in the product and

16   failed to warn the public, including Plaintiff, of the extreme risk of injury occasioned by said defects

17   inherent in the product. Defendants and their individual agents, officers, and directors intentionally

18   proceeded with the manufacturing, sale, and distribution and marketing of the subject appliance knowing

19   persons would be exposed to serious danger in order to advance Defendants' own pecuniary interest and

20   monetary profits. Defendants' conduct was fraudulent, despicable, and so contemptible that it would be

21   looked down upon and despised by ordinary decent people, and was carried on by Defendants with

22   wilful and conscious disregard for the safety of Plaintiff, entitling Plaintiff to exemplary damages.

23

24

25                              **FIRST CAUSE OF ACTION**

26                                **Fraudulent Concealment**

27                            [Against All Defendants and DOES 1 – 100]

28        32.    Plaintiff incorporates by reference, as though fully set forth herein, each and every

---

-7-

**COMPLAINT FOR DAMAGES**

EXHIBIT _A_ PAGE _10_

1    allegation and statement contained in the foregoing paragraphs.

2        32.    As alleged herein, Defendants and each of them, knew that certain of the appliances it

3    designed, manufactured, marketed, installed, serviced distributed, and sold in the State of California

4    contained defects in the causing users to become electrocuted and, at all times relevant, Defendants

5    concealed and suppressed this material fact from Plaintiff.

6        33.    At all times relevant, Defendants and each of them, had exclusive and superior

7    knowledge of the defects and concealed, suppressed and failed to disclose the true facts to Plaintiff who,

8    at all times relevant, was ignorant of and was unaware of the existence and nature of the defects. The

9    defendants therefore had a duty to disclose the nature and existence of the defects before and after the

10   appliance was purchased. Had the defendants disclosed the whole truth about the existence and nature of

11   the defects, Plaintiff would have not purchased the appliance.

12       34.    As alleged herein, the defendants and each of them, made repeated statements to

13   Plaintiff, touting the safety and reliability of the subject appliance.  These statements were untrue as the

14   appliances were defective and dangerous.

15       35.    At all times relevant, the defendants and each of them, intentionally concealed and

16   suppressed the nature and extent of the defects with the intent to defraud Plaintiff.

17       36.    Plaintiff was at all times relevant, unaware and ignorant of the nature and existence of the

18   defects in the subject appliance.

19       37.    At all times relevant, defendants and each of them, purposefully and intentionally

20   devised its scheme of concealment and suppression of the true facts concerning the existence and nature

21   of the defects.

22       38.    As a direct and proximate result of defects in the appliance and the wrongful conduct,

23   acts, omissions, and fraudulent misrepresentations of the defendants, Plaintiff suffered the injuries and

24   damages as alleged herein.

25

26                              **SECOND CAUSE OF ACTION**

27                                        Negligence

28                            [Against All Defendants and DOES 1 – 100]

EXHIBIT _A_ PAGE _11_

39.     Plaintiff incorporates by reference, as though fully set forth herein, each and every allegation and statement contained in the foregoing paragraphs.

40.     Plaintiff Laura Taylor purchased the subject appliance at the retail store owned, operated and controlled by the defendants.

41.     As stated above, the appliance was installed and serviced by the defendants in the plaintiff's home.

42.     Plaintiff is informed and believes, and thereupon alleges that the defendants failed to competently and correctly perform the installation and servicing of the appliance.

43.     After the installation and servicing, the defendants released the appliance to plaintiff with the representation that said appliance had been properly inspected, maintained, installed, serviced, and repaired and therefore, considered safe to operate in all foreseeable manners and circumstances.

44.     On or about July 5, 2010, plaintiff was electrocuted when she touched the appliance.

44.     Plaintiff is informed and believes, and thereupon alleges that the defendants, knowingly failed to competently and correctly perform the above-referenced installation, service, repair, and maintenance.

45.     Plaintiff is informed and believes, and thereupon alleges, that at all times relevant hereto, defendants were engaged in the business of manufacturing, fabricating, designing, assembling, distributing, buying, selling, leasing, placing into the stream of commence, labeling, inspecting, testing, analyzing, servicing, repairing, marketing, promoting, warranting, analyzing, maintaining, controlling, installing, fitting, entrusting, managing, advertising, supervising the use of, making representations about and/or warning of defects in, or dangers associated with the use of, the subject household appliance and its model lines, including all component parts, and had a duty to manufacture, fabricate, design, assemble, distribute, buy, sell, install, maintain, inspect, test analyze, service, repair, market, warrant, maintain, control, install, fit, entrust, manage, advertise, supervise the use of, make representations about and/or warning of defects in, or dangers associated with the use of the appliance and its model line, including all component parts, in a reasonable manner, which said defendants knew, or in the exercise of reasonable care should have known, would be used without inspection for defects and dangers.

46.     Plaintiff is informed and believes, and thereupon alleges that the electrocuting mechanism of the subject appliance and all other appliances in the model line were and are substantially similar in

-9-

COMPLAINT FOR DAMAGES

EXHIBIT _A_ PAGE _12_

1 | design and manufacture.

2 |     47.   Plaintiff is informed and believes, and thereupon alleges, that at all times relevant hereto,

3 | defendants and each of them, including their employees, agents, directors, officers, stockholders, partners

4 | and associates, had a legal duty to adequately and properly manage and operate their business and their

5 | manufacturing, servicing, installation, distribution, and retail operations; to adequately and properly train

6 | and supervise their employees and agents, including their designers, installers, servicors, inspectors, quality

7 | control agents and other manufacturing, testing, distribution and delivery personnel; and to act without

8 | negligence, or other wrongful conduct.

9 |     48.   Plaintiff is informed and believes, and thereupon alleges, that at all times relevant hereto,

10 | defendants and each of them, breached their above-mentioned duties by negligently, recklessly, and/or

11 | carelessly manufacturing, fabricating, designing, assembling, distributing, buying, selling, inspecting,

12 | testing, analyzing, servicing, repairing, marketing, warranting, maintaining, controlling, installing,

13 | fitting, entrusting, managing, advertising, supervising the use of, making representations about and/or

14 | warning of defects in, or dangers associated with the use of, the subject appliance, including all

15 | component parts, thereby rendering the subject appliance unsafe and dangerous for use by users,

16 | consumers, and bystanders, which proximately caused the injuries and damages to plaintiff as alleged

17 | herein.

18 |     51.   Said failures by the aforementioned defendants, including the defendant designers,

19 | manufacturers, installers, servicers, distributors and retailers constituted a breach of the aforementioned

20 | duties that in a foreseeable manner, legally and proximately caused the serious and permanent injuries

21 | and other damage to plaintiff herein asserted.

22 |     51.   In addition, defendants and each of them, negligently and carelessly sold, designed,

23 | manufactured, fabricated, distributed, retailed, wholesaled, recommended, tested, modified, controlled,

24 | advertised, created, processed, prepared, constructed, packaged, utilized, provided, warranted, repaired,

25 | maintained, marketed, bought, leased, rented, vended, installed, handled, labeled, compounded,

26 | promoted, furnished, analyzed, inspected, supplied, and place into the stream of commerce, the

27 | aforementioned subject appliance including, but not limited to, its component parts, ingredients,

28 | packaging, attachments, associated warnings, and constituents thereof, and lack of the same. Said

-10-

**COMPLAINT FOR DAMAGES**

EXHIBIT _A_ PAGE _13_

1    negligence included, but was not limited to, supplying inadequate and improper on-product and other

2    warnings and instructions regarding the defects and dangerous propensities of the aforementioned

3    subject appliance.

4         53.    Plaintiff is informed and believes and thereupon alleges that defendants and each of them,

5    as asserted above, negligently and carelessly failed to inform purchasers and users of said subject

6    appliance and others, including plaintiff that the aforementioned subject appliance was defective and

7    unsafe, and prone to electrocution of users, due to the aforementioned defects.

8         54.    Plaintiff is informed and believes and thereupon alleges that defendants and each of them,

9    in conducting their business, and in selling, designing, manufacturing, fabricating, distributing, retailing,

10   wholesaling, recommending, testing, modifying, controlling, advertising, creating, processing, preparing,

11   constructing, packaging, utilizing, providing, warranting, repairing, maintaining, marketing, leasing,

12   renting, vending, installing, handling, labeling, promoting, advertising, furnishing, analyzing, inspecting,

13   supplying, and placing into the stream of commerce the aforementioned subject appliance, either lacked

14   or failed to use the knowledge and skill ordinarily possessed by similarly-situated persons, companies,

15   designers, manufacturers, testers, assemblers, inspectors, installers, servicors, distributors, retailers and

16   suppliers of such products.

17        55.    To the detriment of the health and safety of its consumers, defendants and each of them,

18   ignored complaints and notices about the dangerously defective appliance.

19        56.    As herein asserted, plaintiff touched the defective appliance when it electrocuted her and

20   thereby legally and proximately caused her injuries and damages.  Due to said defects in the subject

21   appliance, plaintiff suffered injuries as set forth above.

22        57.    The defective and dangerous design, manufacture and performance of the subject

23   appliance and the fact that it was unsafe for its intended use and purpose when employed in a reasonable

24   and foreseeable manner by plaintiff was known to defendants and each of them, or in the exercise of

25   reasonable care should have been known and discovered by the defendants, and each of them.  Further,

26   the defective and dangerous condition of the subject appliance were not made known to plaintiff by

27   defendants and each of them.

28        58.    Plaintiff is informed and believes and thereupon alleges that defendants and each of them,

**COMPLAINT FOR DAMAGES**

EXHIBIT _A_ PAGE _14_

1   knew of the risk of serious injury or death from said subject appliance due to the defectively designed

2   and manufactured nature of the subject appliance and said defendants consciously decided to design,

3   manufacture, distribute and/or sell said subject appliance in its defective state without adequate warning

4   or proper instructions to owners and users of said appliance in order to save money, increase profits and

5   prevent loss of sales.  These despicable acts by said defendants were done to deliberately prevent the

6   general public from becoming aware that the appliance was and continues to be unsafe, dangerous and

7   defective.

8        59.    Further, plaintiff is informed and believes and thereupon asserts that defendants and each

9   of them, knew or in the exercise of reasonable care should have known of the many other earlier deaths,

10  injuries, consumer complaints and lawsuits involving substantially similar electrocution caused by

11  defects in the subject appliance model line, including earlier versions and similar products, due to the

12  inadequate and improper warnings and instructions, and said design and manufacturing defects, and

13  failure to warn of the defects, in conscious disregard to the rights and safety of others, including plaintiff

14  herein, said defendants chose not to design, redesign or repair the subject appliance in a proper and

15  defect free manner, properly and fully recall the product in a timely manner, and/or adequately warn of

16  the defects and dangers.

17       60.    In addition, plaintiff is informed and believes and thereupon alleges that the aforementioned

18  acts, omissions, negligence, malfeasance, nonfeasance, despicable conduct, and conscious disregard by

19  defendants and each of them, were done by employees of defendants, and each of them with the advance

20  knowledge, authorization, approval, participation or ratification of the officers, directors and/or managing

21  agents of defendants, and each of them.

22       61.    Plaintiff is informed and believes and thereupon alleges that the aforementioned acts,

23  omissions, despicable conduct and malfeasance were done by the defendants and each of them,

24       62.    Plaintiff is informed and believes and thereupon alleges that information in the possession

25  of defendants and each of them, regarding the defective and dangerous condition of the defective appliance

26  moved upward through the structure of management to a point where corporate policy was formulated.

27       63.    Plaintiff is informed and believes and thereupon alleges that corporate policymakers and

28  other persons who exercised discretionary authority and were authorized to make corporate policy on

EXHIBIT _A_ PAGE _15_

behalf of defendants and each of them, were in fact aware of risks to the safety of others posed by the defective and dangerous condition of the subject appliance, including but not limited to the defective electrocution causing mechanism, and chose not to take any corrective action.

64.     Plaintiff is informed and believes and thereupon alleges that the entire corporate organization of the defendants and each of them, acted despicably, with malice and in willful and conscious disregard of the rights and safety of others, in that persons in the management structure of said defendants decided to proceed with the design, production, manufacture and marketing of the appliance despite knowledge of the defective and dangerous condition of the said appliance.

65.     Plaintiff is informed and believes and thereupon alleges that authorized persons within the corporate hierarchy of the defendants acted despicably, with malice and in willful and conscious disregard of the rights and safety of others, in that corporate policymakers and other persons who exercised discretionary authority and were authorized to make corporate policy decisions on behalf of said defendants did in fact compromise consumer safety by reducing costs and/or expediting production of the appliance in willful and conscious disregard of consumer safety.

66.     As a direct, legal and proximate result of the negligence, carelessness, malice, and conscious disregard for the rights and safety of others and despicable conduct on the part of the defendants, the appliance electrocuted the plaintiff and caused injuries and losses to plaintiff.

67.     The aforementioned negligence, carelessness, malice, conscious disregard for the safety of others and despicable conduct of the defendants directly, legally and proximately caused injuries that resulted in the injuries and losses to plaintiff as herein described.

68.     As a further direct and proximate result of the above-described acts by defendants, plaintiff has been harmed in that he has suffered and will continue to suffer mental anguish, and severe emotional and physical distress. Said damages are in a sum in excess of the jurisdictional limit of this Court, the exact amount of which is not yet known to plaintiff, but which amount will be proved at the time of trial.

69.     As a further direct and proximate result of the acts and omissions of defendants, plaintiff has sustained severe and permanent injuries to his health, and severe shock to her nervous system, and was caused to suffer severe physical and mental pain. Said damages are in a sum the exact amount of

EXHIBIT A PAGE 16

1    which is not yet known to plaintiff, but which amount will be proved at the time of trial.

2       70.   As a direct, proximate, and legal result of the acts and omissions by defendants, plaintiff

3    suffered and will continue to suffer damages in a sum in excess of the jurisdictional limit of this Court,

4    the exact amount of which is not yet known to plaintiff, but which amount will be proved at the time of

5    trial.

6       71.   As a further direct and proximate result of acts and omissions of defendants, plaintiff was

7    required to and did employ physicians, and other medical personnel to treat and care for them, and

8    incurred additional medical expenses for hospital bills and other incidental medical expenses.  Plaintiff

9    is informed and believe, and thereupon alleges, that he will be required to incur additional medical and

10    sundry expenses in the future.  Said damages are in a sum the exact amount of which is not yet known to

11    plaintiff, but which amount will be proved at the time of trial.

12       72.   As a further direct and proximate result of the acts and omissions of defendants, plaintiff has

13    suffered a loss of earnings will be prevented from pursing gainful employment and/or business ventures in

14    the future, and therefore he will suffer lost future earnings and income, and/or a diminution of his future

15    earning capacity.  Said damages are in a sum the exact amount of which is not yet known to plaintiff, but

16    which amount will be proved at the time of trial.

17       73.   Plaintiff further asserts that the aforementioned despicable conduct, malice and conscious

18    disregard for the safety of others by defendants and the pecuniary losses, personal injuries and other

19    damages thereby incurred and suffered by plaintiff, justifies an award of exemplary damages against said

20    defendants and in favor of the plaintiff in an amount properly calculated to punish said defendants for

21    their malice, conscious disregard for the safety of others and despicable conduct, and to deter any such

22    malice, conscious disregard for the safety of others and despicable conduct in the future.

23

24                    **THIRD CAUSE OF ACTION**

25                    **Strict Products Liability**

26                [Against All Defendants and DOES 1 – 100]

27       74.   Plaintiff incorporates by reference, as though fully set forth herein, each and every allegation

28    and statement contained in the foregoing paragraphs.

-14-

COMPLAINT FOR DAMAGES

EXHIBIT _A_ PAGE _17_

75.   Plaintiff is informed and believes, and thereon alleges, that the aforementioned subject appliance and its component parts and constituents thereof, or lack of same, were defectively designed, manufactured, fabricated, distributed, sold, retailed, wholesaled, recommended, tested, modified, controlled, advertised, created, processed, prepared, constructed, packaged, utilized, provided, warranted, repaired, maintained, marketed, leased, rented, vended, installed, handled, labeled, promoted, furnished, analyzed, inspected, supplied, warned, and placed into the stream of commerce by defendants.

76.   Defendants designed, manufactured, distributed and sold the subject appliance and placed the subject appliance into the stream of commerce knowing that the subject appliance would be used in its intended manner.

77.   At the time of the aforesaid events, the subject appliance which was being used in a reasonably foreseeable manner, failed to perform as safely as an ordinary consumer would have expected, failed to conform with its manufacturing specifications, failed to contain adequate warnings, and its design was a substantial factor in causing injuries.

78.   As a direct and proximate result of defects in the subject appliance and the wrongful conduct, acts, omissions, and fraudulent misrepresentations of defendants, Plaintiff suffered the injuries and damages as alleged herein.

79.   Defendants manufactured, fabricated, designed, assembled, marketed, warranted, controlled, entrusted, managed, maintained, advertised, installed, serviced, inspected, maintained, repaired, and/or otherwise placed in the stream of commerce the subject appliance and model line, including all component parts thereof, which contained design and/or manufacturing defects and/or improper, defective, and dangerous and/or dangerously constructed that were capable of causing, and did cause, personal injuries to the users, consumers, and bystanders thereof, while being used in a reasonably foreseeable manner, thereby rendering the subject appliance and model line unsafe and dangerous for use by such users, consumers, and bystanders.

80.   Plaintiff is informed and believes, and thereupon alleges, that at all times relevant hereto, the subject appliance and model line, including all or some component parts was defective when placed in the stream of commerce by defendants and was of such a nature that the defects would not be discovered in the normal course of inspection and/or use by users or consumers of the subject appliance

-15-

COMPLAINT FOR DAMAGES

EXHIBIT _A_ PAGE _18_

1   and model line.

2       81.   In addition, defendants negligently and carelessly sold, designed, manufactured,

3   fabricated, distributed, retailed, installed, serviced, wholesaled, recommended, tested, modified,

4   controlled, advertised, created, processed, prepared, constructed, packaged, utilized, provided,

5   warranted, repaired, maintained, marketed, bought, leased, rented, vended, installed, handled, labeled,

6   compounded, promoted, furnished, analyzed, inspected, supplied, and place into the stream of

7   commerce, the aforementioned subject appliance including, but not limited to, its component parts,

8   ingredients, packaging, attachments, associated warnings, and constituents thereof, and lack of the same.

9   Said negligence included, but was not limited to, supplying inadequate and improper on-product and

10  other warnings and instructions regarding the defects and dangerous propensities of the aforementioned

11  appliance.

12      82.   Plaintiff is informed and believes and thereupon alleges that defendants and each of them,

13  as asserted above, negligently and carelessly failed to inform purchasers and users of said appliance and

14  others, including plaintiff that the aforementioned appliance was defective and unsafe, and prone to

15  electrocution due to the aforementioned defects.

16      83.   Plaintiff is informed and believes and thereupon alleges that defendants, in conducting

17  their business, and in selling, installing, servicing, designing, manufacturing, fabricating, distributing,

18  retailing, wholesaling, recommending, testing, modifying, controlling, advertising, creating, processing,

19  preparing, constructing, packaging, utilizing, providing, warranting, repairing, maintaining, marketing,

20  leasing, renting, vending, installing, handling, labeling, promoting, advertising, furnishing, analyzing,

21  inspecting, supplying, and placing into the stream of commerce the aforementioned appliance either

22  lacked or failed to use the knowledge and skill ordinarily possessed by similarly-situated persons,

23  companies, designers, manufacturers, testers, assemblers, installers, servicors, inspectors, distributors,

24  retailers and suppliers of such products.

25      84.   To the detriment of the health and safety of its consumers, defendants consciously disregarded

26  and ignored complaints and notices about the dangerously defective appliance.

27      85.   As herein asserted, plaintiff was electrocuted when she touched the subject appliance.

28      86.   Due to said defects in the appliance, plaintiff suffered injuries and losses when the appliance

-16-

COMPLAINT FOR DAMAGES

EXHIBIT _4_ PAGE _19_

1   failed to function adequately and safely.

2       87.   The defective and dangerous design, manufacture and performance of the appliance and the

3   fact that it was unsafe for its intended use and purpose when employed in a reasonable and foreseeable

4   manner by plaintiff was known to defendants or in the exercise of reasonable care should have been known

5   and discovered by the defendants, and each of them. Further, the defective and dangerous condition of the

6   subject appliance, were not made known to plaintiff by defendants.

7       88.   Plaintiff is informed and believes and thereupon alleges that defendants knew of the danger

8   of serious injury or death from said appliance due to the defectively designed and manufactured nature of

9   the appliance and said defendants consciously decided to design, manufacture, distribute and/or sell said

10   appliance in its defective state without adequate warning or proper instructions to owners and users of said

11   appliance.

12       89.   Further, plaintiff is informed and believes and thereupon asserts that defendants knew or in

13   the exercise of reasonable care should have known of the many other earlier deaths, injuries, consumer

14   complaints and lawsuits involving substantially similar electrocution caused by the appliance and its model

15   line, including earlier versions and similar products, due to the inadequate and improper warnings and

16   instructions, and said design and manufacturing defects, but in conscious disregard of the rights and safety

17   of others, including plaintiff herein, said defendants nevertheless chose not to design, redesign or repair the

18   appliance in a proper and defect free manner, properly and fully recall the product in a timely manner, and/or

19   adequately warn of the defects and dangers.

20       90.   In addition, plaintiff is informed and believes and thereupon alleges that the aforementioned

21   acts, omissions, negligence, malfeasance, nonfeasance, despicable conduct, and conscious disregard by

22   defendants were done by employees of defendants, and each of them with the advance knowledge,

23   authorization, approval, participation or ratification of the officers, directors and/or managing agents of

24   defendants, and each of them.

25       91.   Plaintiff is informed and believes and thereupon alleges that the aforementioned acts,

26   omissions, despicable conduct and malfeasance were done by the defendants with malice and in conscious

27   disregard of the rights and safety of others.

28       92.   Plaintiff is informed and believes and thereupon alleges that information in the possession

-17-

**COMPLAINT FOR DAMAGES**

EXHIBIT _A_ PAGE _20_

1   of defendants inclusive and each of them, regarding the defective and dangerous condition of the appliance,

2   including but not limited to the electrocution risk moved upward through the structure of management to

3   a point where corporate policy was formulated.

4        93.   Plaintiff is informed and believes and thereupon alleges that corporate policymakers and other

5   persons who exercised discretionary authority and were authorized to make corporate policy on behalf of

6   defendants inclusive and each of them, were in fact aware of risks to the safety of others posed by the

7   defective and dangerous condition of the appliance and chose not to take any corrective action.

8        94.   Plaintiff is informed and believes and thereupon alleges that the entire corporate

9   organization of the defendants acted despicably, with malice and in willful and conscious disregard of

10   the rights and safety of others, in that persons in the management structure of said defendants, wherein

11   corporate policy was formulated decided to proceed with the design, production, manufacture and

12   marketing of the appliance model line despite knowledge of the defective and dangerous condition of

13   the appliance.

14        95.   Plaintiff is informed and believes and thereupon alleges that authorized persons within the

15   corporate hierarchy of the defendants acted despicably, with malice and in willful and conscious disregard

16   of the rights and safety of others, in that corporate policymakers and other persons who exercised

17   discretionary authority and were authorized to make corporate policy decisions on behalf of said defendants

18   did in fact compromise consumer safety by reducing costs and/or expediting production of the appliance.

19        96.   As a direct, legal and proximate result of the negligence, carelessness, malice, conscious

20   disregard for the safety of others and despicable conduct on the part of the defendants described above,

21   the appliance caused plaintiff to be electrocuted.

22        97.   The aforementioned negligence, carelessness, malice, conscious disregard for the safety of

23   others and despicable conduct of the defendants directly, legally and proximately caused injuries that

24   resulted in the injuries and losses to plaintiff as herein described.

25        98.   As a further direct and proximate result of the above-described despicable acts by defendants,

26   plaintiff has been harmed in that he has suffered and will continue to suffer mental anguish, and severe

27   emotional and physical distress. Said damages are in a sum in excess of the jurisdictional limit of this Court,

28   the exact amount of which is not yet known to plaintiff, but which amount will be proved at the time of trial.

-18-

COMPLAINT FOR DAMAGES

EXHIBIT  A  PAGE  21

99. As a further direct and proximate result of the acts and omissions of defendants, plaintiff has sustained severe and permanent injuries to her health, and severe shock to his nervous system, and was caused to suffer severe physical and mental pain. Said damages are in a sum the exact amount of which is not yet known to plaintiff, but which amount will be proved at the time of trial.

100. As a direct, legal and proximate result of the negligence, carelessness, malice, conscious disregard for the safety of others and despicable conduct on the part of defendants, as alleged herein, plaintiff suffered and will continue to suffer damages in a sum in excess of the jurisdictional limit of this Court, the exact amount of which is not yet known to plaintiff, but which amount will be proved at the time of trial.

101. As a further direct and proximate result of the acts and omissions of defendants, plaintiff has lost earnings and will be prevented from pursing gainful employment and/or business ventures in the future, and therefore she will suffer lost future earnings and income, and/or a diminution of his future earning capacity. Said damages are in a sum the exact amount of which is not yet known to plaintiff, but which amount will be proved at the time of trial.

102. As a further direct and proximate result of acts and omissions of defendants, plaintiff was required to and did employ physicians, and other medical personnel to treat and care for her, and incurred additional medical expenses for hospital bills and other incidental medical expenses.

103. Plaintiff is informed and believes, and thereupon alleges, that he will be required to incur additional medical and sundry expenses in the future. Said damages are in a sum the exact amount of which is not yet known to plaintiff, but which amount will be proved at the time of trial.

104. As a further direct and proximate result of the acts and omissions of defendants, plaintiff will be prevented from pursing gainful employment and/or business ventures in the future, and therefore will suffer lost future earnings and income, and/or a diminution of his future earning capacity. Said damages are in a sum the exact amount of which is not yet known to plaintiff, but which amount will be proved at the time of trial.

105. Plaintiff further asserts that the aforementioned despicable conduct, malice and conscious disregard for the safety of others by defendants and the pecuniary losses, personal injuries and other damages thereby incurred and suffered by plaintiff, justifies an award of exemplary damages against said defendants and in favor of the plaintiff in an amount properly calculated to punish said defendants for their

EXHIBIT _A_ PAGE _22_

1  malice, conscious disregard for the safety of others and despicable conduct, and to deter any such malice,

2  conscious disregard for the safety of others and despicable conduct in the future.

3

4  ## FOURTH CAUSE OF ACTION

5  ### Breach of Express Warranty

6  [Against All Defendants and DOES 1 – 100]

7  106.   Plaintiff incorporates by reference, as though fully set forth herein, each and every allegation

8  and statement contained in the foregoing paragraphs.

9  107.   At all times herein mentioned, the defendants expressly warranted to plaintiff and the

10  general consuming public, through print, media and television advertising and other express means, that

11  the subject appliance and model line was of merchantable quality and was safe for its ordinary, intended,

12  foreseeable and expected use, and that such use would not cause injuries of the nature herein-described

13  to plaintiff. In addition, said defendants, and each of them, expressly warranted that there was no

14  substantial risk of electrocution or other inherent failures or defects in said subject appliance and/or

15  model line.

16  108.   Plaintiff is informed and believe, and thereupon allege, that at all times relevant hereto,

17  defendants expressly warranted to the consuming public that the subject appliance and model line,

18  including all component parts, was of merchantable quality, fit for the purpose for which it was to be

19  used, and free from design, manufacturing and/or modification defects.

20  109.   Plaintiff is informed and believe, and thereupon allege, that at all times relevant hereto, the

21  subject appliance was not of merchantable quality, fit for the purpose for which it was to be used, and/or free

22  from design, manufacturing and/or modification defects.

23  110.   Plaintiff is informed and believes, and thereupon alleges, that at all times relevant hereto the

24  subject appliance and model line was defectively designed and/or manufactured and imminently dangerous

25  to users, consumers, and bystanders in that it was capable of causing, and, in fact, did cause, personal

26  injuries to users, consumers and bystanders, while being used in a reasonably foreseeable manner, thereby

27  rendering the subject appliance and model line unsafe and dangerous for use by users, consumers or

28  bystanders.

COMPLAINT FOR DAMAGES

EXHIBIT  A  PAGE  23

111.   Plaintiff is informed and believes that the subject appliance was not of merchantable quality and was not as warranted by said defendants, thus constituting a breach of said warranty; and as a direct, legal and proximate result of plaintiff's reliance on said warranties and the breach of said warranties, plaintiff sustained the herein-described losses and damages.

112.   Plaintiff is informed and believes and thereupon asserts that said defendants, and each of them, received timely notice of said breach of warranties.

113.   Plaintiff is informed and believes and thereupon asserts that said defendants, and each of them, knew or, in the exercise of reasonable care, should have known of the dangerous, defective, unfit and unsafe condition of the aforementioned subject appliance and the fact that it was not safe or suitable for its intended use, nor of merchantable, safe or operational quality.

114.   As a direct, legal and proximate result of the breaches of warranties on the part of the defendants, the subject appliance electrocuted the plaintiff.

115.   The aforementioned breaches of warranties of the defendants, directly, legally and proximately caused injuries that resulted in severe and permanent injuries to plaintiff, and severe shock to her nervous system, and was caused to suffer extreme physical and mental pain.

116.   As a direct, legal and proximate result of the breaches of warranties by defendants, and the defective nature of the subject appliance , plaintiff suffered and sustained injuries, harm and losses, including loss and damage to valuable tangible items of personal property and other compensable damages within the jurisdiction of the Superior Court of California.

117.   As herein asserted, plaintiff was electrocuted when she touched the subject appliance.

118.   Due to said defects in the subject appliance, plaintiff suffered injuries and losses when the subject appliance failed to function adequately, safely, or as designed.

119.   The defective and dangerous design, manufacture, service, maintenance, installation, and performance of the subject appliance and the fact that it was unsafe for its intended use and purpose when employed in a reasonable and foreseeable manner by plaintiff was known to defendants, or in the exercise of reasonable care should have been known and discovered by the defendants, and each of them. Further, the defective and dangerous condition of the subject appliance, were not made known to plaintiff by defendants.

-21-
**COMPLAINT FOR DAMAGES**

EXHIBIT 4  PAGE 24

120.   Plaintiff is informed and believes and thereupon alleges that defendants knew of the danger of serious injury or death from said subject appliance due to the defectively designed and manufactured nature of the subject appliance and said defendants decided to design, manufacture, install, service, distribute and/or sell said subject appliance in its defective state without adequate warning or proper instructions to owners and users of said subject appliance.

121.   Further, plaintiff is informed and believes and thereupon asserts that defendants, knew or in the exercise of reasonable care should have known of the many other earlier deaths, injuries, consumer complaints and lawsuits involving substantially similar electrocution caused by the subject appliance and its model line, including earlier versions and similar products, due to the inadequate and improper warnings and instructions, and said design and manufacturing defects, said defendants nevertheless chose not to design, redesign or repair the subject appliance in a proper and defect free manner, properly and fully recall the product in a timely manner, and/or adequately warn of the defects and dangers.

122.   In addition, plaintiff is informed and believes and thereupon alleges that the aforementioned acts, omissions, and negligence by defendants  were done by employees of defendants, and each of them with the advance knowledge, authorization, approval, participation or ratification of the officers, directors and/or managing agents of defendants, and each of them.

123.   Plaintiff is informed and believes and thereupon alleges that the aforementioned acts and omissions were done by the defendants.

124.   Plaintiff is informed and believes and thereupon alleges that information in the possession of defendants regarding the defective and dangerous condition of the subject appliance model line moved upward through the structure of management to a point where corporate policy was formulated.

125.   Plaintiff is informed and believes and thereupon alleges that corporate policymakers and other persons who exercised discretionary authority and were authorized to make corporate policy on behalf of defendants and each of them, were in fact aware of risks to the safety of others posed by the defective and dangerous condition of the subject appliance.

126.   Plaintiff is informed and believes and thereupon alleges that the entire corporate organization of the defendants acted negligently, in that persons in the management structure of said defendants, wherein corporate policy was formulated decided to proceed with the design, production, manufacture and marketing

-22-

EXHIBIT  A  PAGE 25

1  of the subject appliance model line despite knowledge of the defective and dangerous condition of the

2  subject appliance and the subject appliance.

3      127.   Plaintiff is informed and believes and thereupon alleges that authorized persons within the

4  corporate hierarchy of the defendants acted negligently in that corporate policymakers and other persons who

5  exercised discretionary authority and were authorized to make corporate policy decisions on behalf of said

6  defendants did in fact compromise consumer safety by reducing costs and/or expediting production of the

7  subject appliance.

8      128.   As a further direct and proximate result of the above-described acts by defendants plaintiff

9  has been harmed in that she has suffered and will continue to suffer mental anguish, and severe emotional

10  and physical distress. Said damages are in a sum in excess of the jurisdictional limit of this Court, the exact

11  amount of which is not yet known to plaintiff, but which amount will be proved at the time of trial.

12      129.   As a further direct and proximate result of the acts and omissions of defendants, plaintiff has

13  sustained severe and permanent injuries to his health, and severe shock to his nervous system, and was

14  caused to suffer severe physical and mental pain. Said damages are in a sum the exact amount of which is

15  not yet known to plaintiff, but which amount will be proved at the time of trial.

16      130.   As a direct, proximate, and legal result of the acts and omissions by defendants, plaintiff

17  suffered and will continue to suffer damages in a sum in excess of the jurisdictional limit of this Court, the

18  exact amount of which is not yet known to plaintiff, but which amount will be proved at the time of trial.

19      131.   As a further direct and proximate result of the acts and omissions of defendants, plaintiff has

20  lost earnings and will be prevented from pursing gainful employment and/or business ventures in the future,

21  and therefore he will suffer lost future earnings and income, and/or a diminution of his future earning

22  capacity. Said damages are in a sum the exact amount of which is not yet known to plaintiff, but which

23  amount will be proved at the time of trial.

24      132.   As a further direct and proximate result of acts and omissions of defendants, plaintiff was

25  required to and did employ physicians, and other medical personnel to treat and care for him, and incurred

26  additional medical expenses for hospital bills and other incidental medical expenses.

27      133.   Plaintiff is informed and believes, and thereupon alleges, that he will be required to incur

28  additional medical and sundry expenses in the future. Said damages are in a sum the exact amount of which

COMPLAINT FOR DAMAGES

EXHIBIT _A_ PAGE _26_

1    is not yet known to plaintiff, but which amount will be proved at the time of trial.

2         134.    As a further direct and proximate result of the acts and omissions of defendants, plaintiff will

3    be prevented from pursing gainful employment and/or business ventures in the future, and therefore will

4    suffer lost future earnings and income, and/or a diminution of his future earning capacity. Said damages are

5    in a sum the exact amount of which is not yet known to plaintiff, but which amount will be proved at the

6    time of trial.

7

8                              **FIFTH CAUSE OF ACTION**

9                              **Breach of Implied Warranty**

10                             [Against All Defendants and DOES 1 – 100]

11        135.    Plaintiff incorporates by reference, as though fully set forth herein, each and every allegation

12   and statement contained in the foregoing paragraphs.

13        136.    At all times herein mentioned, the defendants, impliedly warranted to plaintiff and the general

14   consuming public, through print, media and television advertising and other express means, that the subject

15   appliance and model line was of merchantable quality and was safe for its ordinary, intended, foreseeable

16   and expected use, and that such use would not cause injuries of the nature herein-described to plaintiff.  In

17   addition, said defendants, and each of them, impliedly warranted that there was no substantial risk of

18   electrocution in the subject appliance and/or model line.

19        137.    Plaintiff is informed and believe, and thereupon allege, that at all times relevant hereto,

20   defendants, inclusive and each of them, impliedly warranted to the consuming public that the subject

21   appliance and model line, including all component parts, was of merchantable quality, fit for the purpose

22   for which it was to be used, and free from design, manufacturing and/or modification defects.

23        138.    Plaintiff is informed and believe, and thereupon allege, that at all times relevant hereto, the

24   subject appliance was not of merchantable quality, fit for the purpose for which it was to be used, and/or free

25   from design, manufacturing and/or modification defects.

26        139.    Plaintiff is informed and believe, and thereupon allege, that at all times relevant hereto, the

27   subject appliance was not of merchantable quality, fit for the purpose for which it was to be used, and/or free

28   from reconditioning and restoring defects.

EXHIBIT _A_ PAGE 27

140.   Plaintiff is informed and believes, and thereupon alleges, that at all times relevant hereto the subject appliance and model line was defectively designed and/or manufactured and imminently dangerous to users, consumers, and bystanders in that it was capable of causing, and, in fact, did cause, personal injuries to users, consumers and bystanders, while being used in a reasonably foreseeable manner, thereby rendering the subject appliance and model line unsafe and dangerous for use by users, consumers or bystanders.

141.   Said subject appliance was not of merchantable quality and was not as warranted by said defendants, thus constituting a breach of said warranty; and as a direct, legal and proximate result of plaintiff's reliance on said warranties and the breach of said warranties, plaintiff sustained the herein-described losses and damages.

142.   Plaintiff is informed and believes and thereupon asserts that said defendants, and each of them, received timely notice of said breach of warranties.

143.   Plaintiff is informed and believes and thereupon asserts that said defendants, and each of them, knew or, in the exercise of reasonable care, should have known of the dangerous, defective, unfit and unsafe condition of the aforementioned subject appliance and the fact that it was not safe or suitable for its intended use, nor of merchantable, safe or operational quality.

144.   As a direct, legal and proximate result of the breaches of warranties on the part of the defendants, the subject appliance electrocuted the plaintiff.

145.   The aforementioned breaches of warranties of the defendants directly, legally and proximately caused injuries and losses to plaintiff as herein described.

146.   As a direct, legal and proximate result of the breaches of warranties of all of the defendants, and the defective nature of the subject appliance, plaintiff suffered and sustained injuries, harm and losses, including loss and damage to valuable tangible items of personal property and other compensable damages within the jurisdiction of the Superior Court of California.

147.   Due to said defects in the subject appliance, plaintiff suffered injuries and losses when the subject appliance failed to function adequately, safely, or as designed.

148.   As a direct, legal and proximate result of the negligence, breach of implied warranty, and carelessness, on the part of the defendants, the subject appliance electrocuted the plaintiff.

-25-

COMPLAINT FOR DAMAGES

149. The defective and dangerous design, manufacture and performance of the subject appliance and the fact that it was unsafe for its intended use and purpose when employed in a reasonable and foreseeable manner by plaintiff was known to defendants, or in the exercise of reasonable care should have been known and discovered by the defendants, and each of them. Further, the defective and dangerous condition of the subject appliance were not made known to plaintiff by defendants.

150. Plaintiff is informed and believes and thereupon alleges that defendants knew of the danger of serious injury or death from said subject appliance due to the defectively designed and manufactured nature of the subject appliance and said defendants consciously decided to design, manufacture, distribute and/or sell said subject appliance in its defective state without adequate warning or proper instructions to owners and users of said appliance.

151. Further, plaintiff is informed and believes and thereupon asserts that defendants knew or in the exercise of reasonable care should have known of the many other earlier deaths, injuries, consumer complaints and lawsuits involving substantially similar electrocution caused by the subject appliance and its model line, including earlier versions and similar products, due to the inadequate and improper warnings and instructions, and said design and manufacturing defects, and failure to warn regarding electrocution and said other defects, said defendants nevertheless chose not to design, redesign or repair the subject appliance in a proper and defect free manner, properly and fully recall the product in a timely manner, and/or adequately warn of the defects and dangers.

152. In addition, plaintiff is informed and believes and thereupon alleges that the aforementioned acts, omissions, and negligence by defendants, were done by employees of defendants, and each of them with the advance knowledge, authorization, approval, participation or ratification of the officers, directors and/or managing agents of defendants, and each of them.

153. Plaintiff is informed and believes and thereupon alleges that the aforementioned acts and omissions were done by the defendants.

154. Plaintiff is informed and believes and thereupon alleges that information in the possession of defendants inclusive and each of them, regarding the defective and dangerous condition of the subject appliance moved upward through the structure of management to a point where corporate policy was formulated.

EXHIBIT _4_ PAGE 29

155. Plaintiff is informed and believes and thereupon alleges that corporate policymakers and other persons who exercised discretionary authority and were authorized to make corporate policy on behalf of defendants, were in fact aware of risks to the safety of others posed by the defective and dangerous condition of the subject appliance and chose not to take any corrective action.

156. Plaintiff is informed and believes and thereupon alleges that the entire corporate organization of the defendants acted negligently, with malice and in conscious disregard of the rights and safety of others, in that persons in the management structure of said defendants, wherein corporate policy was formulated consciously decided to proceed with the design, production, manufacture and marketing of the subject appliance model line despite knowledge of the defective and dangerous condition of the subject appliance model.

157. Plaintiff is informed and believes and thereupon alleges that authorized persons within the corporate hierarchy of the defendants acted negligently, in that corporate policymakers and other persons who exercised discretionary authority and were authorized to make corporate policy decisions on behalf of said defendants did in fact compromise consumer safety by reducing costs and/or expediting production of the subject appliance.

158. As a further direct and proximate result of the above-described acts by defendants, plaintiff has been harmed in that he has suffered and will continue to suffer mental anguish, and severe emotional and physical distress. Said damages are in a sum in excess of the jurisdictional limit of this Court, the exact amount of which is not yet known to plaintiff, but which amount will be proved at the time of trial.

159. As a further direct and proximate result of the acts and omissions of defendants, plaintiff has sustained severe and permanent injuries to his health, and severe shock to his nervous system, and was caused to suffer severe physical and mental pain. Said damages are in a sum the exact amount of which is not yet known to plaintiff, but which amount will be proved at the time of trial.

160. As a direct, proximate, and legal result of the acts and omissions by defendants, plaintiff suffered and will continue to suffer damages in a sum in excess of the jurisdictional limit of this Court, the exact amount of which is not yet known to plaintiff, but which amount will be proved at the time of trial.

161. As a further direct and proximate result of the acts and omissions of defendants, plaintiff will be prevented from pursing gainful employment and/or business ventures in the future, and therefore she will

COMPLAINT FOR DAMAGES

EXHIBIT 1 PAGE 30

1   suffer lost future earnings and income, and/or a diminution of his future earning capacity. Said damages are

2   in a sum the exact amount of which is not yet known to plaintiff, but which amount will be proved at the

3   time of trial.

4       162.    As a further direct and proximate result of acts and omissions of defendants, plaintiff was

5   required to and did employ physicians, and other medical personnel to treat and care for him, and incurred

6   additional medical expenses for hospital bills and other incidental medical expenses.

7       163.    Plaintiff is informed and believes, and thereupon alleges, that he will be required to incur

8   additional medical and sundry expenses in the future. Said damages are in a sum the exact amount of which

9   is not yet known to plaintiff, but which amount will be proved at the time of trial.

10      164.    As a further direct and proximate result of the acts and omissions of defendants, plaintiff will

11  be prevented from pursing gainful employment and/or business ventures in the future, and therefore will

12  suffer lost future earnings and income, and/or a diminution of his future earning capacity. Said damages are

13  in a sum the exact amount of which is not yet known to plaintiff, but which amount will be proved at the

14  time of trial.

15

16      **WHEREFORE**, plaintiff LAURA TAYLOR, prays for judgment against the defendants as

17  follows:

18      Against all defendants, and each of them:

19      1.      For general damages incurred and suffered by plaintiff, including loss and damage to

20  valuable tangible items of personal property and other compensable damages, in an amount exceeding

21  the jurisdictional limits of this Court and according to proof at trial;

22      2.      For special damages, in an amount exceeding the jurisdictional limits of this Court and

23  according to proof at trial;

24      3.      For costs of suit incurred herein;

25      4.      For interest as provided by law;

26      5.      For such other and further relief as the Court may deem just and proper.

27      6.      For an award of exemplary damages, in an amount properly calculated to punish said

28  defendants for their despicable conduct, malice and conscious disregard for the safety of others, and to

-28-

**COMPLAINT FOR DAMAGES**

EXHIBIT _4_ PAGE _31_

1   deter any such despicable conduct, malice and conscious disregard for the safety of others in the future.

2

3   DATED: June 26, 2012                    CARPENTER, ZUCKERMAN & ROWLEY, LLP

4

5

6

7                                          John C. Carpenter
                                           Attorneys for Plaintiff
8

9

10                      DEMAND FOR JURY TRIAL

11      Plaintiff Laura Taylor, individually, hereby demands a jury trial in this action.

12

13  DATED: June 26, 2012                    CARPENTER, ZUCKERMAN & ROWLEY, LLP

14

15

16                                         John C. Carpenter
                                           Attorneys for Plaintiff
17

18

19

20

21

22

23

24

25

26

27

28

-29-

**COMPLAINT FOR DAMAGES**

EXHIBIT 4 PAGE 32



**CORPORATION SERVICE COMPANY**

## Notice of Service of Process

DATE RECEIVED

OCT 1 2 2012

LAW DEPARTMENT

TV / ALL
Transmittal Number: 10423889
Date Processed: 10/11/2012

| | |
|---|---|
| Primary Contact: | Ms. Garnel Chapin<br>Whirlpool Corporation<br>211 Hilltop Road<br>MD 2114<br>St. Joseph, MI 49085 |

| | |
|---|---|
| Entity: | Whirlpool Corporation<br>Entity ID Number  2580391 |
| Entity Served: | Whirlpool Corporation |
| Title of Action: | Laura Taylor vs. Whirlpool Corporation |
| Document(s) Type: | Summons/Complaint |
| Nature of Action: | Product Liability |
| Court/Agency: | Los Angeles County Superior Court, California |
| Case/Reference No: | GC049727 |
| Jurisdiction Served: | California |
| Date Served on CSC: | 10/11/2012 |
| Answer or Appearance Due: | 30 Days |
| Originally Served On: | CSC |
| How Served: | Personal Service |
| Sender Information: | John C Carpenter<br>310-273-1230 |

Information contained on this transmittal form is for record keeping, notification and forwarding the attached document(s). It does not constitute a legal opinion. The recipient is responsible for interpreting the documents and taking appropriate action.

**To avoid potential delay, please do not send your response to CSC**

*CSC is SAS70 Type II certified for its Litigation Management System.*

2711 Centerville Road  Wilmington, DE 19808  (888) 690-2882  |  sop@cscinfo.com

EXHIBIT _B_ PAGE _33_

SUM. .ONS

SUM-100

*(CITACION JUDICIAL)*

**NOTICE TO DEFENDANT:** WHIRLPOOL CORPORATION, a business
*(AVISO AL DEMANDADO):* entity of unknown form; MAYTAG
CORPORATION, a business entity of unknown form; MAYTAG
SALES, INC., a business entity of unknown form; BEST BUY CO., INC., a business entity of
unknown form; BEST BUY, a business entity of unknown form; and DOES 1
through 100, inclusive

FOR COURT USE ONLY
*(SOLO PARA USO DE LA CORTE)*

( RIGINAL FILED )

JUN 29  2012

LEGA    FILES
SUPERIOR COURT

**YOU ARE BEING SUED BY PLAINTIFF:** LAURA TAYLOR, an Individual
*(LO ESTÁ DEMANDANDO EL DEMANDANTE):*

NOTICE! You have been sued. The court may decide against you without your being heard unless you respond within 30 days. Read the information below.

You have 30 CALENDAR DAYS after this summons and legal papers are served on you to file a written response at this court and have a copy served on the plaintiff. A letter or phone call will not protect you. Your written response must be in proper legal form if you want the court to hear your case. There may be a court form that you can use for your response. You can find these court forms and more information at the California Courts Online Self-Help Center (*www.courtinfo.ca.gov/selfhelp*), your county law library, or the courthouse nearest you. If you cannot pay the filing fee, ask the court clerk for a fee waiver form. If you do not file your response on time, you may lose the case by default, and your wages, money, and property may be taken without further warning from the court.

There are other legal requirements. You may want to call an attorney right away. If you do not know an attorney, you may want to call an attorney referral service. If you cannot afford an attorney, you may be eligible for free legal services from a nonprofit legal services program. You can locate these nonprofit groups at the California Legal Services Web site (*www.lawhelpcalifornia.org*), the California Courts Online Self-Help Center (*www.courtinfo.ca.gov/selfhelp*), or by contacting your local court or county bar association. NOTE: The court has a statutory lien for waived fees and costs on any settlement or arbitration award of $10,000 or more in a civil case. The court's lien must be paid before the court will dismiss the case.
*¡AVISO! Lo han demandado. Si no responde dentro de 30 días, la corte puede decidir en su contra sin escuchar su versión. Lea la información a continuación.*

*Tiene 30 DÍAS DE CALENDARIO después de que le entreguen esta citación y papeles legales para presentar una respuesta por escrito en esta corte y hacer que se entregue una copia al demandante. Una carta o una llamada telefónica no lo protegen. Su respuesta por escrito tiene que estar en formato legal correcto si desea que procesen su caso en la corte. Es posible que haya un formulario que usted pueda usar para su respuesta. Puede encontrar estos formularios de la corte y más información en el Centro de Ayuda de las Cortes de California (www.sucorte.ca.gov), en la biblioteca de leyes de su condado o en la corte que le quede más cerca. Si no puede pagar la cuota de presentación, pida al secretario de la corte que le dé un formulario de exención de pago de cuotas. Si no presenta su respuesta a tiempo, puede perder el caso por incumplimiento y la corte le podrá quitar su sueldo, dinero y bienes sin más advertencia.*

*Hay otros requisitos legales. Es recomendable que llame a un abogado inmediatamente. Si no conoce a un abogado, puede llamar a un servicio de remisión a abogados. Si no puede pagar a un abogado, es posible que cumpla con los requisitos para obtener servicios legales gratuitos de un programa de servicios legales sin fines de lucro. Puede encontrar estos grupos sin fines de lucro en el sitio web de California Legal Services, (www.lawhelpcalifornia.org), en el Centro de Ayuda de las Cortes de California, (www.sucorte.ca.gov) o poniéndose en contacto con la corte o el colegio de abogados locales. AVISO: Por ley, la corte tiene derecho a reclamar las cuotas y los costos exentos por imponer un gravamen sobre cualquier recuperación de $10,000 ó más de valor recibida mediante un acuerdo o una concesión de arbitraje en un caso de derecho civil. Tiene que pagar el gravamen de la corte antes de que la corte pueda desechar el caso.*

| The name and address of the court is:<br>*(El nombre y dirección de la corte es):*<br>LOS ANGELES SUPERIOR COURT - UNLIMITED<br>300 E. Walnut Street<br>Pasadena, CA 91101<br>NORTHEAST DISTRICT | CASE NUMBER:<br>*(Número del Caso):* G C 0 4 9 7 2 7 |
|---|---|

The name, address, and telephone number of plaintiff's attorney, or plaintiff without an attorney, is:
*(El nombre, la dirección y el número de teléfono del abogado del demandante, o del demandante que no tiene abogado, es):*      (310) 273-1230
Paul S. Zuckerman, Esq. (SBN 15539)
John C. Carpenter, Esq. (SBN 155610)
CARPENTER, ZUCKERMAN & ROWLEY, LLP
8827 West Olympic Boulevard
Beverly Hills, CA 90211

| DATE:<br>*(Fecha)*   JUN 2 9 2012 | Clerk, by   JOHN A. CLARKE   DAWN MOORE-RILEY , Deputy<br>*(Secretario)*   *(Adjunto)* |
|---|---|

*(For proof of service of this summons, use Proof of Service of Summons (form POS-010).)*
*(Para prueba de entrega de esta citación use el formulario Proof of Service of Summons, (POS-010)).*

NOTICE TO THE PERSON SERVED: You are served
1. ☐ as an individual defendant.
2. ☐ as the person sued under the fictitious name of *(specify):*
3. ☒ on behalf of *(specify):* WHIRLPOOL CORPORATION

under: ☒ CCP 416.10 (corporation)      ☐ CCP 416.60 (minor)
       ☐ CCP 416.20 (defunct corporation)   ☐ CCP 416.70 (conservatee)
       ☐ CCP 416.40 (association or partnership)  ☐ CCP 416.90 (authorized person)
       ☐ other *(specify):*
4. ☐ by personal delivery on *(date):*

Page 1 of 1

| Form Adopted for Mandatory Use<br>Judicial Council of California<br>SUM-100 [Rev. July 1, 2009] | **SUMMONS** | <br>Legal<br>Solutions<br>Plus | Code of Civil Procedure §§ 412.20, 465 |



EXHIBIT *B* PAGE 34



**CSC.**

CORPORATION SERVICE COMPANY'

DATE RECEIVED

OCT 1 2 2012

LAW DEPARTMENT

## Notice of Service of Process

null / ALL
Transmittal Number: 10423206
Date Processed: 10/11/2012

| | |
|---|---|
| Primary Contact: | Ms. Garnet Chapin<br>Whirlpool Corporation<br>211 Hilltop Road<br>MD 2114<br>St. Joseph, MI 49085 |

| | |
|---|---|
| Entity: | Maytag Sales, Inc.<br>Entity ID Number 2644803 |
| Entity Served: | Maytag Sales, Inc. |
| Title of Action: | Laura Taylor vs. Whirlpool Corporation |
| Document(s) Type: | Summons/Complaint |
| Nature of Action: | Product Liability |
| Court/Agency: | Los Angeles County Superior Court, California |
| Case/Reference No: | GC049727 |
| Jurisdiction Served: | California |
| Date Served on CSC: | 10/11/2012 |
| Answer or Appearance Due: | 30 Days |
| Originally Served On: | CSC |
| How Served: | Personal Service |
| Sender Information: | John C Carpenter<br>310-273-1230 |

Information contained on this transmittal form is for record keeping, notification and forwarding the attached document(s). It does not constitute a legal opinion. The recipient is responsible for interpreting the documents and taking appropriate action.

**To avoid potential delay, please do not send your response to CSC**

*CSC is SAS70 Type II certified for its Litigation Management System.*

2711 Centerville Road  Wilmington, DE 19808  (888) 690-2682  |  sop@cscinfo.com

EXHIBIT *B* PAGE 35

SUM̲, ̲ONS
*(CITACION JUDICIAL)*

SUM-100

**NOTICE TO DEFENDANT:** WHIRLPOOL CORPORATION, a business
*(AVISO AL DEMANDADO):* entity of unknown form; MAYTAG
CORPORATION, a business entity of unknown form; MAYTAG SALES, INC.,
a business entity of unknown form; BEST BUY CO., INC., a business entity of
unknown form; BEST BUY, a business entity of unknown form; and DOES 1
through 100, inclusive

**YOU ARE BEING SUED BY PLAINTIFF:** LAURA TAYLOR, an Individual
*(LO ESTÁ DEMANDANDO EL DEMANDANTE):*

FOR COURT USE ONLY
*(SOLO PARA USO DE LA CORTE)*

ORIGINAL FILED
APR CC 2012
LOS A. ... LS
SUPERIOR COURT

**NOTICE!** You have been sued. The court may decide against you without your being heard unless you respond within 30 days. Read the information below.

You have 30 CALENDAR DAYS after this summons and legal papers are served on you to file a written response at this court and have a copy served on the plaintiff. A letter or phone call will not protect you. Your written response must be in proper legal form if you want the court to hear your case. There may be a court form that you can use for your response. You can find these court forms and more information at the California Courts Online Self-Help Center (*www.courtinfo.ca.gov/selfhelp*), your county law library, or the courthouse nearest you. If you cannot pay the filing fee, ask the court clerk for a fee waiver form. If you do not file your response on time, you may lose the case by default, and your wages, money, and property may be taken without further warning from the court.

There are other legal requirements. You may want to call an attorney right away. If you do not know an attorney, you may want to call an attorney referral service. If you cannot afford an attorney, you may be eligible for free legal services from a nonprofit legal services program. You can locate these nonprofit groups at the California Legal Services Web site (*www.lawhelpcalifornia.org*), the California Courts Online Self-Help Center (*www.courtinfo.ca.gov/selfhelp*), or by contacting your local court or county bar association. NOTE: The court has a statutory lien for waived fees and costs on any settlement or arbitration award of $10,000 or more in a civil case. The court's lien must be paid before the court will dismiss the case.

*¡AVISO! Lo han demandado. Si no responde dentro de 30 días, la corte puede decidir en su contra sin escuchar su versión. Lea la información a continuación.*

*Tiene 30 DÍAS DE CALENDARIO después de que le entreguen esta citación y papeles legales para presentar una respuesta por escrito en esta corte y hacer que se entregue una copia al demandante. Una carta o una llamada telefónica no lo protegen. Su respuesta por escrito tiene que estar en formato legal correcto si desea que procesen su caso en la corte. Es posible que haya un formulario que usted pueda usar para su respuesta. Puede encontrar estos formularios de la corte y más información en el Centro de Ayuda de las Cortes de California (www.sucorte.ca.gov), en la biblioteca de leyes de su condado o en la corte que le quede más cerca. Si no puede pagar la cuota de presentación, pida al secretario de la corte que le dé un formulario de exención de pago de cuotas. Si no presenta su respuesta a tiempo, puede perder el caso por incumplimiento y la corte le podrá quitar su sueldo, dinero y bienes sin más advertencia.*

*Hay otros requisitos legales. Es recomendable que llame a un abogado inmediatamente. Si no conoce a un abogado, puede llamar a un servicio de remisión a abogados. Si no puede pagar a un abogado, es posible que cumpla con los requisitos para obtener servicios legales gratuitos de un programa de servicios legales sin fines de lucro. Puede encontrar estos grupos sin fines de lucro en el sitio web de California Legal Services, (www.lawhelpcalifornia.org), en el Centro de Ayuda de las Cortes de California, (www.sucorte.ca.gov) o poniéndose en contacto con la corte o el colegio de abogados locales. AVISO: Por ley, la corte tiene derecho a reclamar las cuotas y los costos exentos por imponer un gravamen sobre cualquier recuperación de $10,000 ó más de valor recibida mediante un acuerdo o una concesión de arbitraje en un caso de derecho civil. Tiene que pagar el gravamen de la corte antes de que la corte pueda desechar el caso.*

| The name and address of the court is:<br>*(El nombre y dirección de la corte es):*<br>LOS ANGELES SUPERIOR COURT - UNLIMITED<br>300 E. Walnut Street<br>Pasadena, CA 91101<br>NORTHEAST DISTRICT | CASE NUMBER:<br>*(Número del Caso):* G C 0 4 9 7 2 7 |
| --- | --- |

The name, address, and telephone number of plaintiff's attorney, or plaintiff without an attorney, is:
*(El nombre, la dirección y el número de teléfono del abogado del demandante, o del demandante que no tiene abogado, es):*
Paul S. Zuckerman, Esq. (SBN 15539)          (310) 273-1230
John C. Carpenter, Esq. (SBN 155610)
CARPENTER, ZUCKERMAN & ROWLEY, LLP
8827 West Olympic Boulevard
Beverly Hills, CA 90211

| DATE:<br>*(Fecha)* JUN 2 8 2012 | JOHN A. CLARKE | Clerk, by DAWN MOORE-RILEY , Deputy<br>*(Secretario)* *(Adjunto)* |
| --- | --- | --- |

*(For proof of service of this summons, use Proof of Service of Summons (form POS-010).)*
*(Para prueba de entrega de esta citación use el formulario Proof of Service of Summons, (POS-010).)*

**NOTICE TO THE PERSON SERVED:** You are served

[SEAL]

1. ☐ as an individual defendant.
2. ☐ as the person sued under the fictitious name of *(specify):*
3. ☒ on behalf of *(specify):* MAYTAG SALES, INC.

   under: ☒ CCP 416.10 (corporation)        ☐ CCP 416.60 (minor)
          ☐ CCP 416.20 (defunct corporation)  ☐ CCP 416.70 (conservatee)
          ☐ CCP 416.40 (association or partnership) ☐ CCP 416.90 (authorized person)
          ☐ other *(specify):*
4. ☐ by personal delivery on *(date):*

Page 1 of 1

| Form Adopted for Mandatory Use<br>Judicial Council of California<br>SUM-100 [Rev. July 1, 2009] | SUMMONS | Legal Solutions Plus | Code of Civil Procedure §§ 412.20, 465 |
| --- | --- | --- | --- |

EXHIBIT *3* PAGE *36*



**CSC.**

CORPORATION SERVICE COMPANY®

DATE RECEIVED

OCT 1 2 2012

LAW DEPARTMENT

null / ALL
Transmittal Number: 10423345
Date Processed: 10/11/2012

## Notice of Service of Process

| | |
|---|---|
| Primary Contact: | Ms. Garnet Chapin<br>Whirlpool Corporation<br>211 Hilltop Road<br>MD 2114<br>St. Joseph, MI 49085 |

| | |
|---|---|
| Entity: | Maytag Corporation<br>Entity ID Number 2580392 |
| Entity Served: | Maytag Corporation |
| Title of Action: | Laura Taylor vs. Whirlpool Corporation |
| Document(s) Type: | Summons/Complaint |
| Nature of Action: | Product Liability |
| Court/Agency: | Los Angeles County Superior Court, California |
| Case/Reference No: | GC049727 |
| Jurisdiction Served: | California |
| Date Served on CSC: | 10/11/2012 |
| Answer or Appearance Due: | 30 Days |
| Originally Served On: | CSC |
| How Served: | Personal Service |
| Sender Information: | John C. Carpenter<br>310-273-1230 |

Information contained on this transmittal form is for record keeping, notification and forwarding the attached document(s). It does not constitute a legal opinion. The recipient is responsible for interpreting the documents and taking appropriate action.

**To avoid potential delay, please do not send your response to CSC**
*CSC is SAS70 Type II certified for its Litigation Management System.*
2711 Centerville Road   Wilmington, DE 19808   (888) 690-2882   |   sop@cscinfo.com

EXHIBIT _B_ PAGE _37_

SUM. ONS

*(CITACION JUDICIAL)*

**SUM-100**

**NOTICE TO DEFENDANT:** WHIRLPOOL CORPORATION, a business
*(AVISO AL DEMANDADO):* entity of unknown form; MAYTAG
CORPORATION, a business entity of unknown form; MAYTAG SALES, INC.,
a business entity of unknown form; BEST BUY CO., INC., a business entity of
unknown form; BEST BUY, a business entity of unknown form; and DOES 1
through 100, inclusive

**YOU ARE BEING SUED BY PLAINTIFF:** LAURA TAYLOR, an individual
*(LO ESTÁ DEMANDANDO EL DEMANDANTE):*

FOR COURT USE ONLY
*(SOLO PARA USO DE LA CORTE)*

ORIGINAL FILED

JUN 28 2012

LOS ANGELES
SUPERIOR COURT

**NOTICE!** You have been sued. The court may decide against you without your being heard unless you respond within 30 days. Read the information below.

You have 30 CALENDAR DAYS after this summons and legal papers are served on you to file a written response at this court and have a copy served on the plaintiff. A letter or phone call will not protect you. Your written response must be in proper legal form if you want the court to hear your case. There may be a court form that you can use for your response. You can find these court forms and more information at the California Courts Online Self-Help Center (www.courtinfo.ca.gov/selfhelp), your county law library, or the courthouse nearest you. If you cannot pay the filing fee, ask the court clerk for a fee waiver form. If you do not file your response on time, you may lose the case by default, and your wages, money, and property may be taken without further warning from the court.

There are other legal requirements. You may want to call an attorney right away. If you do not know an attorney, you may want to call an attorney referral service. If you cannot afford an attorney, you may be eligible for free legal services from a nonprofit legal services program. You can locate these nonprofit groups at the California Legal Services Web site (www.lawhelpcalifornia.org), the California Courts Online Self-Help Center (www.courtinfo.ca.gov/selfhelp), or by contacting your local court or county bar association. NOTE: The court has a statutory lien for waived fees and costs on any settlement or arbitration award of $10,000 or more in a civil case. The court's lien must be paid before the court will dismiss the case.
*¡AVISO! Lo han demandado. Si no responde dentro de 30 días, la corte puede decidir en su contra sin escuchar su versión. Lea la información a continuación.*

*Tiene 30 DÍAS DE CALENDARIO después de que le entreguen esta citación y papeles legales para presentar una respuesta por escrito en esta corte y hacer que se entregue una copia al demandante. Una carta o una llamada telefónica no lo protegen. Su respuesta por escrito tiene que estar en formato legal correcto si desea que procesen su caso en la corte. Es posible que haya un formulario que usted pueda usar para su respuesta. Puede encontrar estos formularios de la corte y más información en el Centro de Ayuda de las Cortes de California (www.sucorte.ca.gov), en la biblioteca de leyes de su condado o en la corte que le quede más cerca. Si no puede pagar la cuota de presentación, pida al secretario de la corte que le dé un formulario de exención de pago de cuotas. Si no presenta su respuesta a tiempo, puede perder el caso por incumplimiento y la corte le podrá quitar su sueldo, dinero y bienes sin más advertencia.*

*Hay otros requisitos legales. Es recomendable que llame a un abogado inmediatamente. Si no conoce a un abogado, puede llamar a un servicio de remisión a abogados. Si no puede pagar a un abogado, es posible que cumpla con los requisitos para obtener servicios legales gratuitos de un programa de servicios legales sin fines de lucro. Puede encontrar estos grupos sin fines de lucro en el sitio web de California Legal Services, (www.lawhelpcalifornia.org), en el Centro de Ayuda de las Cortes de California, (www.sucorte.ca.gov) o poniéndose en contacto con la corte o el colegio de abogados locales. AVISO: Por ley, la corte tiene derecho a reclamar las cuotas y los costos exentos por imponer un gravamen sobre cualquier recuperación de $10,000 ó más de valor recibida mediante un acuerdo o una concesión de arbitraje en un caso de derecho civil. Tiene que pagar el gravamen de la corte antes de que la corte pueda desechar el caso.*

| The name and address of the court is: *(El nombre y dirección de la corte es):* | CASE NUMBER: *(Número del Caso):* G C 0 4 9 7 2 7 |
|---|---|

LOS ANGELES SUPERIOR COURT - UNLIMITED
300 E. Walnut Street
Pasadena, CA 91101
NORTHEAST DISTRICT

The name, address, and telephone number of plaintiff's attorney, or plaintiff without an attorney, is:
*(El nombre, la dirección y el número de teléfono del abogado del demandante, o del demandante que no tiene abogado, es):*
Paul S. Zuckerman, Esq. (SBN 15539)                     (310) 273-1230
John C. Carpenter, Esq. (SBN 155610)
CARPENTER, ZUCKERMAN & ROWLEY, LLP
8827 West Olympic Boulevard

| DATE: Beverly Hills, CA 90211 *(Fecha)* JUN 28 2012 JOHN A. CLARKE, | Clerk, by DAWN MOORE-RILEY, Deputy |
|---|---|
| | *(Secretario)* *(Adjunto)* |

*(For proof of service of this summons, use Proof of Service of Summons (form POS-010).)*
*(Para prueba de entrega de esta citatión use el formulario Proof of Service of Summons, (POS-010)).*

**NOTICE TO THE PERSON SERVED:** You are served
1. ☐ as an individual defendant.
2. ☐ as the person sued under the fictitious name of *(specify):*

3. ☒ on behalf of *(specify):* MAYTAG CORPORATION

under: ☒ CCP 416.10 (corporation)         ☐ CCP 416.60 (minor)
☐ CCP 416.20 (defunct corporation)        ☐ CCP 416.70 (conservatee)
☐ CCP 416.40 (association or partnership)  ☐ CCP 416.90 (authorized person)
☐ other *(specify):*
4. ☐ by personal delivery on *(date):*

[SEAL]

Page 1 of 1

Form Adopted for Mandatory Use
Judicial Council of California
SUM-100 [Rev. July 1, 2009]

**SUMMONS**

Legal
Solutions
& Plus

Code of Civil Procedure §§ 412.20, 465

EXHIBIT *B* PAGE 38

1  John C. Carpenter – State Bar No. 155610
   **CARPENTER, ZUCKERMAN & ROWLEY, LLP**
2  8827 W. Olympic Boulevard
   Beverly Hills, California 90211
3  Tel.: (310) 273-1230 / Fax: (310) 858-1063

4  Attorneys for Plaintiff,
   Laura Taylor
5

6

7

8              SUPERIOR COURT OF THE STATE OF CALIFORNIA

9          FOR THE COUNTY OF LOS ANGELES – NORTHEAST DISTRICT

10                                              G C 0 4 9 7 2 7

11 LAURA TAYLOR,                         Case No.:

12                    Plaintiff,         COMPLAINT FOR DAMAGES

13 vs.                                   1.   FRAUDULENT CONCEALMENT
                                         2.   NEGLIGENCE
14 WHIRLPOOL CORPORATION, a business     3.   STRICT PRODUCTS LIABILITY
   entity of unknown form; MAYTAG        4.   BREACH OF EXPRESS WARRANTY
15 CORPORATION, a business entity of unknown  5.   BREACH OF IMPLIED WARRANTY
   form; MAYTAG SALES, INC., a business
16 entity of unknown form; BEST BUY CO., INC.,
   a business entity of unknown form; BEST BUY,  [DEMAND FOR JURY TRIAL]
17 a business entity of unknown form; and DOES 1
   through 100, inclusive,
18
19                    Defendants.
20

21         COMES NOW the plaintiff LAURA TAYLOR for causes of action against the defendants, and

22 each of them, including DOES 1 through 100, inclusive, and each of them, complains and alleges as

23 follows:

24                                  JURISDICTION

25         This Court has jurisdiction over the within action upon the grounds that this matter includes

26 claims of strict products liability; the subject incident collision occurred within the County of Los

27 Angeles; all of plaintiff's personal injuries, harm, losses and other damages alleged herein were incurred,

28 suffered and took place in the County of Los Angeles, State of California; multiple defendants are

                                        -1-
                               **COMPLAINT FOR DAMAGES**

EXHIBIT _B_ PAGE _39_

1  located herein; at all times relevant hereto several of the defendants were conducting business in the

2  County of Los Angeles; and the relief prayed for lies outside the jurisdiction of a court of inferior

3  jurisdiction.

4

5  **PARTIES**

6      1.    Plaintiff LAURA TAYLOR is, and at all times relevant hereto  was, a resident of the

7  County of Los Angeles in the State of California.

8      2.    Defendant WHIRLPOOL CORPORATION is a business entity of unknown form which

9  was and is authorized to do business within the State of California, and was and is engaged in the

10  business of deriving profit from designing, manufacturing, warning, advertising, promoting, installing,

11  servicing, and importing home appliances for sale within the County of Los Angeles, California.

12      3.    Defendant MAYTGAG CORPORATION is a business entity of unknown form which

13  was and is authorized to do business within the State of California, and was and is engaged in the

14  business of deriving profit from designing, manufacturing, warning, advertising, promoting, installing,

15  servicing, and importing home appliances for sale within the County of Los Angeles, California.

16      4.    Defendant MAYTGAG SALES, INC. is a business entity of unknown form which

17  was and is authorized to do business within the State of California, and was and is engaged in the

18  business of deriving profit from designing, manufacturing, warning, advertising, promoting, installing,

19  servicing, and importing home appliances for sale within the County of Los Angeles, California.

20      5.    Defendant BEST BUY CO., INC. is a business entity of unknown form which

21  was and is authorized to do business within the State of California, and was and is engaged in the

22  business of deriving profit from designing, manufacturing, warning, advertising, promoting, installing,

23  servicing, and importing home appliances for sale within the County of Los Angeles, California.

24      6.    Defendant BEST BUY is a business entity of unknown form which

25  was and is authorized to do business within the State of California, and was and is engaged in the

26  business of deriving profit from designing, manufacturing, warning, advertising, promoting, installing,

27  servicing, and importing home appliances for sale within the County of Los Angeles, California.

28      7.    Defendant DOE 1 is a natural person residing and domiciled in the County of Los

-2-
**COMPLAINT FOR DAMAGES**

EXHIBIT _B_ PAGE _40_

1   Angeles, State of California who installed the home appliances which are the subject of this litigation.

2       8.    The true names and/or capacities, whether individual, corporate, associate or otherwise of

3   the defendants DOES 2 through 100, inclusive, and each of them, are unknown to plaintiff who therefore

4   sue said defendants by such fictitious names.  Plaintiff is informed and believes and thereon alleges that

5   each of these defendants fictitiously named herein as a DOE is legally responsible, negligent or in some

6   other actionable manner liable for the events and happenings hereinafter referred to, and proximately and

7   legally caused the injuries to plaintiff as hereinafter alleged.  Plaintiff will seek leave of the Court to

8   amend this Complaint to insert the true names and/or capacities of such fictitiously-named defendants

9   when the same has been ascertained.

10       9.    Defendants WHIRLPOOL CORPORATION, MAYTAG CORPORATION, MAYTAG

11   SALES, INC., BEST BUY CO., INC., BEST BUY, DOES 1 through 100 are collectively referred to

12   herein as "Defendants."

13

14   <u>GENERAL ALLEGATIONS COMMON TO ALL CAUSES OF ACTION</u>

15       10.    Plaintiff Laura Taylor purchased a washing machine and dryer at a retail store which is

16   located at or near Pasadena, California.  Said retail store was owned, operated, managed, and controlled

17   by the defendants.  Plaintiff hired the defendants to install and service the washing machine and dryer at

18   her home which is located at or near Alta Dena, California.

19       11.    The defendants failed to competently and correctly install and service the home

20   appliances as on the power source to the dryer, the defendants, without limitation, routed the neutral wire

21   above the brass strap, as opposed to below the brass strap.

22       12.    After the installation and service of the washing machine and dryer, the defendants

23   released the home appliances to the plaintiff with the representation that said machines had been

24   properly inspected, maintained, and repaired and therefore, considered safe to operate in all foreseeable

25   manners and circumstances.

26       13.    On or about July 5, 2012, plaintiff touched the dryer and was electrocuted sustaining,

27   without limitation, a loss of consciousness, parathesia, trigeminal neuralgia, TMJ pain,

28   hemihypoesthesia, cervical and lumbar radiculopathy, shoulder pain, knee pain, and problems with

-3-
COMPLAINT FOR DAMAGES

EXHIBIT 3   PAGE 41

1   memory, concentration, speech fluency, sleeping, appetite, and libido.

2       14.    Defendants sold and/or delivered plaintiff the household appliance containing defective

3   parts that caused the electrocution and resulting damages and the defects have been concealed from the

4   plaintiff causing injuries and damages as alleged in more detail herein.

5       15.    The aforesaid events and resulting injuries and damages to Plaintiff were caused by the

6   defective household appliance, including its design, warning, manufacture, marketing, service,

7   inspection, installation, distribution, and sale. At no time prior to the household appliance's electrocution

8   event did Defendants provide any warning regarding the dangerous propensities within the household

9   appliance. At no time prior to the appliance's electrocution event on July 5,2010, did the appliance

10  include a fail-safe device to prevent such electrocution events, although such a feasible alternate design

11  was available and had been used by other manufacturers.

12      16.    Defendants misleadingly promised safety and trust, while at the same time purposely

13  concealing evidence of defects in its household appliances from the public, and hiding its own

14  knowledge of an alarming number of incidents of electrocution events, deaths, and injuries.

15      17.    In the decades prior to this incident, Defendants continuously and consistently promised

16  safety for their appliances, and repeatedly promised a brand of "trust" to prospective purchasers of their

17  appliances. The Defendants continuously denied any problems with their appliances, while during that

18  same time period the Defendants received reports of similar electrocution events.

19      18.    The defendant's household appliances were defective in design due to an inadequate fault

20  detection system.

21      19.    Further, the absence of an electrocution override system by itself renders the appliances

22  defective and unreasonably dangerous, and the appliances do not perform as safely as an ordinary

23  consumer would expect. Despite the feasibility and availability of an override system, Defendants

24  negligently and recklessly failed to an override system in its appliances.

25      20.    Plaintiff was, at all times relevant, ignorant of the existence of the defects described

26  above and, knowing this, the defendants continued to broadly disseminate statements about the safety

27  and reliability of the subject appliance, while denying the existence of the defects.

28      21.    The defendants' fraudulent concealment scheme includes, but is not limited to, intentionally

-4-
**COMPLAINT FOR DAMAGES**

EXHIBIT _B_ PAGE _42_

1    covering up and refusing to publicly disclose critical internal memoranda, design plans, studies, Notices of

2    Action, Problem Detail Reports and other reports of failure and injury. Through such acts of fraudulent

3    concealment, the defendants were able to actively conceal from the public for years the truth about the

4    existence of the dangerous electrocution causing defects in their products, thereby tolling the running of any

5    applicable statute of limitations.

6         22.    Any applicable statutes of limitation have been equitably tolled by the defendants'

7    affirmative acts of fraud, fraudulent concealment, suppression and denial of the true facts regarding the

8    existence of the defective electrocuting parts of their appliances.

9         23.    The defendants are estopped from relying on any statutes of limitation because of their

10    fraudulent concealment and misrepresentations of the true facts concerning the dangerously defective

11    product.

12        24.    Plaintiff is informed and believes, and thereupon alleges, that at all times relevant and

13    mentioned herein, Defendants, and each of them, were at all times material hereto acting within the

14    authorized course, scope and purpose of said agency and employment and that all of said acts were

15    subsequently performed with the knowledge, acquiescence, ratification and consent of the respective

16    principals, and the benefits thereof accepted by said principals.

17        25.    Plaintiff is informed and believes and thereon alleges that at all times mentioned herein,

18    defendants, and each of them, including DOES 1 through 100, inclusive, were the agents, servants,

19    employees and/or joint venturers of their co-defendants, and were, as such, acting within the course, scope

20    and authority of said agency, employment and/or venture and that each and every defendant, as aforesaid,

21    when acting as a principal, was negligent in the selection and hiring of each and every other defendant as

22    an agent, employee and/or joint venturer.

23        26.    Plaintiff is informed and believes, and thereupon alleges that all of the acts, conduct, and

24    nonfeasance herein carried out by each and every representative, employee or agent of each and every

25    corporate or business defendant, were authorized, ordered, and directed by the respective defendant's

26    corporate or business employers, officers, directors and/or managing agents; that in addition thereto, said

27    corporate or business employers, officers, directors and/or managing agents had advance knowledge of,

28    authorized, and participated in the herein described acts, conduct and nonfeasance of their representatives,

EXHIBIT _B_ PAGE _43_

1   employees, agents and each of them; and that in addition thereto, upon the completion of the aforesaid acts,

2   conduct and nonfeasance of the employees and agents, the aforesaid corporate and business employers,

3   officers, directors and/or managing agents respectively ratified, accepted the benefits of, condoned and

4   approved of each and all of said acts, conduct or nonfeasance of their co-employees, employers, and agents.

5       27.   In addition, at all times herein relevant, each defendant, whether named herein or designated

6   as a DOE, was a principal, master, employer and joint venturer of every other defendant, and every

7   defendant was acting within the scope of said agency authority, employment and joint venture.

8       28.   As a direct and proximate result of defects in the appliance and the wrongful conduct,

9   acts, omissions, and fraudulent misrepresentations of Defendants, Plaintiff suffered significant harm,

10   conscious pain and suffering, physical injury and bodily impairment resulting permanent physical

11   deficits, permanent impairment and other sequelae likely to continue manifesting in the future.

12       29.   As a further direct and proximate result of defects in the appliance and the wrongful

13   conduct, acts, omissions, and fraudulent misrepresentations of Defendants, Plaintiff has also incurred

14   medical expenses and other economic harm including loss of earnings, and lost earning capacity, and

15   will continue to incur expenses and loss of earnings in the future, as a direct and proximate result of the

16   injuries alleged herein as a result of the use of the appliance.

17       30.   As a further direct and proximate result of defects in the appliance and the wrongful

18   conduct, acts, omissions, and fraudulent misrepresentations of Defendants, Plaintiff has required medical

19   treatment, and will continue to require reasonable and necessary health care, attention and services, and

20   Plaintiff has incurred, and continues to incur, medical, incidental, and service expenses pertaining to the

21   injuries. As a further direct and proximate result of the acts and omissions of defendants, plaintiff has

22   suffered a loss of earnings will be prevented from pursing gainful employment and/or business ventures

23   in the future, and therefore he will suffer lost future earnings and income, and/or a diminution of his

24   future earning capacity.  Said damages are in a sum the exact amount of which is not yet known to

25   plaintiff, but which amount will be proved at the time of trial. As a further direct and proximate result of

26   the above-described despicable acts by defendants, plaintiff has been harmed in that he has suffered and

27   will continue to suffer mental anguish, and severe emotional and physical distress. Said damages are in

28   a sum in excess of the jurisdictional limit of this Court, the exact amount of which is not yet known to

COMPLAINT FOR DAMAGES

EXHIBIT _B_ PAGE _44_

1    plaintiff, but which amount will be proved at the time of trial.

2         31.    The acts, conduct, and omissions of Defendants, and each of them, as alleged throughout

3    this Complaint were fraudulent, wilful and malicious and were done with a conscious disregard for the

4    rights of the Plaintiff and users of the similar appliances and for the primary purpose of increasing

5    Defendants' profits from their sale and distribution. Defendants' outrageous and unconscionable conduct

6    warrants an award of exemplary and punitive damages against each Defendant in an amount appropriate

7    to punish and make an example of each Defendant. Prior to the manufacturing, sale and distribution of

8    the appliance, Defendants and each of them knew that said products were in a defective condition as

9    previously described herein and knew that those who purchased or used such appliances would

10   experience and did experience severe physical, mental, and emotional injuries. Further, Defendants and

11   each of them through their officers, directors, managers, and agents, had knowledge that the subject

12   appliance presented a substantial and unreasonable risk of harm to the public, and as such, were

13   unreasonably subjected to risk of injury or death. Despite such knowledge, Defendants, and each of

14   them, acting through their officers, directors and managing agents for the purpose of enhancing

15   Defendant's profits, knowingly and deliberately failed to remedy the known defects in the product and

16   failed to warn the public, including Plaintiff, of the extreme risk of injury occasioned by said defects

17   inherent in the product. Defendants and their individual agents, officers, and directors intentionally

18   proceeded with the manufacturing, sale, and distribution and marketing of the subject appliance knowing

19   persons would be exposed to serious danger in order to advance Defendants' own pecuniary interest and

20   monetary profits. Defendants' conduct was fraudulent, despicable, and so contemptible that it would be

21   looked down upon and despised by ordinary decent people, and was carried on by Defendants with

22   wilful and conscious disregard for the safety of Plaintiff, entitling Plaintiff to exemplary damages.

23

24

25                            **FIRST CAUSE OF ACTION**

26                             **Fraudulent Concealment**

27                        [Against All Defendants and DOES 1 – 100]

28        32.    Plaintiff incorporates by reference, as though fully set forth herein, each and every

-7-

**COMPLAINT FOR DAMAGES**

EXHIBIT *B* PAGE *5/5*

1    allegation and statement contained in the foregoing paragraphs.

2        32.    As alleged herein, Defendants and each of them, knew that certain of the appliances it

3    designed, manufactured, marketed, installed, serviced distributed, and sold in the State of California

4    contained defects in the causing users to become electrocuted and, at all times relevant, Defendants

5    concealed and suppressed this material fact from Plaintiff.

6        33.    At all times relevant, Defendants and each of them, had exclusive and superior

7    knowledge of the defects and concealed, suppressed and failed to disclose the true facts to Plaintiff who,

8    at all times relevant, was ignorant of and was unaware of the existence and nature of the defects. The

9    defendants therefore had a duty to disclose the nature and existence of the defects before and after the

10   appliance was purchased. Had the defendants disclosed the whole truth about the existence and nature of

11   the defects, Plaintiff would have not purchased the appliance.

12       34.    As alleged herein, the defendants and each of them, made repeated statements to

13   Plaintiff, touting the safety and reliability of the subject appliance.  These statements were untrue as the

14   appliances were defective and dangerous.

15       35.    At all times relevant, the defendants and each of them, intentionally concealed and

16   suppressed the nature and extent of the defects with the intent to defraud Plaintiff.

17       36.    Plaintiff was at all times relevant, unaware and ignorant of the nature and existence of the

18   defects in the subject appliance.

19       37.    At all times relevant, defendants and each of them, purposefully and intentionally

20   devised its scheme of concealment and suppression of the true facts concerning the existence and nature

21   of the defects.

22       38.    As a direct and proximate result of defects in the appliance and the wrongful conduct,

23   acts, omissions, and fraudulent misrepresentations of the defendants, Plaintiff suffered the injuries and

24   damages as alleged herein.

25

26                            **SECOND CAUSE OF ACTION**

27                                   Negligence

28                        [Against All Defendants and DOES 1 – 100]

                                      -8-
                          **COMPLAINT FOR DAMAGES**

EXHIBIT B PAGE 46

39.    Plaintiff incorporates by reference, as though fully set forth herein, each and every allegation and statement contained in the foregoing paragraphs.

40.    Plaintiff Laura Taylor purchased the subject appliance at the retail store owned, operated and controlled by the defendants.

41.    As stated above, the appliance was installed and serviced by the defendants in the plaintiff's home.

42.    Plaintiff is informed and believes, and thereupon alleges that the defendants failed to competently and correctly perform the installation and servicing of the appliance.

43.    After the installation and servicing, the defendants released the appliance to plaintiff with the representation that said appliance had been properly inspected, maintained, installed, serviced, and repaired and therefore, considered safe to operate in all foreseeable manners and circumstances.

44.    On or about July 5, 2010, plaintiff was electrocuted when she touched the appliance.

44.    Plaintiff is informed and believes, and thereupon alleges that the defendants, knowingly failed to competently and correctly perform the above-referenced installation, service, repair, and maintenance.

45.    Plaintiff is informed and believes, and thereupon alleges, that at all times relevant hereto, defendants were engaged in the business of manufacturing, fabricating, designing, assembling, distributing, buying, selling, leasing, placing into the stream of commence, labeling, inspecting, testing, analyzing, servicing, repairing, marketing, promoting, warranting, analyzing, maintaining, controlling, installing, fitting, entrusting, managing, advertising, supervising the use of, making representations about and/or warning of defects in, or dangers associated with the use of, the subject household appliance and its model lines, including all component parts, and had a duty to manufacture, fabricate, design, assemble, distribute, buy, sell, install, maintain, inspect, test analyze, service, repair, market, warrant, maintain, control, install, fit, entrust, manage, advertise, supervise the use of, make representations about and/or warning of defects in, or dangers associated with the use of the appliance and its model line, including all component parts, in a reasonable manner, which said defendants knew, or in the exercise of reasonable care should have known, would be used without inspection for defects and dangers.

46.    Plaintiff is informed and believes, and thereupon alleges that the electrocuting mechanism of the subject appliance and all other appliances in the model line were and are substantially similar in

-9-

**COMPLAINT FOR DAMAGES**

EXHIBIT _B_ PAGE _47_

1   design and manufacture.

2       47.   Plaintiff is informed and believes, and thereupon alleges, that at all times relevant hereto,

3   defendants and each of them, including their employees, agents, directors, officers, stockholders, partners

4   and associates, had a legal duty to adequately and properly manage and operate their business and their

5   manufacturing, servicing, installation, distribution, and retail operations; to adequately and properly train

6   and supervise their employees and agents, including their designers, installers, servicors, inspectors, quality

7   control agents and other manufacturing, testing, distribution and delivery personnel; and to act without

8   negligence, or other wrongful conduct.

9       48.   Plaintiff is informed and believes, and thereupon alleges, that at all times relevant hereto,

10  defendants and each of them, breached their above-mentioned duties by negligently, recklessly, and/or

11  carelessly manufacturing, fabricating, designing, assembling, distributing, buying, selling, inspecting,

12  testing, analyzing, servicing, repairing, marketing, warranting, maintaining, controlling, installing,

13  fitting, entrusting, managing, advertising, supervising the use of, making representations about and/or

14  warning of defects in, or dangers associated with the use of, the subject appliance, including all

15  component parts, thereby rendering the subject appliance unsafe and dangerous for use by users,

16  consumers, and bystanders, which proximately caused the injuries and damages to plaintiff as alleged

17  herein.

18      51.   Said failures by the aforementioned defendants, including the defendant designers,

19  manufacturers, installers, servicers, distributors and retailers constituted a breach of the aforementioned

20  duties that in a foreseeable manner, legally and proximately caused the serious and permanent injuries

21  and other damage to plaintiff herein asserted.

22      51.   In addition, defendants and each of them, negligently and carelessly sold, designed,

23  manufactured, fabricated, distributed, retailed, wholesaled, recommended, tested, modified, controlled,

24  advertised, created, processed, prepared, constructed, packaged, utilized, provided, warranted, repaired,

25  maintained, marketed, bought, leased, rented, vended, installed, handled, labeled, compounded,

26  promoted, furnished, analyzed, inspected, supplied, and place into the stream of commerce, the

27  aforementioned subject appliance including, but not limited to, its component parts, ingredients,

28  packaging, attachments, associated warnings, and constituents thereof, and lack of the same.  Said

-10-

**COMPLAINT FOR DAMAGES**

EXHIBIT _B_ PAGE _48_

1    negligence included, but was not limited to, supplying inadequate and improper on-product and other

2    warnings and instructions regarding the defects and dangerous propensities of the aforementioned

3    subject appliance.

4        53.    Plaintiff is informed and believes and thereupon alleges that defendants and each of them,

5    as asserted above, negligently and carelessly failed to inform purchasers and users of said subject

6    appliance and others, including plaintiff that the aforementioned subject appliance was defective and

7    unsafe, and prone to electrocution of users, due to the aforementioned defects.

8        54.    Plaintiff is informed and believes and thereupon alleges that defendants and each of them,

9    in conducting their business, and in selling, designing, manufacturing, fabricating, distributing, retailing,

10   wholesaling, recommending, testing, modifying, controlling, advertising, creating, processing, preparing,

11   constructing, packaging, utilizing, providing, warranting, repairing, maintaining, marketing, leasing,

12   renting, vending, installing, handling, labeling, promoting, advertising, furnishing, analyzing, inspecting,

13   supplying, and placing into the stream of commerce the aforementioned subject appliance, either lacked

14   or failed to use the knowledge and skill ordinarily possessed by similarly-situated persons, companies,

15   designers, manufacturers, testers, assemblers, inspectors, installers, servicors, distributors, retailers and

16   suppliers of such products.

17       55.    To the detriment of the health and safety of its consumers, defendants and each of them,

18   ignored complaints and notices about the dangerously defective appliance.

19       56.    As herein asserted, plaintiff touched the defective appliance when it electrocuted her and

20   thereby legally and proximately caused her injuries and damages. Due to said defects in the subject

21   appliance, plaintiff suffered injuries as set forth above.

22       57.    The defective and dangerous design, manufacture and performance of the subject

23   appliance and the fact that it was unsafe for its intended use and purpose when employed in a reasonable

24   and foreseeable manner by plaintiff was known to defendants and each of them, or in the exercise of

25   reasonable care should have been known and discovered by the defendants, and each of them. Further,

26   the defective and dangerous condition of the subject appliance were not made known to plaintiff by

27   defendants and each of them.

28       58.    Plaintiff is informed and believes and thereupon alleges that defendants and each of them,

COMPLAINT FOR DAMAGES

EXHIBIT B  PAGE 49

1   knew of the risk of serious injury or death from said subject appliance due to the defectively designed

2   and manufactured nature of the subject appliance and said defendants consciously decided to design,

3   manufacture, distribute and/or sell said subject appliance in its defective state without adequate warning

4   or proper instructions to owners and users of said appliance in order to save money, increase profits and

5   prevent loss of sales.  These despicable acts by said defendants were done to deliberately prevent the

6   general public from becoming aware that the appliance was and continues to be unsafe, dangerous and

7   defective.

8         59.    Further, plaintiff is informed and believes and thereupon asserts that defendants and each

9   of them, knew or in the exercise of reasonable care should have known of the many other earlier deaths,

10  injuries, consumer complaints and lawsuits involving substantially similar electrocution caused by

11  defects in the subject appliance model line, including earlier versions and similar products, due to the

12  inadequate and improper warnings and instructions, and said design and manufacturing defects, and

13  failure to warn of the defects, in conscious disregard to the rights and safety of others, including plaintiff

14  herein, said defendants chose not to design, redesign or repair the subject appliance in a proper and

15  defect free manner, properly and fully recall the product in a timely manner, and/or adequately warn of

16  the defects and dangers.

17        60.    In addition, plaintiff is informed and believes and thereupon alleges that the aforementioned

18  acts, omissions, negligence, malfeasance, nonfeasance, despicable conduct, and conscious disregard by

19  defendants and each of them, were done by employees of defendants, and each of them with the advance

20  knowledge, authorization, approval, participation or ratification of the officers, directors and/or managing

21  agents of defendants, and each of them.

22        61.    Plaintiff is informed and believes and thereupon alleges that the aforementioned acts,

23  omissions, despicable conduct and malfeasance were done by the defendants and each of them,

24        62.    Plaintiff is informed and believes and thereupon alleges that information in the possession

25  of defendants and each of them, regarding the defective and dangerous condition of the defective appliance

26  moved upward through the structure of management to a point where corporate policy was formulated.

27        63.    Plaintiff is informed and believes and thereupon alleges that corporate policymakers and

28  other persons who exercised discretionary authority and were authorized to make corporate policy on

-12-

COMPLAINT FOR DAMAGES

EXHIBIT _B_ PAGE _50_

1  behalf of defendants and each of them, were in fact aware of risks to the safety of others posed by the

2  defective and dangerous condition of the subject appliance, including but not limited to the defective

3  electrocution causing mechanism, and chose not to take any corrective action.

4       64.   Plaintiff is informed and believes and thereupon alleges that the entire corporate organization

5  of the defendants and each of them, acted despicably, with malice and in willful and conscious disregard of

6  the rights and safety of others, in that persons in the management structure of said defendants decided to

7  proceed with the design, production, manufacture and marketing of the appliance despite knowledge of the

8  defective and dangerous condition of the said appliance.

9       65.   Plaintiff is informed and believes and thereupon alleges that authorized persons within

10  the corporate hierarchy of the defendants acted despicably, with malice and in willful and conscious

11  disregard of the rights and safety of others, in that corporate policymakers and other persons who

12  exercised discretionary authority and were authorized to make corporate policy decisions on behalf of

13  said defendants did in fact compromise consumer safety by reducing costs and/or expediting production

14  of the appliance in willful and conscious disregard of consumer safety.

15       66.   As a direct, legal and proximate result of the negligence, carelessness, malice, and

16  conscious disregard for the rights and safety of others and despicable conduct on the part of the

17  defendants, the appliance electrocuted the plaintiff and caused injuries and losses to plaintiff.

18       67.   The aforementioned negligence, carelessness, malice, conscious disregard for the safety

19  of others and despicable conduct of the defendants directly, legally and proximately caused injuries that

20  resulted in the injuries and losses to plaintiff as herein described.

21       68.   As a further direct and proximate result of the above-described acts by defendants,

22  plaintiff has been harmed in that he has suffered and will continue to suffer mental anguish, and severe

23  emotional and physical distress. Said damages are in a sum in excess of the jurisdictional limit of this

24  Court, the exact amount of which is not yet known to plaintiff, but which amount will be proved at the

25  time of trial.

26       69.   As a further direct and proximate result of the acts and omissions of defendants, plaintiff

27  has sustained severe and permanent injuries to his health, and severe shock to her nervous system, and

28  was caused to suffer severe physical and mental pain. Said damages are in a sum the exact amount of

EXHIBIT *B* PAGE *51*

1   which is not yet known to plaintiff, but which amount will be proved at the time of trial.

2       70.   As a direct, proximate, and legal result of the acts and omissions by defendants, plaintiff

3   suffered and will continue to suffer damages in a sum in excess of the jurisdictional limit of this Court,

4   the exact amount of which is not yet known to plaintiff, but which amount will be proved at the time of

5   trial.

6       71.   As a further direct and proximate result of acts and omissions of defendants, plaintiff was

7   required to and did employ physicians, and other medical personnel to treat and care for them, and

8   incurred additional medical expenses for hospital bills and other incidental medical expenses.  Plaintiff

9   is informed and believe, and thereupon alleges, that he will be required to incur additional medical and

10   sundry expenses in the future.  Said damages are in a sum the exact amount of which is not yet known to

11   plaintiff, but which amount will be proved at the time of trial.

12       72.   As a further direct and proximate result of the acts and omissions of defendants, plaintiff has

13   suffered a loss of earnings will be prevented from pursing gainful employment and/or business ventures in

14   the future, and therefore he will suffer lost future earnings and income, and/or a diminution of his future

15   earning capacity.  Said damages are in a sum the exact amount of which is not yet known to plaintiff, but

16   which amount will be proved at the time of trial.

17       73.   Plaintiff further asserts that the aforementioned despicable conduct, malice and conscious

18   disregard for the safety of others by defendants and the pecuniary losses, personal injuries and other

19   damages thereby incurred and suffered by plaintiff, justifies an award of exemplary damages against said

20   defendants and in favor of the plaintiff in an amount properly calculated to punish said defendants for

21   their malice, conscious disregard for the safety of others and despicable conduct, and to deter any such

22   malice, conscious disregard for the safety of others and despicable conduct in the future.

23

24                 **THIRD CAUSE OF ACTION**

25                    **Strict Products Liability**

26               [Against All Defendants and DOES 1 – 100]

27       74.   Plaintiff incorporates by reference, as though fully set forth herein, each and every allegation

28   and statement contained in the foregoing paragraphs.

-14-


EXHIBIT *B* PAGE *52*

75.   Plaintiff is informed and believes, and thereon alleges, that the aforementioned subject appliance and its component parts and constituents thereof, or lack of same, were defectively designed, manufactured, fabricated, distributed, sold, retailed, wholesaled, recommended, tested, modified, controlled, advertised, created, processed, prepared, constructed, packaged, utilized, provided, warranted, repaired, maintained, marketed, leased, rented, vended, installed, handled, labeled, promoted, furnished, analyzed, inspected, supplied, warned, and placed into the stream of commerce by defendants.

76.   Defendants designed, manufactured, distributed and sold the subject appliance and placed the subject appliance into the stream of commerce knowing that the subject appliance would be used in its intended manner.

77.   At the time of the aforesaid events, the subject appliance which was being used in a reasonably foreseeable manner, failed to perform as safely as an ordinary consumer would have expected, failed to conform with its manufacturing specifications, failed to contain adequate warnings, and its design was a substantial factor in causing injuries.

78.   As a direct and proximate result of defects in the subject appliance and the wrongful conduct, acts, omissions, and fraudulent misrepresentations of defendants, Plaintiff suffered the injuries and damages as alleged herein.

79.   Defendants manufactured, fabricated, designed, assembled, marketed, warranted, controlled, entrusted, managed, maintained, advertised, installed, serviced, inspected, maintained, repaired, and/or otherwise placed in the stream of commerce the subject appliance and model line, including all component parts thereof, which contained design and/or manufacturing defects and/or improper, defective, and dangerous and/or dangerously constructed that were capable of causing, and did cause, personal injuries to the users, consumers, and bystanders thereof, while being used in a reasonably foreseeable manner, thereby rendering the subject appliance and model line unsafe and dangerous for use by such users, consumers, and bystanders.

80.   Plaintiff is informed and believes, and thereupon alleges, that at all times relevant hereto, the subject appliance and model line, including all or some component parts was defective when placed in the stream of commerce by defendants and was of such a nature that the defects would not be discovered in the normal course of inspection and/or use by users or consumers of the subject appliance

**COMPLAINT FOR DAMAGES**

EXHIBIT _B_ PAGE _53_

1   and model line.

2        81.    In addition, defendants negligently and carelessly sold, designed, manufactured,

3   fabricated, distributed, retailed, installed, serviced, wholesaled, recommended, tested, modified,

4   controlled, advertised, created, processed, prepared, constructed, packaged, utilized, provided,

5   warranted, repaired, maintained, marketed, bought, leased, rented, vended, installed, handled, labeled,

6   compounded, promoted, furnished, analyzed, inspected, supplied, and place into the stream of

7   commerce, the aforementioned subject appliance including, but not limited to, its component parts,

8   ingredients, packaging, attachments, associated warnings, and constituents thereof, and lack of the same.

9   Said negligence included, but was not limited to, supplying inadequate and improper on-product and

10  other warnings and instructions regarding the defects and dangerous propensities of the aforementioned

11  appliance.

12       82.    Plaintiff is informed and believes and thereupon alleges that defendants and each of them,

13  as asserted above, negligently and carelessly failed to inform purchasers and users of said appliance and

14  others, including plaintiff that the aforementioned appliance was defective and unsafe, and prone to

15  electrocution due to the aforementioned defects.

16       83.    Plaintiff is informed and believes and thereupon alleges that defendants, in conducting

17  their business, and in selling, installing, servicing, designing, manufacturing, fabricating, distributing,

18  retailing, wholesaling, recommending, testing, modifying, controlling, advertising, creating, processing,

19  preparing, constructing, packaging, utilizing, providing, warranting, repairing, maintaining, marketing,

20  leasing, renting, vending, installing, handling, labeling, promoting, advertising, furnishing, analyzing,

21  inspecting, supplying, and placing into the stream of commerce the aforementioned appliance either

22  lacked or failed to use the knowledge and skill ordinarily possessed by similarly-situated persons,

23  companies, designers, manufacturers, testers, assemblers, installers, servicors, inspectors, distributors,

24  retailers and suppliers of such products.

25       84.    To the detriment of the health and safety of its consumers, defendants consciously disregarded

26  and ignored complaints and notices about the dangerously defective appliance.

27       85.    As herein asserted, plaintiff was electrocuted when she touched the subject appliance.

28       86.    Due to said defects in the appliance, plaintiff suffered injuries and losses when the appliance

-16-

COMPLAINT FOR DAMAGES

EXHIBIT B PAGE 54

failed to function adequately and safely.

87.    The defective and dangerous design, manufacture and performance of the appliance and the fact that it was unsafe for its intended use and purpose when employed in a reasonable and foreseeable manner by plaintiff was known to defendants or in the exercise of reasonable care should have been known and discovered by the defendants, and each of them.  Further, the defective and dangerous condition of the subject appliance, were not made known to plaintiff by defendants.

88.    Plaintiff is informed and believes and thereupon alleges that defendants knew of the danger of serious injury or death from said appliance due to the defectively designed and manufactured nature of the appliance and said defendants consciously decided to design, manufacture, distribute and/or sell said appliance in its defective state without adequate warning or proper instructions to owners and users of said appliance.

89.    Further, plaintiff is informed and believes and thereupon asserts that defendants knew or in the exercise of reasonable care should have known of the many other earlier deaths, injuries, consumer complaints and lawsuits involving substantially similar electrocution caused by the appliance and its model line, including earlier versions and similar products, due to the inadequate and improper warnings and instructions, and said design and manufacturing defects, but in conscious disregard of the rights and safety of others, including plaintiff herein, said defendants nevertheless chose not to design, redesign or repair the appliance in a proper and defect free manner, properly and fully recall the product in a timely manner, and/or adequately warn of the defects and dangers.

90.    In addition, plaintiff is informed and believes and thereupon alleges that the aforementioned acts, omissions, negligence, malfeasance, nonfeasance, despicable conduct, and conscious disregard by defendants were done by employees of defendants, and each of them with the advance knowledge, authorization, approval, participation or ratification of the officers, directors and/or managing agents of defendants, and each of them.

91.    Plaintiff is informed and believes and thereupon alleges that the aforementioned acts, omissions, despicable conduct and malfeasance were done by the defendants with malice and in conscious disregard of the rights and safety of others.

92.    Plaintiff is informed and believes and thereupon alleges that information in the possession

-17-

**COMPLAINT FOR DAMAGES**

EXHIBIT _B_ PAGE _55_

1  of defendants inclusive and each of them, regarding the defective and dangerous condition of the appliance,

2  including but not limited to the electrocution risk moved upward through the structure of management to

3  a point where corporate policy was formulated.

4      93.    Plaintiff is informed and believes and thereupon alleges that corporate policymakers and other

5  persons who exercised discretionary authority and were authorized to make corporate policy on behalf of

6  defendants inclusive and each of them, were in fact aware of risks to the safety of others posed by the

7  defective and dangerous condition of the appliance and chose not to take any corrective action.

8      94.    Plaintiff is informed and believes and thereupon alleges that the entire corporate

9  organization of the defendants acted despicably, with malice and in willful and conscious disregard of

10  the rights and safety of others, in that persons in the management structure of said defendants, wherein

11  corporate policy was formulated decided to proceed with the design, production, manufacture and

12  marketing of the appliance model line despite knowledge of the defective and dangerous condition of

13  the appliance.

14      95.    Plaintiff is informed and believes and thereupon alleges that authorized persons within the

15  corporate hierarchy of the defendants acted despicably, with malice and in willful and conscious disregard

16  of the rights and safety of others, in that corporate policymakers and other persons who exercised

17  discretionary authority and were authorized to make corporate policy decisions on behalf of said defendants

18  did in fact compromise consumer safety by reducing costs and/or expediting production of the appliance.

19      96.    As a direct, legal and proximate result of the negligence, carelessness, malice, conscious

20  disregard for the safety of others and despicable conduct on the part of the defendants described above,

21  the appliance caused plaintiff to be electrocuted.

22      97.    The aforementioned negligence, carelessness, malice, conscious disregard for the safety of

23  others and despicable conduct of the defendants directly, legally and proximately caused injuries that

24  resulted in the injuries and losses to plaintiff as herein described.

25      98.    As a further direct and proximate result of the above-described despicable acts by defendants,

26  plaintiff has been harmed in that he has suffered and will continue to suffer mental anguish, and severe

27  emotional and physical distress. Said damages are in a sum in excess of the jurisdictional limit of this Court,

28  the exact amount of which is not yet known to plaintiff, but which amount will be proved at the time of trial.

**COMPLAINT FOR DAMAGES**

EXHIBIT B  PAGE 56

99.     As a further direct and proximate result of the acts and omissions of defendants, plaintiff has sustained severe and permanent injuries to her health, and severe shock to his nervous system, and was caused to suffer severe physical and mental pain. Said damages are in a sum the exact amount of which is not yet known to plaintiff, but which amount will be proved at the time of trial.

100.    As a direct, legal and proximate result of the negligence, carelessness, malice, conscious disregard for the safety of others and despicable conduct on the part of defendants, as alleged herein, plaintiff suffered and will continue to suffer damages in a sum in excess of the jurisdictional limit of this Court, the exact amount of which is not yet known to plaintiff, but which amount will be proved at the time of trial.

101.    As a further direct and proximate result of the acts and omissions of defendants, plaintiff has lost earnings and will be prevented from pursing gainful employment and/or business ventures in the future, and therefore she will suffer lost future earnings and income, and/or a diminution of his future earning capacity. Said damages are in a sum the exact amount of which is not yet known to plaintiff, but which amount will be proved at the time of trial.

102.    As a further direct and proximate result of acts and omissions of defendants, plaintiff was required to and did employ physicians, and other medical personnel to treat and care for her, and incurred additional medical expenses for hospital bills and other incidental medical expenses.

103.    Plaintiff is informed and believes, and thereupon alleges, that he will be required to incur additional medical and sundry expenses in the future. Said damages are in a sum the exact amount of which is not yet known to plaintiff, but which amount will be proved at the time of trial.

104.    As a further direct and proximate result of the acts and omissions of defendants, plaintiff will be prevented from pursing gainful employment and/or business ventures in the future, and therefore will suffer lost future earnings and income, and/or a diminution of his future earning capacity. Said damages are in a sum the exact amount of which is not yet known to plaintiff, but which amount will be proved at the time of trial.

105.    Plaintiff further asserts that the aforementioned despicable conduct, malice and conscious disregard for the safety of others by defendants  and the pecuniary losses, personal injuries and other damages thereby incurred and suffered by plaintiff, justifies an award of exemplary damages against said defendants and in favor of the plaintiff in an amount properly calculated to punish said defendants for their

EXHIBIT *B* PAGE *57*

1    malice, conscious disregard for the safety of others and despicable conduct, and to deter any such malice,

2    conscious disregard for the safety of others and despicable conduct in the future.

3

4                              FOURTH CAUSE OF ACTION

5                                Breach of Express Warranty

6                              [Against All Defendants and DOES 1 – 100]

7        106.    Plaintiff incorporates by reference, as though fully set forth herein, each and every allegation

8    and statement contained in the foregoing paragraphs.

9        107.    At all times herein mentioned, the defendants expressly warranted to plaintiff and the

10   general consuming public, through print, media and television advertising and other express means, that

11   the subject appliance and model line was of merchantable quality and was safe for its ordinary, intended,

12   foreseeable and expected use, and that such use would not cause injuries of the nature herein-described

13   to plaintiff. In addition, said defendants, and each of them, expressly warranted that there was no

14   substantial risk of electrocution or other inherent failures or defects in said subject appliance and/or

15   model line.

16       108.    Plaintiff is informed and believe, and thereupon allege, that at all times relevant hereto,

17   defendants expressly warranted to the consuming public that the subject appliance and model line,

18   including all component parts, was of merchantable quality, fit for the purpose for which it was to be

19   used, and free from design, manufacturing and/or modification defects.

20       109.    Plaintiff is informed and believe, and thereupon allege, that at all times relevant hereto, the

21   subject appliance was not of merchantable quality, fit for the purpose for which it was to be used, and/or free

22   from design, manufacturing and/or modification defects.

23       110.    Plaintiff is informed and believes, and thereupon alleges, that at all times relevant hereto the

24   subject appliance and model line was defectively designed and/or manufactured and imminently dangerous

25   to users, consumers, and bystanders in that it was capable of causing, and, in fact, did cause, personal

26   injuries to users, consumers and bystanders, while being used in a reasonably foreseeable manner, thereby

27   rendering the subject appliance and model line unsafe and dangerous for use by users, consumers or

28   bystanders.

                                    -20-

EXHIBIT B   PAGE 52

111.   Plaintiff is informed and believes that the subject appliance was not of merchantable quality and was not as warranted by said defendants, thus constituting a breach of said warranty; and as a direct, legal and proximate result of plaintiff's reliance on said warranties and the breach of said warranties, plaintiff sustained the herein-described losses and damages.

112.   Plaintiff is informed and believes and thereupon asserts that said defendants, and each of them, received timely notice of said breach of warranties.

113.   Plaintiff is informed and believes and thereupon asserts that said defendants, and each of them, knew or, in the exercise of reasonable care, should have known of the dangerous, defective, unfit and unsafe condition of the aforementioned subject appliance and the fact that it was not safe or suitable for its intended use, nor of merchantable, safe or operational quality.

114.   As a direct, legal and proximate result of the breaches of warranties on the part of the defendants, the subject appliance electrocuted the plaintiff.

115.   The aforementioned breaches of warranties of the defendants, directly, legally and proximately caused injuries that resulted in severe and permanent injuries to plaintiff, and severe shock to her nervous system, and was caused to suffer extreme physical and mental pain.

116.   As a direct, legal and proximate result of the breaches of warranties by defendants, and the defective nature of the subject appliance, plaintiff suffered and sustained injuries, harm and losses, including loss and damage to valuable tangible items of personal property and other compensable damages within the jurisdiction of the Superior Court of California.

117.   As herein asserted, plaintiff was electrocuted when she touched the subject appliance.

118.   Due to said defects in the subject appliance, plaintiff suffered injuries and losses when the subject appliance failed to function adequately, safely, or as designed.

119.   The defective and dangerous design, manufacture, service, maintenance, installation, and performance of the subject appliance and the fact that it was unsafe for its intended use and purpose when employed in a reasonable and foreseeable manner by plaintiff was known to defendants, or in the exercise of reasonable care should have been known and discovered by the defendants, and each of them. Further, the defective and dangerous condition of the subject appliance, were not made known to plaintiff by defendants.

-21-

COMPLAINT FOR DAMAGES

EXHIBIT _B_ PAGE _59_

120. Plaintiff is informed and believes and thereupon alleges that defendants knew of the danger of serious injury or death from said subject appliance due to the defectively designed and manufactured nature of the subject appliance and said defendants decided to design, manufacture, install, service, distribute and/or sell said subject appliance in its defective state without adequate warning or proper instructions to owners and users of said subject appliance.

121. Further, plaintiff is informed and believes and thereupon asserts that defendants, knew or in the exercise of reasonable care should have known of the many other earlier deaths, injuries, consumer complaints and lawsuits involving substantially similar electrocution caused by the subject appliance and its model line, including earlier versions and similar products, due to the inadequate and improper warnings and instructions, and said design and manufacturing defects, said defendants nevertheless chose not to design, redesign or repair the subject appliance in a proper and defect free manner, properly and fully recall the product in a timely manner, and/or adequately warn of the defects and dangers.

122. In addition, plaintiff is informed and believes and thereupon alleges that the aforementioned acts, omissions, and negligence by defendants were done by employees of defendants, and each of them with the advance knowledge, authorization, approval, participation or ratification of the officers, directors and/or managing agents of defendants, and each of them.

123. Plaintiff is informed and believes and thereupon alleges that the aforementioned acts and omissions were done by the defendants.

124. Plaintiff is informed and believes and thereupon alleges that information in the possession of defendants regarding the defective and dangerous condition of the subject appliance model line moved upward through the structure of management to a point where corporate policy was formulated.

125. Plaintiff is informed and believes and thereupon alleges that corporate policymakers and other persons who exercised discretionary authority and were authorized to make corporate policy on behalf of defendants and each of them, were in fact aware of risks to the safety of others posed by the defective and dangerous condition of the subject appliance.

126. Plaintiff is informed and believes and thereupon alleges that the entire corporate organization of the defendants acted negligently, in that persons in the management structure of said defendants, wherein corporate policy was formulated decided to proceed with the design, production, manufacture and marketing

EXHIBIT B PAGE 60

1    of the subject appliance model line despite knowledge of the defective and dangerous condition of the

2    subject appliance and the subject appliance.

3        127.   Plaintiff is informed and believes and thereupon alleges that authorized persons within the

4    corporate hierarchy of the defendants acted negligently in that corporate policymakers and other persons who

5    exercised discretionary authority and were authorized to make corporate policy decisions on behalf of said

6    defendants did in fact compromise consumer safety by reducing costs and/or expediting production of the

7    subject appliance.

8        128.   As a further direct and proximate result of the above-described acts by defendants plaintiff

9    has been harmed in that she has suffered and will continue to suffer mental anguish, and severe emotional

10   and physical distress. Said damages are in a sum in excess of the jurisdictional limit of this Court, the exact

11   amount of which is not yet known to plaintiff, but which amount will be proved at the time of trial.

12       129.   As a further direct and proximate result of the acts and omissions of defendants, plaintiff has

13   sustained severe and permanent injuries to his health, and severe shock to his nervous system, and was

14   caused to suffer severe physical and mental pain. Said damages are in a sum the exact amount of which is

15   not yet known to plaintiff, but which amount will be proved at the time of trial.

16       130.   As a direct, proximate, and legal result of the acts and omissions by defendants, plaintiff

17   suffered and will continue to suffer damages in a sum in excess of the jurisdictional limit of this Court, the

18   exact amount of which is not yet known to plaintiff, but which amount will be proved at the time of trial.

19       131.   As a further direct and proximate result of the acts and omissions of defendants, plaintiff has

20   lost earnings and will be prevented from pursing gainful employment and/or business ventures in the future,

21   and therefore he will suffer lost future earnings and income, and/or a diminution of his future earning

22   capacity. Said damages are in a sum the exact amount of which is not yet known to plaintiff, but which

23   amount will be proved at the time of trial.

24       132.   As a further direct and proximate result of acts and omissions of defendants, plaintiff was

25   required to and did employ physicians, and other medical personnel to treat and care for him, and incurred

26   additional medical expenses for hospital bills and other incidental medical expenses.

27       133.   Plaintiff is informed and believes, and thereupon alleges, that he will be required to incur

28   additional medical and sundry expenses in the future. Said damages are in a sum the exact amount of which

COMPLAINT FOR DAMAGES

EXHIBIT _B_ PAGE _61_

1   is not yet known to plaintiff, but which amount will be proved at the time of trial.

2         134.    As a further direct and proximate result of the acts and omissions of defendants, plaintiff will

3   be prevented from pursing gainful employment and/or business ventures in the future, and therefore will

4   suffer lost future earnings and income, and/or a diminution of his future earning capacity. Said damages are

5   in a sum the exact amount of which is not yet known to plaintiff, but which amount will be proved at the

6   time of trial.

7

8                        **FIFTH CAUSE OF ACTION**

9                        **Breach of Implied Warranty**

10                        [Against All Defendants and DOES 1 – 100]

11         135.    Plaintiff incorporates by reference, as though fully set forth herein, each and every allegation

12   and statement contained in the foregoing paragraphs.

13         136.    At all times herein mentioned, the defendants, impliedly warranted to plaintiff and the general

14   consuming public, through print, media and television advertising and other express means, that the subject

15   appliance and model line was of merchantable quality and was safe for its ordinary, intended, foreseeable

16   and expected use, and that such use would not cause injuries of the nature herein-described to plaintiff. In

17   addition, said defendants, and each of them, impliedly warranted that there was no substantial risk of

18   electrocution in the subject appliance and/or model line.

19         137.    Plaintiff is informed and believe, and thereupon allege, that at all times relevant hereto,

20   defendants, inclusive and each of them, impliedly warranted to the consuming public that the subject

21   appliance and model line, including all component parts, was of merchantable quality, fit for the purpose

22   for which it was to be used, and free from design, manufacturing and/or modification defects.

23         138.    Plaintiff is informed and believe, and thereupon allege, that at all times relevant hereto, the

24   subject appliance was not of merchantable quality, fit for the purpose for which it was to be used, and/or free

25   from design, manufacturing and/or modification defects.

26         139.    Plaintiff is informed and believe, and thereupon allege, that at all times relevant hereto, the

27   subject appliance was not of merchantable quality, fit for the purpose for which it was to be used, and/or free

28   from reconditioning and restoring defects.

EXHIBIT B PAGE 62

140.   Plaintiff is informed and believes, and thereupon alleges, that at all times relevant hereto the subject appliance and model line was defectively designed and/or manufactured and imminently dangerous to users, consumers, and bystanders in that it was capable of causing, and, in fact, did cause, personal injuries to users, consumers and bystanders, while being used in a reasonably foreseeable manner, thereby rendering the subject appliance and model line unsafe and dangerous for use by users, consumers or bystanders.

141.   Said subject appliance was not of merchantable quality and was not as warranted by said defendants, thus constituting a breach of said warranty; and as a direct, legal and proximate result of plaintiff's reliance on said warranties and the breach of said warranties, plaintiff sustained the herein-described losses and damages.

142.   Plaintiff is informed and believes and thereupon asserts that said defendants, and each of them, received timely notice of said breach of warranties.

143.   Plaintiff is informed and believes and thereupon asserts that said defendants, and each of them, knew or, in the exercise of reasonable care, should have known of the dangerous, defective, unfit and unsafe condition of the aforementioned subject appliance and the fact that it was not safe or suitable for its intended use, nor of merchantable, safe or operational quality.

144.   As a direct, legal and proximate result of the breaches of warranties on the part of the defendants, the subject appliance electrocuted the plaintiff.

145.   The aforementioned breaches of warranties of the defendants directly, legally and proximately caused injuries and losses to plaintiff as herein described.

146.   As a direct, legal and proximate result of the breaches of warranties of all of the defendants, and the defective nature of the subject appliance, plaintiff suffered and sustained injuries, harm and losses, including loss and damage to valuable tangible items of personal property and other compensable damages within the jurisdiction of the Superior Court of California.

147.   Due to said defects in the subject appliance, plaintiff suffered injuries and losses when the subject appliance failed to function adequately, safely, or as designed.

148.   As a direct, legal and proximate result of the negligence, breach of implied warranty, and carelessness, on the part of the defendants, the subject appliance electrocuted the plaintiff.

-25-

**COMPLAINT FOR DAMAGES**

EXHIBIT _B_ PAGE _63_

149.    The defective and dangerous design, manufacture and performance of the subject appliance and the fact that it was unsafe for its intended use and purpose when employed in a reasonable and foreseeable manner by plaintiff was known to defendants, or in the exercise of reasonable care should have been known and discovered by the defendants, and each of them.  Further, the defective and dangerous condition of the subject appliance were not made known to plaintiff by defendants.

150.    Plaintiff is informed and believes and thereupon alleges that defendants knew of the danger of serious injury or death from said subject appliance due to the defectively designed and manufactured nature of the subject appliance and said defendants consciously decided to design, manufacture, distribute and/or sell said subject appliance in its defective state without adequate warning or proper instructions to owners and users of said appliance.

151.    Further, plaintiff is informed and believes and thereupon asserts that defendants knew or in the exercise of reasonable care should have known of the many other earlier deaths, injuries, consumer complaints and lawsuits involving substantially similar electrocution caused by the subject appliance and its model line, including earlier versions and similar products, due to the inadequate and improper warnings and instructions, and said design and manufacturing defects, and failure to warn regarding electrocution and said other defects, said defendants nevertheless chose not to design, redesign or repair the subject appliance in a proper and defect free manner, properly and fully recall the product in a timely manner, and/or adequately warn of the defects and dangers.

152.    In addition, plaintiff is informed and believes and thereupon alleges that the aforementioned acts, omissions, and negligence by defendants, were done by employees of defendants, and each of them with the advance knowledge, authorization, approval, participation or ratification of the officers, directors and/or managing agents of defendants, and each of them.

153.    Plaintiff is informed and believes and thereupon alleges that the aforementioned acts and omissions were done by the defendants.

154.    Plaintiff is informed and believes and thereupon alleges that information in the possession of defendants inclusive and each of them, regarding the defective and dangerous condition of the subject appliance moved upward through the structure of management to a point where corporate policy was formulated.

EXHIBIT _B_ PAGE _64_

1    155.'   Plaintiff is informed and believes and thereupon alleges that corporate policymakers and other

2    persons who exercised discretionary authority and were authorized to make corporate policy on behalf of

3    defendants, were in fact aware of risks to the safety of others posed by the defective and dangerous condition

4    of the subject appliance and chose not to take any corrective action.

5    156.   Plaintiff is informed and believes and thereupon alleges that the entire corporate organization

6    of the defendants acted negligently, with malice and in conscious disregard of the rights and safety of others,

7    in that persons in the management structure of said defendants, wherein corporate policy was formulated

8    consciously decided to proceed with the design, production, manufacture and marketing of the subject

9    appliance model line despite knowledge of the defective and dangerous condition of the subject appliance

10   model.

11   157.   Plaintiff is informed and believes and thereupon alleges that authorized persons within the

12   corporate hierarchy of the defendants acted negligently, in that corporate policymakers and other persons

13   who exercised discretionary authority and were authorized to make corporate policy decisions on behalf of

14   said defendants did in fact compromise consumer safety by reducing costs and/or expediting production of

15   the subject appliance.

16   158.   As a further direct and proximate result of the above-described acts by defendants, plaintiff

17   has been harmed in that he has suffered and will continue to suffer mental anguish, and severe emotional

18   and physical distress. Said damages are in a sum in excess of the jurisdictional limit of this Court, the exact

19   amount of which is not yet known to plaintiff, but which amount will be proved at the time of trial.

20   159.   As a further direct and proximate result of the acts and omissions of defendants, plaintiff has

21   sustained severe and permanent injuries to his health, and severe shock to his nervous system, and was

22   caused to suffer severe physical and mental pain. Said damages are in a sum the exact amount of which is

23   not yet known to plaintiff, but which amount will be proved at the time of trial.

24   160.   As a direct, proximate, and legal result of the acts and omissions by defendants, plaintiff

25   suffered and will continue to suffer damages in a sum in excess of the jurisdictional limit of this Court, the

26   exact amount of which is not yet known to plaintiff, but which amount will be proved at the time of trial.

27   161.   As a further direct and proximate result of the acts and omissions of defendants, plaintiff will

28   be prevented from pursing gainful employment and/or business ventures in the future, and therefore she will

-27-

**COMPLAINT FOR DAMAGES**

EXHIBIT _B_ PAGE _65_

1   suffer lost future earnings and income, and/or a diminution of his future earning capacity. Said damages are

2   in a sum the exact amount of which is not yet known to plaintiff, but which amount will be proved at the

3   time of trial.

4       162.   As a further direct and proximate result of acts and omissions of defendants, plaintiff was

5   required to and did employ physicians, and other medical personnel to treat and care for him, and incurred

6   additional medical expenses for hospital bills and other incidental medical expenses.

7       163.   Plaintiff is informed and believes, and thereupon alleges, that he will be required to incur

8   additional medical and sundry expenses in the future. Said damages are in a sum the exact amount of which

9   is not yet known to plaintiff, but which amount will be proved at the time of trial.

10      164.   As a further direct and proximate result of the acts and omissions of defendants, plaintiff will

11  be prevented from pursing gainful employment and/or business ventures in the future, and therefore will

12  suffer lost future earnings and income, and/or a diminution of his future earning capacity. Said damages are

13  in a sum the exact amount of which is not yet known to plaintiff, but which amount will be proved at the

14  time of trial.

15

16      **WHEREFORE,** plaintiff LAURA TAYLOR, prays for judgment against the defendants as

17  follows:

18      Against all defendants, and each of them:

19      1.   For general damages incurred and suffered by plaintiff, including loss and damage to

20  valuable tangible items of personal property and other compensable damages, in an amount exceeding

21  the jurisdictional limits of this Court and according to proof at trial;

22      2.   For special damages, in an amount exceeding the jurisdictional limits of this Court and

23  according to proof at trial;

24      3.   For costs of suit incurred herein;

25      4.   For interest as provided by law;

26      5.   For such other and further relief as the Court may deem just and proper.

27      6.   For an award of exemplary damages, in an amount properly calculated to punish said

28  defendants for their despicable conduct, malice and conscious disregard for the safety of others, and to

-28-

**COMPLAINT FOR DAMAGES**

EXHIBIT _B_ PAGE _66_

1   deter any such despicable conduct, malice and conscious disregard for the safety of others in the future.

2

3   DATED: June 26, 2012                    CARPENTER, ZUCKERMAN & ROWLEY, LLP

4

5

6
                                            _____
7                                           John C. Carpenter
                                            Attorneys for Plaintiff
8

9

10                          DEMAND FOR JURY TRIAL

11      Plaintiff Laura Taylor, individually, hereby demands a jury trial in this action.

12

13  DATED: June 26, 2012                    CARPENTER, ZUCKERMAN & ROWLEY, LLP

14

15

16                                          _____
                                            John C. Carpenter
                                            Attorneys for Plaintiff
17

18

19

20

21

22

23

24

25

26

27

28

-29-

**COMPLAINT FOR DAMAGES**

EXHIBIT _B_ PAGE _67_

CM-010

**ATTORNEY OR PARTY WITHOUT ATTORNEY** *(Name, Sta... r number, and address):*
John C. Carpenter, Esq. (SBN 1555610)
CARPENTER, ZUCKERMAN & ROWLEY, LLP
8827 West Olympic Boulevard
Beverly Hills, CA 90211

TELEPHONE NO. (310) 273-1230    FAX NO. (310) 858-1063
**ATTORNEY FOR** *(Name):*

**SUPERIOR COURT OF CALIFORNIA, COUNTY OF** LOS ANGELES
STREET ADDRESS: 300 E. Walnut Street
MAILING ADDRESS: 300 E. Walnut Street
CITY AND ZIP CODE: Pasadena, CA 91101
BRANCH NAME: NORTHEAST DISTRICT

**CASE NAME:** LAURA TAYLOR v. WHIRLPOOL CORPORATION, et al.

FOR COURT USE ONLY

ORIGINAL FILED
MAY 9 2012
SUPERIOR COURT

| **CIVIL CASE COVER SHEET** | **Complex Case Designation** | **CASE NUMBER:** G C 0 4 9 7 2 7 |
|---|---|---|
| [x] Unlimited   [ ] Limited | [ ] Counter   [ ] Joinder | JUDGE |
| (Amount demanded exceeds $25,000) | (Amount demanded is $25,000 or less) | Filed with first appearance by defendant (Cal. Rules of Court, rule 3.402) | DEPT: |

*Items 1-6 below must be completed (see instructions on page 2).*

1. Check one box below for the case type that best describes this case:

**Auto Tort**
[ ] Auto (22)
[ ] Uninsured motorist (46)
**Other PI/PD/WD (Personal Injury/Property Damage/Wrongful Death) Tort**
[ ] Asbestos (04)
[ ] Product liability (24)
[ ] Medical malpractice (45)
[x] Other PI/PD/WD (23)
**Non-PI/PD/WD (Other) Tort**
[ ] Business tort/unfair business practice (07)
[ ] Civil rights (08)
[ ] Defamation (13)
[ ] Fraud (16)
[ ] Intellectual property (19)
[ ] Professional negligence (25)
[ ] Other non-PI/PD/WD tort (35)
**Employment**
[ ] Wrongful termination (36)
[ ] Other employment (15)

**Contract**
[ ] Breach of contract/warranty (06)
[ ] Rule 3.740 collections (09)
[ ] Other collections (09)
[ ] Insurance coverage (18)
[ ] Other contract (37)
**Real Property**
[ ] Eminent domain/Inverse condemnation (14)
[ ] Wrongful eviction (33)
[ ] Other real property (26)
**Unlawful Detainer**
[ ] Commercial (31)
[ ] Residential (32)
[ ] Drugs (38)
**Judicial Review**
[ ] Asset forfeiture (05)
[ ] Petition re: arbitration award (11)
[ ] Writ of mandate (02)
[ ] Other judicial review (39)

**Provisionally Complex Civil Litigation (Cal. Rules of Court, rules 3.400-3.403)**
[ ] Antitrust/Trade regulation (03)
[ ] Construction defect (10)
[ ] Mass tort (40)
[ ] Securities litigation (28)
[ ] Environmental/Toxic tort (30)
[ ] Insurance coverage claims arising from the above listed provisionally complex case types (41)
**Enforcement of Judgment**
[ ] Enforcement of judgment (20)
**Miscellaneous Civil Complaint**
[ ] RICO (27)
[ ] Other complaint *(not specified above)* (42)
**Miscellaneous Civil Petition**
[ ] Partnership and corporate governance (21)
[ ] Other petition *(not specified above)* (43)

2. This case [ ] is [ ] is not    complex under rule 3.400 of the California Rules of Court. If the case is complex, mark the factors requiring exceptional judicial management:
   a. [ ] Large number of separately represented parties
   b. [ ] Extensive motion practice raising difficult or novel issues that will be time-consuming to resolve
   c. [ ] Substantial amount of documentary evidence
   d. [ ] Large number of witnesses
   e. [ ] Coordination with related actions pending in one or more courts in other counties, states, or countries, or in a federal court
   f. [ ] Substantial postjudgment judicial supervision

3. Remedies sought *(check all that apply)*: a. [x] monetary b. [ ] nonmonetary; declaratory or injunctive relief c. [ ] punitive

4. Number of causes of action *(specify):* FIVE (5)

5. This case [ ] is [x] is not    a class action suit.

6. If there are any known related cases, file and serve a notice of related case. *(You may use form CM-015.)*

Date: June 28, 2012

John C. Carpenter, Esq. (SBN 1555610)
(TYPE OR PRINT NAME)                            (SIGNATURE OF PARTY OR ATTORNEY FOR PARTY)

**NOTICE**
- Plaintiff must file this cover sheet with the first paper filed in the action or proceeding (except small claims cases or cases filed under the Probate Code, Family Code, or Welfare and Institutions Code). (Cal. Rules of Court, rule 3.220.) Failure to file may result in sanctions.
- File this cover sheet in addition to any cover sheet required by local court rule.
- If this case is complex under rule 3.400 et seq. of the California Rules of Court, you must serve a copy of this cover sheet on all other parties to the action or proceeding.
- Unless this is a collections case under rule 3.740 or a complex case, this cover sheet will be used for statistical purposes only.

Page 1 of 2

Form Adopted for Mandatory Use
Judicial Council of California
CM-010 [Rev. July 1, 2007]

**CIVIL CASE COVER SHEET**

Legal Solutions Plus

Cal. Rules of Court, rules 2.30, 3.220, 3.400-3.403, 3.740;
Cal. Standards of Judicial Administration, std. 3.10


EXHIBIT B PAGE 68

| SHORT TITLE: TAYLOR v. WHIRLPOOL CORPORATION, et al. | CASE NUMBER |
|---|---|

## CIVIL CASE COVER SHEET ADDENDUM AND
### STATEMENT OF LOCATION
### (CERTIFICATE OF GROUNDS FOR ASSIGNMENT TO COURTHOUSE LOCATION)

This form is required pursuant to Local Rule 2.0 in all new civil case filings in the Los Angeles Superior Court.

Item I.  Check the types of hearing and fill in the estimated length of hearing expected for this case:

JURY TRIAL?  [X]  YES  CLASS ACTION?  [ ]  YES  LIMITED CASE?  [ ]  YES  TIME ESTIMATED FOR TRIAL 5-7  [ ] HOURS/ [X] DAYS

Item II. Indicate the correct district and courthouse location (4 steps – If you checked "Limited Case", skip to Item III, Pg. 4):

**Step 1:** After first completing the Civil Case Cover Sheet form, find the main Civil Case Cover Sheet heading for your case in the left margin below, and, to the right in Column A , the Civil Case Cover Sheet case type you selected.

**Step 2:** Check one Superior Court type of action in Column B below which best describes the nature of this case.

**Step 3:** In Column C, circle the reason for the court location choice that applies to the type of action you have checked.  For any exception to the court location, see Local Rule 2.0.

### Applicable Reasons for Choosing Courthouse Location (see Column C below)

1. Class actions must be filed in the Stanley Mosk Courthouse, central district.
2. May be filed in central (other county, or no bodily injury/property damage).
3. Location where cause of action arose.
4. Location where bodily injury, death or damage occurred.
5. Location where performance required or defendant resides.
6. Location of property or permanently garaged vehicle.
7. Location where petitioner resides.
8. Location wherein defendant/respondent functions wholly.
9. Location where one or more of the parties reside.
10. Location of Labor Commissioner Office

**Step 4:** Fill in the information requested on page 4 in Item III; complete Item IV.  Sign the declaration.

| | A<br>Civil Case Cover Sheet<br>Category No. | B<br>Type of Action<br>(Check only one) | C<br>Applicable Reasons -<br>See Step 3 Above |
|---|---|---|---|
| Auto Tort | Auto (22) | [ ] A7100  Motor Vehicle - Personal Injury/Property Damage/Wrongful Death | 1., 2., 4. |
| | Uninsured Motorist (46) | [ ] A7110  Personal Injury/Property Damage/Wrongful Death – Uninsured Motorist | 1., 2., 4. |
| Other Personal Injury/ Property Damage/ Wrongful Death Tort | Asbestos (04) | [ ] A6070  Asbestos Property Damage<br>[ ] A7221  Asbestos - Personal Injury/Wrongful Death | 2.<br>2. |
| | Product Liability (24) | [ ] A7260  Product Liability (not asbestos or toxic/environmental) | 1., 2., 3., 4., 8. |
| | Medical Malpractice (45) | [ ] A7210  Medical Malpractice - Physicians & Surgeons<br>[ ] A7240  Other Professional Health Care Malpractice | 1., 4.<br>1., 4. |
| | Other<br>Personal Injury<br>Property Damage<br>Wrongful Death<br>(23) | [ ] A7250  Premises Liability (e.g., slip and fall)<br>[ ] A7230  Intentional Bodily Injury/Property Damage/Wrongful Death (e.g., assault, vandalism, etc.)<br>[ ] A7270  Intentional Infliction of Emotional Distress<br>[X] A7220  Other Personal Injury/Property Damage/Wrongful Death | 1 , 4.<br>1., 4.<br>1., 3.<br>1 (4.) |

**CIVIL CASE COVER SHEET ADDENDUM AND STATEMENT OF LOCATION**

EXHIBIT *B* PAGE *69*

| SHORT TITLE: | TAYLOR v. WHIRLPOOL CORPORATION, et al. | CASE NUMBER |
|---|---|---|

| | A<br>Civil Case Cover Sheet<br>Category No. | B<br>Type of Action<br>(Check only one) | C<br>Applicable Reasons -<br>See Step 3 Above |
|---|---|---|---|
| **Non-Personal Injury/Property Damage/Wrongful Death Tort** | Business Tort (07) | ☐ A6029 Other Commercial/Business Tort (not fraud/breach of contract) | 1., 3. |
| | Civil Rights (08) | ☐ A6005 Civil Rights/Discrimination | 1., 2., 3. |
| | Defamation (13) | ☐ A6010 Defamation (slander/libel) | 1., 2., 3. |
| | Fraud (16) | ☐ A6013 Fraud (no contract) | 1., 2., 3. |
| | Professional Negligence (25) | ☐ A6017 Legal Malpractice<br>☐ A6050 Other Professional Malpractice (not medical or legal) | 1., 2., 3.<br>1., 2., 3. |
| | Other (35) | ☐ A6025 Other Non-Personal Injury/Property Damage tort | 2., 3. |
| **Employment** | Wrongful Termination (36) | ☐ A6037 Wrongful Termination | 1., 2., 3 |
| | Other Employment (15) | ☐ A6024 Other Employment Complaint Case<br>☐ A6109 Labor Commissioner Appeals | 1., 2., 3.<br>10. |
| **Contract** | Breach of Contract/ Warranty (06)<br>(not insurance) | ☐ A6004 Breach of Rental/Lease Contract (not unlawful detainer or wrongful eviction)<br>☐ A6008 Contract/Warranty Breach -Seller Plaintiff (no fraud/negligence)<br>☐ A6019 Negligent Breach of Contract/Warranty (no fraud)<br>☐ A6028 Other Breach of Contract/Warranty (not fraud or negligence) | 2., 5.<br>2., 5<br>1., 2., 5.<br>1., 2., 5. |
| | Collections (09) | ☐ A6002 Collections Case-Seller Plaintiff<br>☐ A6012 Other Promissory Note/Collections Case | 2., 5., 6.<br>2., 5. |
| | Insurance Coverage (18) | ☐ A6015 Insurance Coverage (not complex) | 1., 2., 5., 8. |
| | Other Contract (37) | ☐ A6009 Contractual Fraud<br>☐ A6031 Tortious Interference<br>☐ A6027 Other Contract Dispute(not breach/insurance/fraud/negligence) | 1., 2., 3., 5<br>1., 2., 3., 5.<br>1., 2., 3., 8. |
| **Real Property** | Eminent Domain/Inverse Condemnation (14) | ☐ A7300 Eminent Domain/Condemnation     Number of parcels _____ | 2. |
| | Wrongful Eviction (33) | ☐ A6023 Wrongful Eviction Case | 2., 6. |
| | Other Real Property (26) | ☐ A6018 Mortgage Foreclosure<br>☐ A6032 Quiet Title<br>☐ A6060 Other Real Property (not eminent domain, landlord/tenant, foreclosure) | 2., 6.<br>2., 6.<br>2., 6. |
| **Unlawful Detainer** | Unlawful Detainer-Commercial (31) | ☐ A6021 Unlawful Detainer-Commercial (not drugs or wrongful eviction) | 2., 6. |
| | Unlawful Detainer-Residential (32) | ☐ A6020 Unlawful Detainer-Residential (not drugs or wrongful eviction) | 2., 6. |
| | Unlawful Detainer-Post-Foreclosure (34) | ☐ A6020F Unlawful Detainer-Post-Foreclosure | 2., 6. |
| | Unlawful Detainer-Drugs (38) | ☐ A6022 Unlawful Detainer-Drugs | 2., 6. |

**CIVIL CASE COVER SHEET ADDENDUM<br>AND STATEMENT OF LOCATION**



EXHIBIT B PAGE 70

| SHORT TITLE: TAYLOR v. WHIRLPOOL CORPORATION, et al. | CASE NUMBER |
| --- | --- |

| | A<br>Civil Case Cover Sheet<br>Category No. | B<br>Type of Action<br>(Check only one) | C<br>Applicable Reasons -<br>See Step 3 Above |
| --- | --- | --- | --- |
| **Judicial Review** | Asset Forfeiture (05) | ☐ A6108  Asset Forfeiture Case | 2., 6. |
| | Petition re Arbitration (11) | ☐ A6115  Petition to Compel/Confirm/Vacate Arbitration | 2., 5. |
| | Writ of Mandate (02) | ☐ A6151  Writ - Administrative Mandamus | 2., 8. |
| | | ☐ A6152  Writ - Mandamus on Limited Court Case Matter | 2. |
| | | ☐ A6153  Writ - Other Limited Court Case Review | 2. |
| | Other Judicial Review (39) | ☐ A6150  Other Writ /Judicial Review | 2., 8. |
| **Provisionally Complex Litigation** | Antitrust/Trade Regulation (03) | ☐ A6003  Antitrust/Trade Regulation | 1., 2., 8. |
| | Construction Defect (10) | ☐ A6007  Construction Defect | 1., 2., 3. |
| | Claims Involving Mass Tort (40) | ☐ A6006  Claims Involving Mass Tort | 1., 2., 8. |
| | Securities Litigation (28) | ☐ A6035  Securities Litigation Case | 1., 2., 8. |
| | Toxic Tort Environmental (30) | ☐ A6036  Toxic Tort/Environmental | 1., 2., 3., 8. |
| | Insurance Coverage Claims from Complex Case (41) | ☐ A6014  Insurance Coverage/Subrogation (complex case only) | 1., 2., 5., 8. |
| **Enforcement of Judgment** | Enforcement of Judgment (20) | ☐ A6141  Sister State Judgment | 2., 9. |
| | | ☐ A6160  Abstract of Judgment | 2., 6. |
| | | ☐ A6107  Confession of Judgment (non-domestic relations) | 2., 9. |
| | | ☐ A6140  Administrative Agency Award (not unpaid taxes) | 2., 8. |
| | | ☐ A6114  Petition/Certificate for Entry of Judgment on Unpaid Tax | 2., 8. |
| | | ☐ A6112  Other Enforcement of Judgment Case | 2., 8., 9. |
| **Miscellaneous Civil Complaints** | RICO (27) | ☐ A6033  Racketeering (RICO) Case | 1., 2., 8. |
| | Other Complaints (Not Specified Above) (42) | ☐ A6030  Declaratory Relief Only | 1., 2., 8. |
| | | ☐ A6040  Injunctive Relief Only (not domestic/harassment) | 2., 8. |
| | | ☐ A6011  Other Commercial Complaint Case (non-tort/non-complex) | 1., 2., 8. |
| | | ☐ A6000  Other Civil Complaint (non-tort/non-complex) | 1., 2., 8. |
| **Miscellaneous Civil Petitions** | Partnership Corporation Governance (21) | ☐ A6113  Partnership and Corporate Governance Case | 2., 8. |
| | Other Petitions (Not Specified Above) (43) | ☐ A6121  Civil Harassment | 2., 3., 9 |
| | | ☐ A6123  Workplace Harassment | 2., 3., 9. |
| | | ☐ A6124  Elder/Dependent Adult Abuse Case | 2., 3., 9. |
| | | ☐ A6190  Election Contest | 2. |
| | | ☐ A6110  Petition for Change of Name | 2., 7. |
| | | ☐ A6170  Petition for Relief from Late Claim Law | 2., 3., 4., 8. |
| | | ☐ A6100  Other Civil Petition | 2., 9. |

**CIVIL CASE COVER SHEET ADDENDUM<br>AND STATEMENT OF LOCATION**

EXHIBIT B  PAGE 71

| SHORT TITLE: TAYLOR v. WHIRLPOOL CORPORATION, et al. | CASE NUMBER |
|---|---|

Item III. Statement of Location: Enter the address of the accident, party's residence or place of business, performance, or other circumstance indicated in Item II., **Step 3** on Page 1, as the proper reason for filing in the court location you selected.

| REASON: Check the appropriate boxes for the numbers shown under Column C for the type of action that you have selected for this case.<br><br>☐1. ☐2. ☐3. ☒4. ☐5. ☐6. ☐7. ☐8. ☐9. ☐10. | ADDRESS: 1690 BRAEBURN RD. |
|---|---|

| CITY: ALTADENA. | STATE: CA | ZIP CODE: 91001 |
|---|---|---|

Item IV. *Declaration of Assignment:* I declare under penalty of perjury under the laws of the State of California that the foregoing is true and correct and that the above-entitled matter is properly filed for assignment to the PASADENA _____ courthouse in the NORTHEAST _____ District of the Superior Court of California, County of Los Angeles [Code Civ. Proc., § 392 et seq., and Local Rule 2.0, subds. (b), (c) and (d)].

Dated: June 28, 2012 _____

_____
(SIGNATURE OF ATTORNEY/FILING PARTY)
John C. Carpenter, Esq.

PLEASE HAVE THE FOLLOWING ITEMS COMPLETED AND READY TO BE FILED IN ORDER TO PROPERLY COMMENCE YOUR NEW COURT CASE:

1. Original Complaint or Petition.

2. If filing a Complaint, a completed Summons form for issuance by the Clerk.

3. Civil Case Cover Sheet, Judicial Council form CM-010.

4. Civil Case Cover Sheet Addendum and Statement of Location form, LACIV 109, LASC Approved 03-04 (Rev. 03/11).

5. Payment in full of the filing fee, unless fees have been waived.

6. A signed order appointing the Guardian ad Litem, Judicial Council form CIV-010, if the plaintiff or petitioner is a minor under 18 years of age will be required by Court in order to issue a summons.

7. Additional copies of documents to be conformed by the Clerk. Copies of the cover sheet and this addendum must be served along with the summons and complaint, or other initiating pleading in the case.

EXHIBIT B  PAGE 72

1   John C. Carpenter – State Bar No. 155610
    Mark Larson - State Bar No. 282283
2   **CARPENTER, ZUCKERMAN & ROWLEY, LLP**
    8827 W. Olympic Boulevard
3   Beverly Hills, California 90211
    Tel.: (310) 273-1230 / Fax: (310) 858-1063
4
    Attorneys for Plaintiff,
5   Laura Taylor

6

7

8                    SUPERIOR COURT OF THE STATE OF CALIFORNIA
9
                    FOR THE COUNTY OF LOS ANGELES – NORTHEAST DISTRICT
10

11

12  LAURA TAYLOR,                          **Case No.: GC 049727**

13                         Plaintiff,       NOTICE OF CASE MANAGEMENT
                                            CONFERENCE
14  vs.

15  WHIRLPOOL CORPORATION, a business
    entity of unknown form; MAYTAG
16  CORPORATION, a business entity of unknown
    form; MAYTAG SALES, INC., a business
17  entity of unknown form; BEST BUY CO., INC.,
    a business entity of unknown form; BEST BUY,
18  a business entity of unknown form; and DOES 1
    through 100, inclusive,
19
                         Defendants.
20

21

22

23          TO DEFENDANTS AND TO THEIR ATTORNEYS OF RECORD:

24          PLEASE TAKE NOTICE of the Case Management Conference scheduled for December 20,

25  2012, at 8:30 am. in Department NCBB of the Los Angeles Superior Court located at 300 East Olive,

26  Burbank, CA 91502.

27          Pursuant to California Rules of Court, rules 3.720-3.730, a completed Case Management

28  Statement (Judicial C0.ouncil form CM-110) must be filed **at least 15 calendar days** prior to the Case

                                            -1-

                    **NOTICE OF CASE MANAGEMENT CONFERENCE**

                                            EXHIBIT _B_ PAGE _73_

1 | Management Conference.

2

3 | DATED: October 9, 2012                CARPENTER ZUCKERMAN & ROWLEY, LLP

4

5 | Mark Larson

6 | Attorneys for Plaintiff

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

-2-

NOTICE OF CASE MANAGEMENT CONFERENCE

CIV-050

**- DO NOT FILE WITH THE COURT -**
**- UNLESS YOU ARE APPLYING FOR A DEFAULT JUDGMENT UNDER CODE OF CIVIL PROCEDURE § 585 -**

| ATTORNEY OR PARTY WITHOUT ATTORNEY (Name and Address): | TELEPHONE NO.: 310.273.1230 | FOR COURT USE ONLY |
|---|---|---|
| John Carpenter, Esq. (SBN 155610)<br>Mark Larson, Esq. (282823)<br>CARPENTER, ZUCKERMAN & ROWLEY,LLP<br>8827 West Olympic Blvd.<br>Beverly Hills, CA 90211 | | |

ATTORNEY FOR (name): Plaintiff Laura Taylor

SUPERIOR COURT OF CALIFORNIA, COUNTY OF   Los Angeles
STREET ADDRESS: 8827 West Olympic Blvd
MAILING ADDRESS: -Same-
CITY AND ZIP CODE: Beverly Hills, 90211
BRANCH NAME: Northeast District

PLAINTIFF: Laura Taylor
DEFENDANT: Whirpool Corporation, a business entit

| STATEMENT OF DAMAGES<br>(Personal Injury or Wrongful Death) | CASE NUMBER: GC 049727 |
|---|---|

To (name of one defendant only):   Whirpool Corporation, a business entity of unknown form
Plaintiff (name of one plaintiff only):   Laura Taylor
seeks damages in the above-entitled action, as follows:

AMOUNT

1. General damages
   a. [x] Pain, suffering, and inconvenience . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . $ 1,000,000
   b. [ ] Emotional distress . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . $ _____
   c. [ ] Loss of consortium . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . $ _____
   d. [ ] Loss of society and companionship (wrongful death actions only) . . . . . . . . . . . . . . . . . . . . $ _____
   e. [x] Other (specify) INTEREST AS PERMITTED BY LAW . . . . . . . . . . . . . . . . . . . . . . . . . $ UNDETERMINED
   f. [ ] Other (specify) . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . $ _____
   g. [ ] Continued on Attachment 1.g.

2. Special damages
   a. [x] Medical expenses (to date) . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . $ 3,780
   b. [x] Future medical expenses (present value) . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . $ 100,000
   c. [x] Loss of earnings (to date) . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . $ 100,000
   d. [x] Loss of future earning capacity (present value) . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . $ 100,000
   e. [ ] Property damage . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . $ _____
   f. [ ] Funeral expenses (wrongful death actions only) . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . $ _____
   g. [ ] Future contributions (present value) (wrongful death actions only) . . . . . . . . . . . . . . . . . . . $ _____
   h. [ ] Value of personal service, advice, or training (wrongful death actions only) . . . . . . . . . . . . . . $ _____
   i. [ ] Other (specify) . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . $ _____
   j. [ ] Other (specify) . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . $ _____
   k. [ ] Continued on Attachment 2.k.

3. [x] Punitive damages: Plaintiff reserves the right to seek punitive damages in the amount of (specify) . $ 5,000
   when pursuing a judgment in the suit filed against you.

Date: October 9, 2012

Mark Larson, Esq.
(TYPE OR PRINT NAME)                    (SIGNATURE OF PLAINTIFF OR ATTORNEY FOR PLAINTIFF)

▶

(Proof of service on reverse)                                              Page 1 of 2

**STATEMENT OF DAMAGES**
(Personal Injury or Wrongful Death)

Legal Solutions Plus

Code of Civil Procedure, §§ 425.11, 425.115

EXHIBIT B PAGE 75

# LOS ANGELES COUNTY
# DISPUTE RESOLUTION PROGRAMS ACT (DRPA) CONTRACTORS

The following organizations provide mediation services under contract with the Los Angeles County Department of Community & Senior Services. Services are provided to parties in any civil case filed in the Los Angeles County Superior Court. Services are not provided under this program to family, probate, traffic, criminal, appellate, mental health, unlawful detainer/eviction or juvenile court cases:

**Asian-Pacific American Dispute Resolution Center**
(213) 250-8190
(Spanish & Asian languages capability)

**California Academy of Mediation Professionals**
(818) 377-7250

**Center for Conflict Resolution**
(818) 380-1840

**Inland Valleys Justice Center**
(909) 397-5780
(Spanish language capability)

**Office of the Los Angeles City Attorney Dispute Resolution Program**
(213) 485-8324
(Spanish language capability)

**Los Angeles County Bar Association Dispute Resolution Services**
toll free number 1-877-4Resolve (737-6583) or (213) 896-6533
(Spanish language capability)

**Los Angeles County Department of Consumer Affairs**
(213) 974-0825
(Spanish language capability)

**The Loyola Law School Center for Conflict Resolution**
(213) 736-1145
(Spanish language capability)

**Martin Luther King Legacy Association Dispute Resolution Center**
(323) 290-4132
(Spanish language capability)

**City of Norwalk**
(562) 929-5603

DRPA Contractors do not provide legal advice or assistance, including help with responding to summonses. Accessing these services does not negate any responsibility you have to respond to a summons or appear at any set court date. See the reverse side of this sheet for information on the mediation process and obtaining legal advice.

## THIS IS A TWO-SIDED DOCUMENT.

R 007 07-04
C Approved

EXHIBIT B PAGE 76

**What is the goal of mediation?**

The goal is to assist the parties in reaching a mutually acceptable agreement or understanding on some or all of the issues. The parties jointly become the primary decision-maker in how to resolve the issues as opposed to the traditional judge and/or jury system.

**Do I need an attorney for this?**

While it is recommended to have an attorney and/or receive legal advice before the mediation starts, you are not required to have representation. If you do have an attorney, they may participate in the mediation with you.

**How long does it take?**

Face-to-face mediations generally last one to three hours. Telephone conciliations, in which the parties do not meet face to face, vary from a few days to several weeks. Much depends on the number of parties involved and the complexities of the issues. When the mediation takes place depends on parties scheduling availability.

| A Mediator helps parties... | A Mediator does not... |
|---|---|
| ◦ Have productive discussions | ◦ Provide advice or opinions |
| ◦ Avoid or break impasses | ◦ Offer legal information |
| ◦ Defuse controversy | ◦ Make decisions for parties |
| ◦ Generate options that have potential for mutual gain | ◦ Represent or advocate for either side |
| ◦ Better understand each other's concerns and goals | ◦ Judge or evaluate anyone or anything |
| ◦ Focus on their interests rather than their positions | ◦ Conduct research |
| | ◦ Take sides |

**What does it cost?**

The first three hours of any mediation are free. Thereafter, charges are based on income or revenue. All fees are waived for low-income individuals.

**Legal Advice/Information**

◦ If you want to retain an attorney, a list of state certified referral services is at courtinfo.ca.gov which also has an on-line self help legal center.

Self-Help Legal Access Centers are at the Inglewood, Palmdale, Pomona, and Van Nuys courthouses. nls-la.org and lafla.org

Court Personnel can answer non-legal questions (forms, fees, fee waivers). lasuperiorcourt.org

**What is the difference between the contractors listed and the Superior Court ADR Office?**

The services offered by the contractors listed may be accessed immediately. Those offered by the Superior Court ADR Office, also a DRPA contractor, may not be accessed by parties until a court appearance, or at the directive of the judge assigned to the case.

Low-income individuals may qualify for help from non-profit legal organizations. Court Personnel and DRPA contractors have such listings.

**Dispute Resolution Programs Act (DRPA) Grants Administration Office**
(213) 738-2621
(The DRP Office is not a Superior Court Office. Consult your phone directory to locate the number of the Court Office on your summons.)

**THIS IS A TWO-SIDED DOCUMENT.**

ADR 007 07-04
LASC Approved

EXHIBIT B PAGE 77

SUPERIOR COURT OF CALIFORNIA, COUNTY OF LOS ANGELES
ALTERNATIVE DISPUTE RESOLUTION (ADR) INFORMATION PACKAGE
[CRC 3.221 Information about Alternative Dispute Resolution]
For additional ADR information and forms visit the Court ADR web application at www.lasuperiorcourt.org (click on ADR).

The plaintiff shall serve a copy of this Information Package on each defendant along with the complaint (Civil only).

**What is ADR:**
Alternative Dispute Resolution (ADR) is the term used to describe all the other options available for settling a dispute which once had to be settled in court. ADR processes, such as arbitration, mediation, neutral evaluation (NE), and settlement conferences, are less formal than a court process and provide opportunities for parties to reach an agreement using a problem-solving approach.

There are many different kinds of ADR. All of them utilize a "neutral", an impartial person, to decide the case or help the parties reach an agreement.

**Mediation:**
In mediation, a neutral person called a "mediator" helps the parties try to reach a mutually acceptable resolution of the dispute. The mediator does not decide the dispute but helps the parties communicate so they can try to settle the dispute themselves. Mediation leaves control of the outcome with the parties.

Cases for Which Mediation May Be Appropriate
Mediation may be particularly useful when parties have a dispute between or among family members, neighbors, or business partners. Mediation is also effective when emotions are getting in the way of resolution. An effective mediator can hear the parties out and help them communicate with each other in an effective and nondestructive manner.

Cases for Which Mediation May Not Be Appropriate
Mediation may not be effective if one of the parties is unwilling to cooperate or compromise. Mediation also may not be effective if one of the parties has a significant advantage in power over the other. Therefore, it may not be a good choice if the parties have a history of abuse or victimization.

**Arbitration:**
In arbitration, a neutral person called an "arbitrator" hears arguments and evidence from each side and then decides the outcome of the dispute. Arbitration is less formal than a trial, and the rules of evidence are often relaxed. Arbitration may be either "binding" or nonbinding. Binding arbitration means that the parties waive their right to a trial and agree to accept the arbitrator's decision as final. Nonbinding arbitration means that the parties are free to request a trial if they do not accept the arbitrator's decision.

Cases for Which Arbitration May Be Appropriate
Arbitration is best for cases where the parties want another person to decide the outcome of their dispute for them but would like to avoid the formality, time, and expense of a trial. It may also be appropriate for complex matters where the parties want a decision-maker who has training or experience in the subject matter of the dispute.

Cases for Which Arbitration May Not Be Appropriate
If parties want to retain control over how their dispute is resolved, arbitration, particularly binding arbitration, is not appropriate. In binding arbitration, the parties generally cannot appeal the arbitrator's award, even if it is not supported by the evidence or the law. Even in nonbinding arbitration, if a party requests a trial and does not receive a more favorable result at trial than in arbitration, there may be penalties.

**Neutral Evaluation:**
In neutral evaluation, each party gets a chance to present the case to a neutral person called an "evaluator." The evaluator then gives an opinion on the strengths and weaknesses of each party's evidence and arguments and about how the dispute could be resolved. The evaluator is often an expert in the subject matter of the dispute. Although the evaluator's opinion is not binding, the parties typically use it as a basis for trying to negotiate a resolution of the dispute.

Cases for Which Neutral Evaluation May Be Appropriate
Neutral evaluation may be most appropriate in cases in which there are technical issues that require special expertise to resolve or the only significant issue in the case is the amount of damages.

Cases for Which Neutral Evaluation May Not Be Appropriate
Neutral evaluation may not be appropriate when there are significant personal or emotional barriers to resolving the dispute.

**Settlement Conferences:**
Settlement conferences may be either mandatory or voluntary. In both types of settlement conferences, the parties and their attorneys meet with a judge or a neutral person called a "settlement officer" to discuss possible settlement of their dispute. The judge or settlement officer does not make a decision in the case but assists the parties in evaluating the strengths and weaknesses of the case and in negotiating a settlement. Settlement conferences are appropriate in any case where settlement is an option. Mandatory settlement conferences are often held close to the date a case is set for trial.

DR 005 (05-09)
C Approved

EXHIBIT _B_ PAGE _78_

## LOS ANGELES SUPERIOR COURT ADR PROGRAMS

**CIVIL:**

- Civil Action Mediation (Governed by Code of Civil Procedure (CCP) sections 1775-1775.15, California Rules of Court, rules 3.850-3.868 and 3.870-3.878, Evidence Code sections 1115-1128, and Los Angeles Superior Court Rules, chapter 12.)
- Retired Judge Settlement Conference
- Neutral Evaluation (Governed by Los Angeles Superior Court Rules, chapter 12.)
- Judicial Arbitration (Governed by Code of Civil Procedure sections 1141.10-1141.31, California Rules of Court, rules 3.810-3.830, and Los Angeles Superior Court Rules, chapter 12.)
- Eminent Domain Mediation (Governed by Code of Civil Procedure section 1250.420.)
- Civil Harassment Mediation
- Small Claims Mediation

**FAMILY LAW (non-custody):**

- Mediation
- Forensic Certified Public Accountant (CPA) Settlement Conference
- Settlement Conference
- Nonbinding Arbitration (Governed by Family Code section 2554.)

**PROBATE:**

- Mediation
- Settlement Conference

### NEUTRAL SELECTION

Parties may select a mediator, neutral evaluator, or arbitrator from the Court Party Select Panel or may hire someone privately, at their discretion. If the parties utilize the Random Select Mediation or Arbitration Panel, the parties will be assigned on a random basis the name of one neutral who meets the case criteria entered on the court's website.

### COURT ADR PANELS

| | |
|---|---|
| Party Select Panel | The Party Select Panel consists of mediators, neutral evaluators, and arbitrators who have achieved a specified level of experience in court-connected cases. The parties (collectively) may be charged $150.00 per hour for the first three hours of hearing time. Thereafter, the parties may be charged for additional hearing time on an hourly basis at rates established by the neutral if the parties consent in writing. |
| Random Select Panel | The Random Select Panel consists of trained mediators, neutral evaluators, and arbitrators who have not yet gained the experience to qualify for the Party Select Panel, as well as experienced neutrals who make themselves available pro bono as a way of supporting the judicial system. It is the policy of the Court that all Random Select panel volunteer mediators, neutral evaluators, and arbitrators provide three hours hearing time per case. Thereafter, the parties may be charged for additional hearing time on an hourly basis at rates established by the neutral if the parties consent in writing. |
| Private Neutral | The market rate for private neutrals can range from $300-$1,000 per hour. |

### ADR ASSISTANCE

For assistance regarding ADR, please contact the ADR clerk at the courthouse in which your case was filed.

| COURTHOUSE | ADDRESS | ROOM | CITY | PHONE | FAX |
|---|---|---|---|---|---|
| Antonovich | 42011 4th St. West | None | Lancaster, CA 93534 | (661)974-7275 | (661)974-7050 |
| Chatsworth | 9425 Penfield Ave. | 1200 | Chatsworth, CA 91311 | (818)576-8565 | (818)576-8687 |
| Compton | 200 W. Compton Blvd. | 1002 | Compton, CA 90220 | (310)603-3072 | (310)223-0337 |
| Glendale | 600 E. Broadway | 273 | Glendale, CA 91206 | (818)500-3160 | (818)548-5470 |
| Long Beach | 415 W. Ocean Blvd. | 316 | Long Beach, CA 90802 | (562)491-6272 | (562)437-3802 |
| Norwalk | 12720 Norwalk Blvd. | 308 | Norwalk, CA 90650 | (562)807-7243 | (562)462-9019 |
| Pasadena | 300 E. Walnut St. | 109 | Pasadena, CA 91101 | (626)356-5685 | (626)666-1774 |
| Pomona | 400 Civic Center Plaza | 106 | Pomona, CA 91766 | (909)620-3183 | (909)629-6283 |
| San Pedro | 505 S. Centre | 209 | San Pedro, CA 90731 | (310)519-6151 | (310)514-0314 |
| Santa Monica | 1725 Main St | 203 | Santa Monica, CA 90401 | (310)260-1829 | (310)319-6130 |
| Stanley Mosk | 111 N Hill St | 113 | Los Angeles, CA 90012 | (213)974-5425 | (213)633-5115 |
| Torrance | 825 Maple Ave. | 100 | Torrance, CA 90503 | (310)222-1701 | (310)782-7326 |
| Van Nuys | 6230 Sylmar Ave. | 418 | Van Nuys, CA 91401 | (818)374-2337 | (818)902-2440 |

Partially Funded by the Los Angeles County Dispute Resolution Program

A complete list of the County Dispute Resolution Programs is available online and upon request in the Clerk's Office.

EXHIBIT B PAGE 79

, ADDRESS, AND TELEPHONE NUMBER OF ATTORNEY OR PARTY WITHOUT ATTORNEY:        STATE BAR NUMBER        Reserved for Clerk's File Stamp

JRNEY FOR (Name):

PERIOR COURT OF CALIFORNIA, COUNTY OF LOS ANGELES

RTHOUSE ADDRESS:

ITIFF:

NDANT:

### STIPULATION TO PARTICIPATE IN
### ALTERNATIVE DISPUTE RESOLUTION (ADR)

CASE NUMBER:

undersigned parties stipulate to participate in an Alternative Dispute Resolution (ADR) process in the above-entitled on, as follows:

☐ Mediation

☐ Non-Binding Arbitration

☐ Binding Arbitration

☐ Early Neutral Evaluation

☐ Settlement Conference

☐ Other ADR Process (describe): _____

d: _____

| of Stipulating Party | Name of Party or Attorney Executing Stipulation | Signature of Party or Attorney |
| ☐intiff ☐ Defendant ☐ Cross-defendant | | |

| of Stipulating Party | Name of Party or Attorney Executing Stipulation | Signature of Party or Attorney |
| ☐intiff ☐ Defendant ☐ Cross-defendant | | |

| of Stipulating Party | Name of Party or Attorney Executing Stipulation | Signature of Party or Attorney |
| ☐ntiff ☐ Defendant ☐ Cross-defendant | | |

| I Stipulating Party | Name of Party or Attorney Executing Stipulation | Signature of Party or Attorney |
| ☐tiff ☐ Defendant ☐ Cross-defendant | | |

☐ Additional signature(s) on reverse

0-04
oved
)

### STIPULATION TO PARTICIPATE IN
### ALTERNATIVE DISPUTE RESOLUTION (ADR)

Cal. Rules of Court, rule 3.221
Page 1 of 2

EXHIBIT B PAGE 80

| Short Title | Case Number |
|---|---|
| | |

| Name of Stipulating Party | Name of Party or Attorney Executing Stipulation | Signature of Party or Attorney |
|---|---|---|
| ☐ Plaintiff ☐ Defendant ☐ Cross-defendant | | |
| Name of Stipulating Party | Name of Party or Attorney Executing Stipulation | Signature of Party or Attorney |
| ☐ Plaintiff ☑ Defendant ☐ Cross-defendant | | |
| Name of Stipulating Party | Name of Party or Attorney Executing Stipulation | Signature of Party or Attorney |
| ☐ Plaintiff ☐ Defendant ☐ Cross-defendant | | |
| Name of Stipulating Party | Name of Party or Attorney Executing Stipulation | Signature of Party or Attorney |
| ☐ Plaintiff ☐ Defendant ☐ Cross-defendant | | |
| Name of Stipulating Party | Name of Party or Attorney Executing Stipulation | Signature of Party or Attorney |
| ☐ Plaintiff ☐ Defendant ☐ Cross-defendant | | |
| Name of Stipulating Party | Name of Party or Attorney Executing Stipulation | Signature of Party or Attorney |
| ☐ Plaintiff ☐ Defendant ☐ Cross-defendant | | |
| Name of Stipulating Party | Name of Party or Attorney Executing Stipulation | Signature of Party or Attorney |
| ☐ Plaintiff ☐ Defendant ☐ Cross-defendant | | |
| Name of Stipulating Party | Name of Party or Attorney Executing Stipulation | Signature of Party or Attorney |
| ☐ Plaintiff ☐ Defendant ☐ Cross-defendant | | |
| Name of Stipulating Party | Name of Party or Attorney Executing Stipulation | Signature of Party or Attorney |
| ☐ Plaintiff ☐ Defendant ☐ Cross-defendant | | |
| Name of Stipulating Party | Name of Party or Attorney Executing Stipulation | Signature of Party or Attorney |
| ☐ Plaintiff ☐ Defendant ☐ Cross-defendant | | |

**STIPULATION TO PARTICIPATE IN
ALTERNATIVE DISPUTE RESOLUTION (ADR)**

Cal. Rules of Court, rule 3.221
Page 2 of 2

EXHIBIT _B_ PAGE _81_ 

COPY

ORIGINAL FILED
LOS ANGELES
SUPERIOR COURT
NOV -7 2012

1   LEVI W. HEATH (SBN 220854)
    Levi.Heath@btlaw.com
2   DEVIN STONE (SBN 260326)
    devin.stone@btlaw.com
3   BARNES & THORNBURG LLP
    2049 Century Park East, Suite 3550
4   Los Angeles, California 90067-3012
    Telephone: 310-284-3880
5   Facsimile: 310-284-3894

6   Attorneys for Defendants
    WHIRLPOOL CORPORATION
7   MAYTAG CORPORATION and MAYTAG SALES,
    INC.
8

9

10              SUPERIOR COURT OF THE STATE OF CALIFORNIA

11              COUNTY OF LOS ANGELES – NORTHEAST DISTRICT

12

13  LAURA TAYLOR,                          Case No. GC049727

14                  Plaintiff,             [Assigned to the Honorable C. Edward
                                           Simpson – Dept. R]
15       v.
                                           DEFENDANTS WHIRLPOOL
16  WHIRLPOOL CORPORATION a business       CORPORATION, MAYTAG
    entity unknown form; MAYTAG            CORPORATION, AND MAYTAG SALES,
17  CORPORATION, a business entity of      INC.'S ANSWER TO COMPLAINT
    unknown form; MAYTAG SALES, INC. a
18  business entity of unknown form; BEST
    BUY CO., INC., a business entity of
19  unknown form; BEST BUY, a business entity
    of unknown form; DOES 1 through 100
20  inclusive,                             Complaint Filed:    June 28, 2012

21                  Defendants.

22

23

24

25

26

27

28                                         EXHIBIT B PAGE 82

(FAXED)

1    Defendants Whirlpool Corporation, Maytag Corporation (previously a wholly owned

2    subsidiary of the Whirlpool Corporation that has since been dissolved), and Maytag Sales, Inc.

3    ("Defendants") hereby answer the unverified Complaint of Laura Taylor ("Plaintiff") as follows:

4

5                              **GENERAL DENIAL OF ALLEGATIONS**

6        Under the provisions of California Code of Civil Procedure section 431.30, Defendants deny

7    generally and specifically each and every allegation contained in the Complaint.

8

9                                **FIRST AFFIRMATIVE DEFENSE**

10                                 (Failure to State a Cause of Action)

11       The Complaint, and each purported claim therein, fails to state facts sufficient to constitute a

12   cause of action against Defendants.

13                               **SECOND AFFIRMATIVE DEFENSE**

14                                      (Comparative Fault)

15       If Plaintiff sustained any damages or losses, which Defendants deny, they were caused wholly

16   or in part by the acts, omissions, negligence, fraud, and/or breach of obligations of Plaintiff, which

17   conduct, acts and omissions were the sole proximate cause or an intervening or superseding cause of

18   any damages or losses. The Complaint, and each purported claim therein, is barred completely or must

19   be reduced in proportion to the fault attributable to Plaintiff.

20                                **THIRD AFFIRMATIVE DEFENSE**

21                                    (Negligence of Others)

22       If Plaintiff sustained any damages or losses, which Defendants deny, they were caused wholly

23   or in part by the acts, omissions, negligence, fraud, and/or breach of obligations of third parties or

24   entities, which conduct, acts and omissions were the sole proximate cause or an intervening or

25   superseding cause of any damages or losses. The Complaint, and each purported claim therein, is

26   barred completely or must be reduced in proportion to the fault attributable to such other third parties

27   or entities as are found culpable.

28

## FOURTH AFFIRMATIVE DEFENSE

### (Indemnity and Contribution from Others)

If any damages, judgment or other awards are recovered by Plaintiff against Defendants for damages, injuries or losses alleged in the Complaint, such damages, injuries or losses are directly and proximately contributed to and caused by other persons or entities, and Defendants are entitled to indemnity and contribution or both, from each of said other persons or entities in an amount in direct proportion to the culpable conduct of said other persons or entities.

## FIFTH AFFIRMATIVE DEFENSE

### (Assumption of Risk)

Without conceding that any act caused damage to Plaintiff or any other person in any respect, Plaintiff, with full appreciation of the risks involved, knowingly and voluntarily assumed the risks associated with the acts, events, and transactions about which Plaintiff now complains, including the risk of incurring the damages it now seeks to recover.

## SIXTH AFFIRMATIVE DEFENSE

### (Set Off)

Without conceding that any act caused damage to Plaintiff or any other person in any respect, any alleged obligations of Defendants to Plaintiff should be offset by any damages caused by Plaintiff.

## SEVENTH AFFIRMATIVE DEFENSE

### (Failure to Mitigate)

Plaintiff's failure to take reasonable steps to mitigate her alleged losses, all of which are specifically denied, bar Plaintiff's asserted damages claim in this action.

## EIGHTH AFFIRMATIVE DEFENSE

### (Waiver)

By the conduct and actions relating to each of the alleged causes of action stated in the Complaint, Plaintiff has waived all claims, if any, against Defendants.

## NINTH AFFIRMATIVE DEFENSE

### (Product Misuse)

2

1    Defendants allege on information and belief that Plaintiff's alleged damages, if any, may have

2    been caused by the misuse, abuse, or unintended or abnormal use of the products referred to in the

3    Complaint.

4    **TENTH AFFIRMATIVE DEFENSE**

5    (State of the Art)

6    Defendants allege that the design, manufacture, and marketing of the alleged products were in

7    conformity with the "state of the art" existing at the time of such design, manufacture, and marketing.

8    Furthermore, Defendants allege that liability (including, but not limited to, strict liability) may not be

9    imposed as to properly manufactured products distributed with information regarding the risks of

10   which the manufacturer knew at the time of manufacture, and liability may not be imposed for untold

11   risks not known at the time of such design, manufacture, and marketing of the product.  Therefore,

12   Plaintiff's claims are barred.

13   **ELEVENTH AFFIRMATIVE DEFENSE**

14   (Subsequent Damage)

15   If any dangerous or defective condition existed in the product manufactured by these answering

16   Defendants, which is denied, said condition was caused and created by damage, abuse, or changes

17   occurring after the time of manufacture and sale, and while the product was not in the custody and

18   control of Defendants.  Furthermore, Defendants allege based on information and belief such risks

19   were entirely unknown to these defendants, thus barring Plaintiff's recovery against Defendants.

20   **TWELFTH AFFIRMATIVE DEFENSE**

21   (Unforeseeable Consequences)

22   Defendants are informed and believe, and on that basis allege, that any injuries and damages

23   that Plaintiff has sustained, either as alleged in the Complaint or at all, were the result of an

24   unforeseeable, idiosyncratic reaction for which Defendants cannot be held liable.

25   **THIRTEENTH AFFIRMATIVE DEFENSE**

26   (Product Alteration)

27   Defendants are informed and believe, and on that basis allege, that after any alleged product

28

3

EXHIBIT _R_ PAGE 84

1  left the possession and control of Defendants, and without Defendants' knowledge or approval, the

2  alleged product was redesigned, modified, altered, incorporated into another product, or subjected to

3  treatment that substantially changed its character.  The alleged defect in any mixed or integrated

4  product, as alleged in the Complaint, resulted, if at all, from the redesign, modification, alteration,

5  treatment, mixture or other change of the product sold by Defendants after Defendants relinquished

6  possession and control over the product and not from any act or omission of Defendants.

### FOURTEENTH AFFIRMATIVE DEFENSE

(Preexisting Conditions)

Defendants are informed and believe, and on that basis allege, that Plaintiff's claims are barred to the extent they result from preexisting conditions, injuries, or diseases.

### FIFTEENTH AFFIRMATIVE DEFENSE

(Disclaimer of Implied Warranties)

Defendants are informed and believe, and on that basis allege, that Plaintiff's cause of action for breach of implied warranties is barred because Defendants disclaimed all implied warranties at the time of any alleged sale.

### SIXTEENTH AFFIRMATIVE DEFENSE

(California Civil Code)

Plaintiff's recovery is barred pursuant to California Civil Code sections 3512 *et seq.*

### RESERVATION OF RIGHTS

Defendants hereby give notice that they intend to rely upon such other and further affirmative defenses as may become available during discovery in this action and reserves the right to amend their Answer to assert any such defenses.

### PRAYER FOR RELIEF

WHEREFORE, Defendants pray for judgment as follows:

1.      That Plaintiff take nothing by way of her Complaint;

2.      That the Complaint be dismissed with prejudice;

ANSWER TO COMPLAINT

EXHIBIT *B* PAGE *86*

3.      That judgment enter in favor of Defendants awarding costs; and

4.      That the Court award such other and further relief as the court deems just and proper.

Dated: November 7, 2012                **BARNES & THORNBURG LLP**

By _____
                    Devin Stone
             Attorneys for Defendants
        WHIRLPOOL CORPORATION, MAYTAG
        CORPORATION, and MAYTAG SALES, INC.

5

ANSWER TO COMPLAINT

EXHIBIT _B_  PAGE 87

**PROOF OF SERVICE**

STATE OF CALIFORNIA, COUNTY OF LOS ANGELES

I am employed in the County of Los Angeles, State of California. I am over the age of 18 and not a party to the within action; my business address is: 2049 Century Park East, Suite 3550, Los Angeles, California 90067.

On November 7, 2012, I served the foregoing document(s) described as: **DEFENDANTS WHIRLPOOL CORPORATION, MAYTAG CORPORATION AND MAYTAG SALES INC.'S ANSWER TO COMPLAINT** on interested parties in this action by placing true copy(ies) thereof enclosed in a sealed envelope as follows:

John C. Carpenter, Esq.
**CARPENTER, ZUCKERMAN & ROWLEY, LLP**
8827 W. Olympic Boulevard
Beverly Hills, CA 90211
Telephone:      310-273-1230
Facsimile:       310-858-1063

☐ BY PERSONAL SERVICE  I delivered such envelope(s) by hand to the offices of the addressee(s).

☒ BY UNITED STATES MAIL  I enclosed the documents in a sealed envelope or package addressed to the respective address(es) of the party(ies) stated above and placed the envelope(s) for collection and mailing, following our ordinary business practices. I am readily familiar with the firm's practice of collection and processing correspondence for mailing. On the same day that correspondence is placed for collection and mailing, it is deposited in the ordinary course of business with the United States Postal Service, in a sealed envelope with postage fully prepaid at Los Angeles, California.

☐ BY OVERNIGHT DELIVERY  I enclosed the document(s) in an envelope or package provided by an overnight delivery carrier and addressed to the respective address(es) of the party(ies) stated above. I placed the envelope or package for collection and overnight delivery at an office or a regularly utilized drop box of the overnight delivery carrier.

☒ (STATE)  I declare under penalty of perjury under the laws of the State of California that the foregoing is true and correct.

Executed on November 7, 2012 at Los Angeles, California.

Andrea Augustine Johnson
Print Name

Signature

LADS01 89359v1

PROOF OF SERVICE

STATE OF CALIFORNIA, COUNTY OF LOS ANGELES

I am employed in the County of Los Angeles, State of California.  I am over the age of 18 and not a party to the within action; my business address is: 2049 Century Park East, Suite 3550, Los Angeles, CA 90067.

On November 8, 2012, I served the foregoing document(s) described as: **DECLARATION OF DEVIN STONE IN SUPPORT OF REMOVAL** on the interested party(ies) below, using the following means:

John C. Carpenter, Esq.
**CARPENTER, ZUCKERMAN & ROWLEY, LLP**
8827 W. Olympic Boulevard
Beverly Hills, CA  90211
Telephone:  310-273-1230
Facsimile:  310-858-1063

☒ BY UNITED STATES MAIL  I enclosed the documents in a sealed envelope or package addressed to the respective address(es) of the party(ies) stated above and placed the envelope(s) for collection and mailing, following our ordinary business practices.  I am readily familiar with the firm's practice of collection and processing correspondence for mailing.  On the same day that correspondence is placed for collection and mailing, it is deposited in the ordinary course of business with the United States Postal Service, in a sealed envelope with postage fully prepaid at Los Angeles, California.

☐ BY MESSENGER SERVICE  I served the documents by placing them in an envelope or package addressed to the respective address(es) of the party(ies) stated above and providing them to a professional messenger service for service.

☐ BY FAX  Based on an agreement of the parties to accept service by fax transmission, I faxed the documents to the respective fax number(s) of the party(ies) as stated above.  No error was reported by the fax machine that I used.  A copy of the record of the fax transmission(s), which I printed out, is attached.

☐ (STATE)  I declare under penalty of perjury under the laws of the State of California that the foregoing is true and correct.

☒ (FEDERAL)  I declare that I am employed in the office of a member of the bar of this court at whose direction the service was made.

Executed on November 8, 2012 at Los Angeles, California.

Andrea Augustine Johnson
Print Name

Signature

LADS01 89334v1

PROOF OF SERVICE
